UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
**MARIA ALEJANDRA CELIMEN SAVINO**          )
**and JULIO CESAR MEDEIROS NEVES,**         )
                                            )
**Petitioners-Plaintiffs,**                 )
                                            )   **20-cv-10617 WGY**
        v.                                  )
                                            )
**THOMAS HODGSON, et al.,**                 )
                                            )
        **Respondents-Defendants.**         )
_____)

## MOTION TO DISMISS NAMED PLAINTIFF AND OPPOSITION TO MOTION

Respondents-Defendants hereby move that Named Plaintiff Maria Alejandra Celimen Savino be dismissed from this class action.  As grounds herefor, Celimen Savino is presently litigating the same issued presented in the class action, i.e., her release from detention, in a prior-filed action, docket number 20-cv-10259-PBS.  On March 27, 2020, Celimen Savino filed a Motion for Reconsideration of the court's order dismissing her habeas petition in that parallel case.  The government's brief is due April 7, 2020.  Celimen Savino is claiming to be a member of the post-decision class established by Judge Saris in *Pereira Brito v. Barr*, No. 19-CV-11314-PBS, 2019 WL 6333093 (D. Mass. Nov. 27, 2019).[1]

Generally, simultaneous litigation of the same issue by the same parties in two different courts is disfavored.  *See, e.g., Elmendorf Grafica, Inc. v. D.S. Am. (E.), Inc.*, 48 F.3d 46, 50 (1st

---

[1] Judge Saris dismissed the habeas petition in 20-cv-10259 on Respondent's motion, based on Celimen Savino's lack of class membership.  This is because she has a final order of removal and is subject to mandatory detention under 8 U.S.C. § 1231.  The motion to reopen argues that because the removal order has been stayed by the First Circuit pending Celimen Savino's appeal, she is not subject to mandatory detention under § 1231.  The government's response is due April 7, 2020.

Cir. 1995). The reasons typically given are that it is inefficient, duplicative, and may lead to inconsistent results. That is the situation here.

Because the case before Judge Saris was the first filed case, Celimen Savino should be dismissed from this case and required to proceed in 10-cv-10259 PBS only.

In addition, the Defendants oppose Celimen Savino's motion to be re-categorized under the proposed five categories announced by the Court on April 2, 2020. First, Defendants have asked the Court to reconsider its provisional class or sub-class certification in a supplemental filing today. Second, although Celimen Savino may not have convictions, she does have an extensive record of criminal arrests and threats of domestic violence. This was presented in the Defendants' Opposition to the Motion for a Temporary Restraining Order, but is worth reviewing here. Petitioner has at least nine arraignments in Massachusetts since 2008 as a result of eleven arrests, including seven arrests for aggravated assault and multiple arrests for violating the restraining order initiated against her by her husband. She admitted that she has anger management and control issues during her bond hearing. This is not a person that can be expected to comply with any conditions of release, since she has repeatedly violated restraining orders.

These facts illustrate exactly why a rough categorization should not substitute for individualized detention determinations rather than class-wide relief. The purported class members each stand in a different posture and present different risks to the community, of infection and of flight and noncompliance with release conditions. In addition, members of the purported class differ in whether they are subject to mandatory detention under the INA.

        Respectfully submitted,

        ANDREW E. LELLING,
        United States Attorney

By:   */s/ Thomas E. Kanwit*
      Thomas E. Kanwit
      Michael Sady
      Assistant U.S. Attorneys
      U.S. Attorney's Office
      John J. Moakley U.S. Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA  02210
      (617) 748-3100
      thomas.kanwit@usdoj.gov
      michael.sady@usdoj.gov

April 3, 2020

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        */s/ Thomas E. Kanwit*
        Thomas E. Kanwit

Dated:   April 3, 2020