UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA ALEJANDRA CELIMEN SAVINO, JULIO CESAR MEDEIROS NEVES, and all those similarly situated,<br><br>    Petitioners-Plaintiffs,<br><br>    v.<br><br>STEVEN J. SOUZA,<br><br>Respondent-Defendant. | Case No. 1:20-cv-10617 WGY |

## MOTION FOR EXPEDITED INFORMAL DISCOVERY

Plaintiffs respectfully request that this Court order Defendant to provide Plaintiffs with limited discovery on an expedited basis so that Plaintiffs can more fully aid in the Court's consideration of the question to be considered at the upcoming hearing on Thursday, April 9, 2020: namely, "whether there is some number of detainees who might occupy the facility and yet be adequately spaced."  *See* ECF 55.

Without the basic discovery that Plaintiffs seek—which Defendant should be able to easily provide—Plaintiffs will be materially prejudiced in their ability to respond to Defendant's assertions.  The Court should have the benefit of Plaintiffs' informed position, particularly given that Defendant's position has always been that there was no need to release *anyone*.  The Court should have the benefit of the adversary process when Defendants inevitably take the same position at Thursday's hearing.

Accordingly, Plaintiffs request certain discrete information from Defendant that will help illuminate the question that the Court has posed and enable Plaintiffs to participate at the hearing

on equal footing as Defendants. In addition to any other information the Court would find helpful, Plaintiffs request that Defendant provide them with the following documents:

1. Documents sufficient to show the dimensions of class members' beds/bunks, including the vertical and horizontal space between beds/bunks;

2. Documents sufficient to show the dimensions of all dining areas, bathrooms, and recreational or common areas to which class members have access;

3. Documents sufficient to show the protocol for testing detainees and staff for COVID-19;

4. Documents sufficient to show the protocol for cleaning of all areas to which class members have access;

5. Documents sufficient to show the dimensions of the medical unit to which class members have access, number of beds, dimensions of rooms, number of medical staff, number of ventilators, amount of available personal protective equipment; and

6. All documents that may have been provided to the Court in camera in response to the Court's request for "pictures/plans of facility." *See* ECF 27.

These documents can be gathered quickly and without undue burden. Moreover, to the extent Defendant has any concern about confidentiality, Defendant may designate the documents as confidential under the same terms as the Protective Order that the Court has already entered.

This information will also enable Plaintiffs to consult with their experts and respond to the Court's request for "[t]he views of physicians and public health professionals." Plaintiffs hope to provide the Court with such views, and the information Plaintiffs seek from Defendant on facility space would aid in that endeavor.

Plaintiffs raise this issue directly with the Court because of the short time before Thursday's hearing, and because Plaintiffs' past efforts to obtain discovery on an informal,

cooperative basis have not been successful.[1] Plaintiffs reached out to Defendants regarding this motion on the evening of April 7, 2020, but in light of the timing and urgency, the parties were unable to meet and confer prior to filing.

There is also good cause to order this discovery on an expedited basis. *See, e.g., Jimenez v. Nielsen*, 326 F.R.D. 357, 361 (D. Mass. 2018) (allowing expedited discovery into ICE detention practices). "The First Circuit has not addressed the proper standard for determining whether good cause exists for expedited discovery; Judges of this Court have allowed it in a variety of circumstances." *Patrick Collins, Inc. v. Does 1-79*, 286 F.R.D. 160, 163 (D. Mass. 2012). Reasonableness in light of the circumstances—including the possibility of irreparable harm, the negligible burden on the defendant, the purpose of the discovery, and the Court's urgent need to be able to assess these issues—is the touchstone of good cause. *See Jimenez*, 326 F.R.D. at 361. Expedited discovery requests should be narrowly tailored to address immediate issues and asserted irreparable harm. *See id.* The risk of irreparable harm to those inside BCHOC is apparent, the purpose of the discovery is to aid the Court in making its decision about the propriety of continued detention, and the burden on the Defendant (who is in full control of the facility, which Plaintiffs cannot otherwise access) is low. Further, the requests outlined above are narrowly tailored to provide the Court with the information it requested in ECF 55.

For the foregoing reasons, the motion should be granted, and Defendant should be ordered to provide Plaintiffs the documents listed above by 2:00 p.m. on Wednesday, April 8, 2020. In the alternative, if Defendant requires more time to produce the requested documents,

---

[1] Plaintiffs made limited informal discovery requests on March 30, 2020, the day that the Court ordered "full disclosure and cooperation with any informal discovery," ECF 27, but Defendant has thus far not responded to these requests.

Plaintiffs request that Defendant be required to produce them by 2:00 p.m. on Thursday, April 9, 2020, and that the currently-scheduled hearing be continued until the following day.

April 7, 2020
Respectfully Submitted,

          /s/ Oren Sellstrom
Oren Nimni (BBO #691821)
Oren Sellstrom (BBO #569045)
Lauren Sampson (BBO #704319)
Ivan Espinoza-Madrigal[†]
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 988-0606
onimni@lawyersforcivilrights.org

Grace Choi, Law Student Intern[*]
Kayla Crowell, Law Student Intern[*]
Laura Kokotailo, Law Student Intern[*]
Aseem Mehta, Law Student Intern[*]
Alden Pinkham, Law Student Intern[*]
B. Rey, Law Student Intern[*]
Megan Yan, Law Student Intern[*]
Reena Parikh[†]
Michael Wishnie (BBO# 568654)
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
michael.wishnie@ylsclinics.org

---

[†] Admitted *pro hace vice*.

## **CERTIFICATE OF SERVICE**

   I hereby certify that, on April 7, 2020 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of this court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Date: April 7, 2020

__/s/ Oren Sellstrom_____
Oren Sellstrom (BBO #569045)