UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
**MARIA ALEJANDRA CELIMEN SAVINO**  )
**and JULIO CESAR MEDEIROS NEVES,**     )
                                      )
**Petitioners-Plaintiffs,**                      )
                                      )     **20-cv-10617 WGY**
    **v.**                                  )
                                      )
**THOMAS HODGSON, et al.,**              )
                                      )
**Respondents-Defendants.**           )
_____)

## MOTION FOR ADDITIONAL TIME IN WHICH TO RESPOND

Respondents-Defendants hereby respectfully request that the Court grant additional time in which to comply with its order regarding expedited discovery (docket # 60). It is literally impossible for Defendants to comply on the timetable ordered by the Court. Moreover, to the extent Defendants have any responsive documents, they were provided to Plaintiffs' counsel on March 30, 2020 as an attachment to Defendants' Opposition to the Motion for a Temporary Restraining Order.

As background hereto, counsel for Plaintiffs sent the discovery requests for the first time in an email at 11:36 p.m. yesterday, April 7, 2020. Under normal circumstances, such a request would not even be considered until 8 or 9 a.m. on the following day (i.e., today). There would be neither the assumption nor a requirement that Defendants respond to the informal request immediately.

In light of the unusual circumstances of this case, and owing to the coincidental fact that undersigned counsel could not sleep, the informal discovery request was forwarded to Bristol County Sheriff's Office ("BCSO") at 12:20 a.m. this morning. No one was expected to receive

the email at that time much less respond. At 12:15 a.m., just 45 minutes after sending the email requesting expedited discovery, Plaintiffs' counsel filed a motion for expedited discovery. That motion requested the same documents listed in the email and demanded production by 2:00 p.m. today. At 12:18 a.m. today, just three minutes after the motion was filed and less than an hour after Plaintiffs' counsel sent the email with the discovery requests, undersigned counsel replied by email to Plaintiffs' counsel and indicated counsel's expectation that the blueprints and photographs would not be produced for security purposes, that there were probably not many, if any, documents responsive to most requests, but that Defendants would try to get that information to counsel in the form of a declaration.[1] This all occurred in the middle of the night.

The Court, without giving Defendants an opportunity to be heard on the motion, entered its order at 12:01 p.m. today, requiring production of responsive documents by 2:00 p.m. today. In other words, Defendants were provided less than two hours to comply. In the meantime, it is certainly not as if nothing else has occurred. Defense counsel have been filing their input on today's list of ten detainees, fielding calls from ICE counsel, discussing how best to respond to the Court's request for briefing in advance of a hearing tomorrow, responding to various inquiries from Plaintiffs' counsel, conferring with supervisors, not to mention also dealing with other cases assigned to them.

Because undersigned counsel promptly forwarded the email from Plaintiffs' counsel requesting expedited discovery to BCSO staff, they have been working to determine how best to

---

[1] Defendants also made an expedited request for discovery, as to which they have received no response from Plaintiffs. That discovery request was for "all documents or other evidence reflecting communication with the class members that informs them of the conditions of their release. If such communications are commingled with legal advice, redaction of privileged communications is acceptable. …[W]e are entitled to know how the released detainees are being informed of the conditions of their release."

respond to the requests. For the most part, there are no responsive documents that match the requests made which also do not overlap with the documents in the denied request, i.e., the photographs and blueprints. Undersigned counsel indicated to Plaintiffs' counsel that this could well be the case and that Defendants are under no obligation to create responsive documents for discovery. However, government counsel indicated that given the unusual posture and circumstances of this case, Defendants would endeavor to provide as much of the requested information as they could as quickly as they could. This is in part because we know that Plaintiffs' counsel cannot visit the facility to take their own measurements and photographs (but see footnote 2 *infra*).

Defendants are working diligently on this, but to be clear: absent an order to the contrary, Defendants do not have an obligation to act as investigators for Plaintiffs' counsel. Defendants' role is not to drop all other work and take up whatever Plaintiffs think they need for their case at whatever hour Plaintiffs decide they need it. And the Court's expectation that Defendants can comply in less than two hours' time with its order is, frankly but respectfully, not realistic.

Further, the documents which contain most of the information sought by Plaintiffs' counsel are the very same documents which the Court has rightfully denied them for security reasons. These are the blueprints and photographs. Counsel for the government suggested that perhaps some type of protective order could be entered which would restrict the dissemination of these materials only to counsel and not to law interns, detainees or anyone else. The Court's denial of request number 6 means that such documents do not need to be produced. And Plaintiffs' counsel chose to file the motion for expedited discovery before giving defense counsel a chance to respond.

While the expectations of Plaintiffs' counsel and the Court are, in the view of Defendants, unrealistic, there is a shared goal. That is to determine if the release of detainees to date, and the steps taken by BCHOC staff to reconfigure bed arrangements and occupancy within the detainee units will allow sufficient space such that the detainees may practice adequate social distancing. It is in the interest of Defendants to supply this information to the Court and Plaintiffs, and they are working diligently to gather it. It is unlikely to be in the form of *existing* documents, however, because such responsive documents do not exist for the most part (and a search for the nearest thing to the documents requested remains ongoing).

This is where Defendants stand at the present time on the specific requests:

1. Documents sufficient to show the dimensions of class members' beds/bunks, including the vertical and horizontal space between beds/bunks.

    **Response**: No documents exist responsive to this request. Defendants are putting together a declaration for the Court that will contain this information.

2. Documents sufficient to show the dimensions of all dining areas, bathrooms, and recreational or common areas to which class members have access.

    **Response:** The only documents presently known that are responsive to this request are the same documents requested in Request number 6, which the Court denied for security purposes. Again, Defendants are endeavoring to put this information into a declaration, but this will take time.

3. Documents sufficient to show the protocol for testing detainees and staff for COVID-19.

    **Response:** The primary document responsive to this request was attached to Defendants' Opposition to the Motion for a Temporary Restraining Order, and thus Plaintiffs have it already. The subject matter was also extensively discussed in the two declarations attached to the Opposition. Defendants are searching for additional responsive documents, but the CPS Medical Guidelines already produced is *the* primary document.

4. Documents sufficient to show the protocol for cleaning of all areas to which class members have access.

    **Response:** No responsive documents exist. There may be some general guidance document for cleaning, but it is not restricted to immigration detention areas and it

is not a protocol for cleaning. Counsel will review the document and determine if it is responsive or not. Additionally, counsel is working to include responsive information in a declaration, but time is very short.

5. Documents sufficient to show the dimensions of the medical unit to which class members have access, number of beds, dimensions of rooms, number of medical staff, number of ventilators, amount of available personal protective equipment.

    **Response:** See response to request number 2 above. Defendants object to this request to the extent it seeks information that goes beyond the social distancing issue, as the Court has not based its orders on the premise that medical care at BCHOC is inadequate. In fact, the Court has stated otherwise. In addition, Defendants continue to maintain that Plaintiffs may not maintain a claim regarding the *conditions* of their confinement pursuant to a petition for a writ of habeas corpus; *see* Opposition to the Motion for a Temporary Restraining Order and Supplemental Brief. The Court has not addressed this legal argument to date.

6. All documents that may have been provided to the Court in camera in response to the Court's request for "pictures/plans of facility."

    **Response:** The Court, as stated above, denied this request. Notwithstanding that ruling, Defendants intend to provide relevant dimensions and some photographs that do not constitute a security risk to the Court and to Plaintiffs' counsel.

Defendants have responded herein to Plaintiffs' discovery requests. Other than the CPS Medical Guidelines document, which has already been produced, there are no known responsive documents. As stated, however, the search is ongoing and, at the same time, Defendants are gathering information responsive to the document requests for inclusion in one or more declarations.[2] Therefore, Defendants request that the deadline for responding to Plaintiffs Expedited Discovery Requests be extended to 4:00 p.m. today, *nunc pro tunc*. As stated, Defendants will continue to search for responsive documents and will provide as much responsive information as they are able to gather in advance of tomorrow's hearing.

In addition, Defendants request that the Court order Plaintiffs to respond to Defendants

---

[2] It is worth noting that members of the putative class are in BCHOC and are also in a position to gather this information. While they may not have access to a tape measure, they can estimate distances in a variety of ways.

discovery request set forth in footnote 1 *supra*. Discovery cannot be one-way only, and the subject of the request is important- i.e., what are the detainees being told regarding the conditions of their release.

                Respectfully submitted,

                ANDREW E. LELLING,
                United States Attorney

By:   */s/ Thomas E. Kanwit*
      Thomas E. Kanwit
      Michael Sady
      Assistant U.S. Attorneys
      U.S. Attorney's Office
      John J. Moakley U.S. Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA  02210
      (617) 748-3100
      thomas.kanwit@usdoj.gov
      michael.sady@usdoj.gov

April 8, 2020

### CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                */s/ Thomas E. Kanwit*
                Thomas E. Kanwit

Dated:   April 8, 2020