UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
**MARIA ALEJANDRA CELIMEN SAVINO**  )
**and JULIO CESAR MEDEIROS NEVES,** )
                                                    )
**Petitioners-Plaintiffs,**                )
                                                    )    **20-cv-10617 WGY**
     **v.**                                       )
                                                    )
**THOMAS HODGSON, et al.,**          )
                                                    )
     **Respondents-Defendants.**       )
_____)

### DEFENDANTS' INPUT REGARDING APRIL 10 LIST

Respondents-Defendants hereby provide the Court with additional information to assist the Court in making its determination of which civil detainees at the Bristol County House of Corrections ("BCHOC") may be safely released pursuant to the conditions set by the Court on April 3, 2020. It is ICE's position, for the record, that release of none of the listed individuals is required for either their safety or the safety of the remaining civil detainee population at BCHOC.

### Appropriate Detainee Population Density Will Be Achieved

Defendants believe that the prior release of detainees, by Court order and by ICE voluntarily, along with the transfer of an additional six detainees in preparation for removal, and with the likely release of at least six additional detainees on today's list, will result in a level of detainee population sufficiently low so as to allow appropriate CDC-recommended social distancing at BCHOC.

Defendants do not expect the Court to accept this conclusion absent further briefing, however. For example, counsel anticipates receiving later today a current headcount following

the release of detainees from yesterday's list.  In order to allow the Court to make a deliberate assessment, unrushed but with an eye towards the alacrity required by the circumstances, Defendants will endeavor to fully brief the "target number" issue by the close of business today or, at the latest, this weekend (the timing of receipt of certain materials from BCHOC remains unpredictable, notwithstanding BCHOC's extensive, all-hours cooperation to date).

**Individuals Who Must Not Be Released on the April 10 List:**  Attached hereto is a detailed analysis of the risk factors for release of the list of ten for April 10, 2020.  Recognizing that the Court will order the release of some detainees, Defendants suggest that of the second group of ten, the following individuals **cannot** be safely released into the community:

**2.  BONILLA Ochoa, Jhony Orlando:**  Mr. Bonilla Ochoa is a 34-year-old native and citizen of Guatemala. Bonilla Ochoa entered the US without inspection on or about on an unknown date in 1999 at an unknown place. He is detained subject to 8 U.S.C. § 1226(a).

ICE arrested him on March 3, 2020 due to his unlawful status in the United States and his criminal record.  Additionally, ICE targeted him for arrest as he had previously received a bond from an immigration judge in 2017 and his subsequent criminal history violated the conditions of that release.

Bonilla Ochoa fled from the ICE officers seeking to effectuate his arrest which led to a brief pursuit.  He expressed no medical issues at the time of his arrest.

Bonilla Ochoa has previous convictions for the following:

    Sale of Narcotics in October of 2019;

    Breach of Peace in December of 2016;

    Disorderly Conduct in December of 2016;

    Two counts of probation violation in December of 2016;

>Operating a motor vehicle under the influence in December of 2013;
>
>Assault 2nd degree and Breach of Peace in June of 2013;
>
>Larceny 3rd degree and larceny 4th degree in December of 2013; and
>
>Larceny 1st degree in 2007.

Bonilla Ochoa also has pending charges stemming from an arrest on July 16, 2019 for 3rd degree assault, breach of the peace and disorderly conduct. According to the police report from this arrest, Bonilla Ochoa verbally and via text message threatened that he would hit his daughter to teach her respect. His daughter reported that he took her phone from her and then slapped her in the face with an open hand.  He opened the car door and tried to pull her from the car and ripped her shirt in the process. He then punched his daughter in the right leg and hit her in the face again. His daughter was treated at the hospital for a cut to the inside of her upper lip and a popped blood vessel in her left eye.

A DCF caseworker interviewed his daughter after the assault and found that her statement was consistent to that provided to the police. His daughter also stated that he had punched her in the mouth previously, making a tooth loose in the process. She showed bruises on her legs to the casework as a result of Bonilla Ochoa punching her as stated above.

Bonilla Ochoa's daughter's mother told the casework that Bonilla Ochoa had assaulted her when they were together and that he has a history of domestic abuse. They also expressed concern that he was abusing his stepdaughters. DCF followed up with an interview with the stepsisters and the stepsisters' mother and removed the stepsisters from their home and took them to an aunt's house while the investigation of abuse towards the stepsisters and the stepsisters' mother continued.

Bonilla Ochoa has an active bench warrant in New York for a charge of forgery from

October of 2015.

Defendants believe that Bonilla Ochoa should remain in ICE custody as he is a threat to public safety due to his multiple convictions and serious pending charges and investigation into child and domestic abuse and the presence of an active bench warrant and his inability to comply with the terms of his previously release on bond from the immigration court shows he is a flight risk and unable to abide by terms and conditions of a release.

**3. SANCHEZ Disla, Army Joel:** Mr. Sanchez Disla is a 29-year-old native and citizen of the Dominican Republic. Sanchez Disla entered the United States on April 19, 2011, at New York, NY, as a visitor for pleasure and overstayed his lawful term of admission. He is currently detained subject to a final order of removal pursuant to 8 U.S.C. § 1231.

ICE targeted him for arrest on February 27, 2020 due to his unlawful status in the United States and his criminal record. He reported no medical issues at the time of his arrest.

Sanchez Disla was charged in January of 2019 with two counts of manufacture/ deliver/possess with intent/schedule I/II and one count of manufacture/possess/deliver cocaine 10oz to 1kg. Per the criminal information and arrest report narrative, he delivered fentanyl to a purchaser on a public street. Police then searched his residence and his room and found 29 bags of suspected fentanyl, 1 bag of suspected cocaine and a digital scale.

He was convicted of these offenses on August 13, 2019 and received 8 years of imprisonment, 6.5 years suspended to probation, 1.5 years to serve for the above offenses. He was released from state custody on February 27, 2020 at which time he was arrested by ICE.

On March 26, 2020, an immigration judge determined that ICE had met its burden of proof to demonstrate that Sanchez Disla would be a public safety risk if released on bond, and therefore refused to set bond. The immigration judge also denied Sanchez Disla's application for

voluntary departure as a matter of discretion and ordered him removed from the United States. He waived appeal and therefore is subject to a final order of removal.

ICE is obtaining a travel document for him and expects to effectuate his removal order to the Dominican Republic in the next 30 days.

Sanchez Disla should remain in ICE custody as he poses a significant threat to public safety due to his criminal convictions for dealing dangerous drugs. Additionally, he is a flight risk due to his final order of removal and foreseeable removal in the near future.

**5. SIS Duarte, Carlos:** Mr. Sis Duarte is a citizen and national of Guatemala who entered the United States without inspection on an unknown date and unknown location. Sis Duarte is being held under mandatory detention per 8 U.S.C. § 1226(c) based upon his criminal record.

Sis Duarte was arrested and charged in August of 2018 with assault and battery on a household member and assault and battery on a pregnant victim. These charges were subsequently dismissed.

He was also charged in May of 2019 with assault with a dangerous weapon, a beer bottle. He was convicted of this offense in September of 2019. Per the police report, Sis Duarte hit the victim in the head with a glass bottle and cut the victim in the arms and hands. The victim had to go to the hospital.

He was also arrested on July 27, 2019 for assault with a dangerous weapon (a chair), assault and battery with a dangerous weapon (a glass plate) by the Waltham Police Department. Per the arrest report, witnesses stated that Sis Duarte threw a glass plate and a chair at a victim and also cut another victim with a knife. He was convicted of assault with dangerous weapon and assault and battery with a dangerous weapon in September of 2019.

At the time of his arrest by ICE on February 29, 2020, he stated that he was in good health and not taking any medications.

Sis Duarte is currently in removal proceedings and is scheduled for a hearing on April 21, 2020. Defendants believe that Sis Duarte should remain in ICE custody as he is a public safety risk based upon his criminal record and also a flight risk as he is subject to mandatory detention and therefore has limited relief from removal prospects.

**10.  JARAMILLO-Perez, Esteban:** Mr. Jaramillo-Perez is a citizen and national of Colombia. He is currently detained under 8 U.S.C. § 1226(a). Mr. Jaramillo-Perez entered the United States on or about December 20, 2015, at Miami, FL, on a B2 visitor visa, with authorization to remain in the United States until June 19, 2016. Since that time, Mr. Jaramillo-Perez failed to depart the United States, thereby violating the terms of his tourist visa.

Mr. Jaramillo-Perez's was arrested by Boston Police Department on February 4, 2020 for assault and battery-domestic and assault and battery dangerous weapon. These charges are currently pending against him.

On March 4, 2020, ICE arrested Mr. Jaramillo-Perez. At the time of his arrest, he refused to provide ICE with a residential address. Mr. Jaramillo-Perez did not claim to have any medical issues or to be taking any medications when he was arrested by ICE. Mr. Jaramillo-Perez's removal proceedings are ongoing and still in the preliminary stages. Although there is no removal scheduled at this time, ICE is in possession of a valid travel document for Jaramillo-Perez.

Defendants believe that Mr. Jaramillo-Perez remain in its custody, as he poses a threat to public safety if released based on the serious criminal charges pending against him. In addition, as he failed to provide ICE with a residential address and has no applications for relief pending

before the Immigration Court, he poses a flight risk.

The Court is directed to Exhibit 1, attached hereto, for the particulars regarding each of the ten listed detainees. Defendants do *not* represent that the others on the initial list of ten pose no risk to the community or no risk of flight. In fact, ICE has previously determined the opposite. Defendants' statements herein are intended merely as guidance for the Court in its expressed goal of reducing detainee population density at HCBOC. Defendants do urge the Court *not* to release the four persons specifically referenced herein, although Defendants believe that the Court would be justified in declining to release others on the list on account of their propensity to operate motor vehicles while under the influence of alcohol or drug trafficking, for example.

                    Respectfully submitted,

                    ANDREW E. LELLING,
                    United States Attorney

By:   */s/ Thomas E. Kanwit*
       Thomas E. Kanwit
       Michael Sady
       Assistant U.S. Attorneys
       U.S. Attorney's Office
       John J. Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA  02210
       (617) 748-3100
       thomas.kanwit@usdoj.gov
       michael.sady@usdoj.gov

April 9, 2020

CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:   April 9, 2020

*/s/ Thomas E. Kanwit*
Thomas E. Kanwit