UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                    )
**MARIA ALEJANDRA CELIMEN SAVINO**   )
**and JULIO CESAR MEDEIROS NEVES,**       )
                                                                    )
**Petitioners-Plaintiffs,**                                )
                                                                    )         **20-cv-10617 WGY**
    **v.**                                                         )
                                                                    )
**THOMAS HODGSON, et al.,**                        )
                                                                    )
    **Respondents-Defendants.**                  )
_____)


## DEFENDANTS' INPUT REGARDING APRIL 13 LIST

Respondents-Defendants hereby provide the Court with additional information to assist the Court in making its determination of which civil detainees at the Bristol County House of Corrections ("BCHOC") may be safely released pursuant to the conditions set by the Court on April 3, 2020. It is ICE's position, for the record, that release of none of the listed individuals is required for either their safety or the safety of the remaining civil detainee population at BCHOC.

### Appropriate Detainee Population Density Has Been Achieved

Defendants believe that the prior release of detainees, by Court order and by ICE voluntarily, along with the transfer of an additional six detainees in preparation for removal, and with the likely release of at least six additional detainees on Friday's list, has resulted in a level of detainee population sufficiently low so as to allow appropriate CDC-recommended social distancing at BCHOC.

Defendants do not expect the Court to accept this conclusion absent further briefing, however. Such a brief will be filed later today.

**One Individual on the April 13 List Has Been Removed and Three Others Will Be Removed:** Deivis Vasquez Aparicio, listed as number 1 on the April 13, 2020 list, was released from ICE custody on April 2, 2020.  Two individuals (Ortega-Vasquez and Rivera Fernandez) on the list will be removed from the District of Massachusetts in preparation for their removal from the country, as indicated to the Court in Defendants' prior Notice of Intent to Remove.  A third individual (Warwood) will not be removed from the District, but will instead be removed from the United States directly from this District.  Notice of intent to remove this individual is provided below.

**Individuals Who Must Not Be Released on the April 13 List:**  Attached hereto is a detailed analysis of the risk factors for release of the list of ten for April 13, 2020.  Defendants suggest that of the fifth group of ten, the following individuals **cannot** be safely released into the community and/or should not be released in light of their imminent removal:

> **2. Ortega-Vasquez, Ricardo:** Ricardo Ortega-Vasquez is a citizen and national of the Dominican Republic who was ordered removed on October 7, 2015.  He is detained pursuant to a final order of removal under 8 U.S.C. § 1231.  ICE is in possession of a valid travel document and Mr. Ortega-Vasquez is scheduled for removal during the week of April 13, 2020.  Notice of Intent to Transfer for Removal was filed with the Court for this individual on April 9, 2020.
>
> On May 7, 2017, Ortega-Vasquez was arrested for cocaine trafficking.  This charge was ultimately nolle prossed.  On February 28, 2019, Ortega-Vasquez was convicted of conspiracy to possess a controlled with intent to distribute heroin and cocaine.  On July 22, 2019, Ortega-Vasquez was arrested and charged with criminal possession of a controlled substance, 2 counts.

ICE is in possession of a travel document and has a scheduled removal date and therefore he should remain in custody.

    3. **Rivera Fernandez, Jose Guaroa:** Jose Guaroa Rivera Fernandez is a citizen and national of the Dominican Republic. He is detained pursuant to a final order of removal under 8 U.S.C. § 1231. ICE is in possession of a valid travel document and Mr. Rivera Fernandez is scheduled for removal in the next two weeks. Notice of Intent to Transfer for Removal was filed with the Court for this individual on April 9, 2020. Therefore, he should remain in custody.

    4. **Warwood, John William Thomas:** John William Thomas Warwood is a citizen and national of New Zealand who last entered the U.S. on February 20, 2008, under the Visa Waiver Pilot Program. He is detained pursuant to a final order of removal under 8 U.S.C. § 1231. ICE is in possession of a valid travel document and has scheduled Warwood for removal within the next two weeks.

    On February 1, 2016, Warwood was convicted of possession of marijuana. On October 31, 2019, Warwood was convicted of possession of heroin. On February 29, 2020, an immigration judge ordered his removal and Warwood waived his right to appeal.

    Defendants recommend that he be maintained in custody due to his final order of removal, criminal history, lack of ties to the Boston-region, and already scheduled removal.

    **Notice of intent to remove John William Thomas Warwood** on a date within the next two weeks, but not less than 48 hours from now, is hereby provided to the Court.

**5. Ixcuna Lucas, Miguel:** Miguel Ixcuna Lucas is a citizen and national of Guatemala who claims to have entered the U.S. sometime in 1997 without admission or parole after inspection by an immigration officer.  If released, the subject does not have a stable address as there is an active restraining order from his U.S. citizen spouse, Marisol Resto, until February 11, 2021. This restraining order was issued for Ms. Resto on February 12, 2020.  This is the second restraining order issued for Ms. Resto against Ixcuna Lucas – one previously was issued on September 29, 2018.

Ixcuna Lucas was arrested for threatening, intimidation, and assault and battery in 2011 and for assault and battery and intimidation in 2012. These charges were dismissed.  He was arrested on September 29, 2018 for a second assault and battery on a household member, resisting arrest, disturbing the peace, and disorderly conduct.  He was also arrested on December 3, 2019 for assault and battery on a household member. These charges remain pending.

On March 3, 2020 ERO Boston arrested Ixcuna Lucas and served him a Notice to Appear.  Lucas has a scheduled immigration hearing on April 16, 2020 at which time he can seek release from the immigration court on bond.

Ixcuna Luna must remain in custody as subject is a threat to public safety as evidenced by repeated arrests for assault and battery and intimidation dating back to 2011, as well as recent arrests for assault and battery on a household member on September 29, 2018 and December 3, 2019.  Additionally, he is subject to an active restraining order taken by his spouse and therefore it is unknown where he could reside if released.

**6. Dias, Amiry Carlos:** Amiry Carlos Dias is a citizen and native of Cape Verde.

He is detained pursuant to 8 U.S.C. § 1231 due to his final order of removal. On July 17, 2018, Dias was arrested by ICE. Dias did not claim to have any medical issues at that time.

On April 29, 2019, an immigration judge denied a request for bond redetermination. Dias was ordered removed to Cape Verde on June 6, 2019 and then appealed to the BIA on July 1, 2019. The BIA dismissed his appeal on November 26, 2019. A travel document is pending with the Consulate of Cape Verde.

Dias should be considered a threat to public safety. He had two restraining orders lodged against him in 2016. He has thirty-three adult arraignments in Massachusetts. Dias has an extensive history of defaulting on his criminal cases, having defaulted on nearly every criminal case. Dias has been charged with larceny, which was guilty filed. Dias has been convicted of operating with a suspended license and sentenced to the house of correction. He has been charged with threatening shooting, disorderly conduct, assault and battery on a police officer, assault and battery, carrying a dangerous weapon, malicious destruction of property, threatening to commit assault and battery, and threatening to commit murder. These charges were ultimately dismissed.

Amiry Carlos Dias should remain in ICE custody as he is a public safety risk based upon his criminal record and also a flight risk as he has a final order of removal.

**7. Wafula, Lloyd:** Lloyd Wafula is a native and citizen of Kenya, who entered the United States at Hartfield-Jackson Atlanta International Airport in Atlanta, GA, on March 3, 2016, as a B-2 non-immigrant visa holder. Wafula later adjusted his status to a F-1 non-immigrant student on or about September 6, 2016, for the purpose of attending Springfield Technical Community College in Springfield, MA. On or about

May 3, 2019, Springfield Technical Community College terminated Wafula's status in SEVIS due to failure to enroll in fall 2018 classes.

Wafula first came into ICE custody on August 2, 2019 after being charged with the offense of assault and battery, which remains pending.

On July 8, 2019, he was arrested by the West Springfield Massachusetts police and charged with Assault and Battery on a Family or Household Member as well as Assault and Battery with a Dangerous Weapon. On July 7, 2019 his wife reported to police that on June 28, 2019, Wafula threw her to the floor, kicked her in the back, punched her in the stomach, and beat her in the head with a bottle until she was bloodied. In a separate incident on July 6, 2019, she alleged that Wafula punched her in the stomach and chest, threw her to the ground, punched her back, and beat her with a can of corn. She suffered a black eye. Photographs were taken of her injuries. When police went to Wafula's address, he refused to open the front door and locked himself inside of a bedroom, in an apparent effort to prevent or delay his arrest. A restraining order against him issued on the same day of his arrest. The order was ordered to expire on September 14, 2020.

Wafula has previous arrests for possession of a class B controlled substance, uninsured operation of a motor vehicle, unregistered operation of a motor vehicle, and lack of inspection sticker. These charges were nolle prossed in the Springfield District Court.  An immigration judge denied bond on this case on two separate occasions, once on September 18, 2019, and the second on March 26, 2020.  On October 30, 2019, an immigration judge denied his applications for relief from removal but granted Voluntary Departure. Wafula reserved appeal.  On November 26, 2019, Wafula filed an

appeal to the BIA which remains pending.

Lloyd Wafula is public safety risk as demonstrated by his pending charges and should not be released from ICE custody.

**8. Illicachi-Shigla, Juan Carlos:** Juan Illicachi-Shigla, is a citizen and national of Ecuador. He is currently detained subject to 8 U.S.C. § 1231 pursuant to a final order of removal. On May 20, 2008, U.S. Border Patrol arrested Illicachi-Shigla, who at the time, claimed to be a citizen and national of Mexico. Illicachi-Shigla was granted voluntary return to Mexico. He thereafter entered the United States without inspection at an unknown place and unknown time.

On January 16, 2020, Illicachi-Shigla was arrested by ICE. Illicachi-Shigla came to the attention of ERO due to multiple arrests which include driving under the influence, driving under a suspended license, domestic violence, risk of injury to a child. He has twice been charged with driving under the influence, once in 2009 and once in 2019. In November 2015, it was alleged that he punched his girlfriend and pulled her hair. Police observed redness and swelling to her left side of her face. Police located Illicachi-Shigla hiding in a bedroom closet

On March 5, 2020, an immigration judge denied his request for bond redetermination, finding that ICE demonstrated that he is a danger to the community. On April 1, 2020, an immigration judge ordered Mr. Illicachi-Shigla removed from the United States and he waived appeal.

It is recommended that Illicachi-Shigla remain in ICE custody pending his removal from the United States. Illicachi-Shigla is considered a risk to public safety as demonstrated by his multiple arrests for driving under the influence, domestic violence,

and risk of injury to a child.

    **9. Reyes-Batista, Amaury Vladimir:** Reyes-Batista is a citizen and national of the Dominican Republic. He is currently detained pursuant to 8 U.S.C. § 1231 pursuant to a final order of removal. On September 25, 1996, Reyes-Batista was ordered deported by an immigration judge based upon a conviction for sale of heroin. On October 15, 1996, Reyes-Batista was deported from the United States. Reyes-Batista illegally reentered the United States at or near an unknown place, on or about an unknown date.

    In February 2015, an Assistant United States Attorney contacted ICE for assistance regarding an individual who was arrested by the Internal Revenue Service-Criminal Investigation Division (IRS-CID) on tax fraud charges. The subject arrested by the IRS-CID stated his name was Pedro Aquino. The fingerprints for this individual came back to an FBI number linked with multiple aliases. The subject arrested by the IRS-CID was identified as Reyes-Batista. ERO Boston lodged an immigration detainer with the U.S. Marshals Service (USMS). Reyes-Batista was convicted of Conspiracy to Commit Theft of Public Money (18 USC 371), 8 counts of Theft of Public Money and Aiding and Abetting (18 USC 641 & 2), and False Statements to Federal Law Enforcement. It is also believed that Reyes-Batista, under the alias of Pedro Aquino, DOB: 10/28/1973, was charged by the New Britain Connecticut Police Department on February 20, 2014 with (1) Possession of Narcotics (CGS 21a-279a), (2) Possession with Intent to Sell (CGS 21a-278b+), and (3) Operating a Drug Factory (CGS 21a-277c).

    On November 25, 2019, Reyes-Batista was arrested by ERO Boston after his

release from the USMS custody. On March 10, 2020, an immigration judge denied the request for bond redetermination, finding that ICE had demonstrated that Reyes-Batista is both a danger to the community and a flight risk. His case is currently pending in immigration court.

Reyes-Batista is public safety threat and an extreme flight risk as demonstrated by his criminal and immigration histories.

**10. Carranza-Lopez, Miguel Angel:** Carranza-Lopez is a citizen and national of El Salvador, who entered the United States without inspection at an unknown place and unknown time. On April 8, 2014, he was arrested by U.S. Border Patrol. On June 23, 2014, an Immigration Judge issued bond at $5,000. Carranza-Lopez posted bond on June 25, 2014, and was released from ICE custody.

Carranza-Lopez most recently returned to ICE custody in January 2020 after being convicted for the offenses of possession of a controlled substance and simple assault. In June 2018, Carranza-Lopez was also charged with criminal threatening against a person, criminal threatening, and 1st degree assault. These charges were nolle prossed by Hillsborough County Superior Court in Manchester, NH. On January 29, 2020, an immigration judge declined to offer bond to Carranza-Lopez, as he was subject to mandatory detention based on the controlled substance possession conviction. At a March 19, 2020 an immigration judge denied all forms of relief and ordered Carranza-Lopez removed. Carranza-Lopez reserved his right to file an appeal, although at this time no appeal has been filed with the BIA.

Carranza-Lopez has demonstrated that he will not abide with the conditions of release and should therefore remain in ICE custody. He is a public safety risk based

upon his criminal record and also a flight risk as he has been ordered removed by an immigration judge and shown to be noncompliant with conditions of release.

    Respectfully submitted,

    ANDREW E. LELLING,
    United States Attorney

By:   */s/ Thomas E. Kanwit*
    Thomas E. Kanwit
    Michael Sady
    Assistant U.S. Attorneys
    U.S. Attorney's Office
    John J. Moakley U.S. Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3100
    thomas.kanwit@usdoj.gov
    michael.sady@usdoj.gov

April 13, 2020

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: April 13, 2020               */s/ Thomas E. Kanwit*
                                                Thomas E. Kanwit