## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| **MARIA ALEJANDRA CELIMEN SAVINO** | ) | |
| **and JULIO CESAR MEDEIROS NEVES,** | ) | |
| | ) | |
| **Petitioners-Plaintiffs,** | ) | |
| | ) | **20-cv-10617 WGY** |
| **v.** | ) | |
| | ) | |
| **THOMAS HODGSON, et al.,** | ) | |
| | ) | |
| **Respondents-Defendants.** | ) | |

_____)

### DEFENDANTS' INPUT REGARDING APRIL 14 LIST

Respondents-Defendants hereby provide the Court with additional information to assist the Court in making its determination of which civil detainees at the Bristol County House of Corrections ("BCHOC") may be safely released pursuant to the conditions set by the Court on April 3, 2020.  It is Defendants's position, for the record, that release of none of the listed individuals is required for either their safety or the safety of the remaining civil detainee population at BCHOC.

### Appropriate Detainee Population Density Has Been Achieved

Defendants believe that the prior release of detainees, by Court order and by ICE voluntarily, along with the transfer of an additional six detainees in preparation for removal, and with the likely release of at least six additional detainees on Friday's list, has resulted in a level of detainee population sufficiently low so as to allow appropriate CDC-recommended social distancing at BCHOC.

Defendants are filing a Motion to Stay Further Releases and a Memorandum in Support today.  In those filings, Defendants show that the BCHOC detainee population has been reduced

from 148 at the outset of this litigation to 92 now, an almost thirty-eight percent (38%) cut.  This has resulted in sufficient space for the remaining detainees to practice social distancing at all times, including while sleeping.

**One Individual on the April 14, 2020 Has Already Been Released:**  Sandro Omar Vera Campoverde was released from ICE custody on April 8, 2020, upon the posting of a bond in the amount of $1,500.

**Individuals Who Must Not Be Released on the April 14 List:**  As stated, the Defendants do not believe any additional detainees need to be released to protect the remaining detainees from an outbreak of COVID-19, and Defendants are seeking a stay of any further orders of release.

Nonetheless, as per the Court's order, attached hereto is a detailed analysis of the risk factors for release of the list of ten for April 14, 2020.  Defendants suggest that of the first group of ten in the second list of fifty, the following individuals **cannot** be safely released into the community and/or should not be released in light of their imminent removal:

1. **TARAX-VILLEDA, Brayan Alejandro:** Brayan Alejandro Tarax-Villeda is a citizen and national of Guatemala who entered the U.S. without inspection at an unknown place and unknown time.  He is currently detained pursuant to 8 U.S.C 1226(c).

On August 1, 2017, he was arrested and charged with kicking and slapping the mother of his child, while she was holding their ten-month-old child. Tarax-Villeda was most recently arrested on June 14, 2019 and charged with an abuse prevention act violation, resisting arrest, and assault and battery on a police officer after a violent altercation with the Waltham Police. During the booking process, Tarax-Villeda made

several statements to the arresting officer, causing him to fear for his safety and that of his family.  He stated that he knew he would be deported but would return to the United States to "settle the score" with the officer. He told the officer that he knew the officer's wife worked in the medical field.

On November 7, 2019, Tarax-Villeda was convicted of two counts of abuse prevention act violation, two counts of assault and battery on a family member, assault and battery on a police office, and resisting arrest.  He was sentenced to one-year confinement.  On September 16, 2019, he was found in violation of probation and sentenced to six months in the house of corrections for assault and battery on a family or household member, reckless endangerment of a child, and assault and battery with a dangerous weapon. He has other convictions for assault on a family member, negligent operation of a motor vehicle, and assault.  At the time of his ICE arrest, Tarax-Villeda stated that he was in good health and did not have any medical conditions.

It is recommended that Tarax-Villeda remain in ICE custody. He is a risk to public safety.

**2. SOE, Aaron:**  Soe is a citizen and national of Liberia.  He has a final order of removal and is being held under 8 U.S.C. § 1231(c).

On October 10, 2019, Soe was convicted of possession with intent to distribute fentanyl. Soe also has a felony conviction for marijuana possession and a misdemeanor conviction for marijuana possession. Mr. Soe has two traffic offense misdemeanors. Mr. Soe has been involved in two altercations with other detainees while in ICE custody. Soe has no known health issues or concerns.

It is recommended that Soe remain in ICE custody. Soe is a threat to public safety if released based upon his criminal record of trafficking one of the deadliest drugs around (fentanyl). In addition, Soe has been involved in multiple altercations while in ICE custody. ICE is waiting on a travel document for Soe and believes he will be removed soon.

**3. ALVAREZ-SILVA, Oscar:**  Alvarez-Silva is a citizen and national of Mexico. Alvarez-Silva entered the United States without inspection on an unknown date, at an unknown time, and at an unknown location.  The U.S. Border Patrol voluntarily returned Alvarez-Silva to Mexico on March 3, 6, and 8, 2004.

ICE encountered Alvarez-Silva recently when he was in the custody of Bridgeport, CT Police Department for violating a protective order. NCIC database inquires reflect five active criminal cases and nine active protective orders issued against him for no contact between his wife and two minor children who are United States citizens.  Alvarez-Silva has been charged with assault and trespassing as well.

Mr. Alvarez-Silva is a threat to public safety and his family if he were released.

**4. GOMES, NUELSON:**  Gomes is a citizen and national of Cape Verde. Gomes has a felony conviction for assault and battery with a dangerous weapon, and was sentenced to two and one-half years in the house of corrections. In the same case, he was sentenced to five years of probation for assault and battery on a child with injury resulting for his harm to minor step-child.

Gomes has no known health issues or concerns.  Mr. Gomes is a threat to public safety and his family if he is released.

**6. De Carvalho, Janito Keven:**  Mr. De Carvalho is a citizen and national of

Cape Verde. At the time of arrest by ICE he did not claim any medical issues.

He is currently subject to mandatory detention under 8 U.S.C. § 1226(c).  De Carvalho has an extensive criminal history in the United States. De Carvalho has been convicted of drug possession - oxycodone, drug possession with intent to distribute class B - cocaine, unlawful possession of a controlled substance with intent to distribute class B – Suboxone, and unlawful possession of a firearm or ammunition without firearm identification card – two counts. De Carvalho was also arrested by the Brockton Police Department on February 15, 2011, for breaking and entering with intent to commit a felony. This charge was later dismissed. De Carvalho also had a civil restraining order issued against him in 2010.

Mr. De Carvalho is a risk to public safety as demonstrated by his criminal history.

**8. Ohenhen, Augustine Friday:**  Mr. Ohenhen is a citizen and national of Nigeria. He is currently detained pursuant to 8 U.S.C. § 1226(a).

Ohenhen was arrested on July 13, 2019 by the Naugatuck, CT Police Department for Violation of Protection Order, Threatening, and Disorderly Conduct. These three charges are still pending. According to the incident report, the victim told the police that Ohenhen had attempted to obtain the victim's consent to enter into an agreement that she would help him obtain lawful permanent resident status even though they were no longer in a relationship. The victim answered in the negative, and Ohenhen then physically grabbed her and said that he was going to have sex with her. Per the report, Ohenhen held the victim down and penetrated her, and also struck her with his hand in her face and then punched her with a closed fist all over her body. Ohenhen was then charged on August 12, 2019 by the Naugatuck, CT Police Department for

Sex Assault – Spouse, Unlawful Restraint, and Disorderly Conduct stemming from the same incident.[1] All three of these charges are pending.

Ohenhen also has an outstanding warrant out of the Naugatuck, CT Police Department for Larceny in the Third Degree, from December 20, 2019.  Mr. Ohenhen is also the defendant in an active restraining order filed against him by his ex-wife.

At the time of arrest by ICE he did not claim any medical issues.  It is recommended that Ohenhen remain in ICE custody.  His criminal history makes him a threat to public safety if he were to be released from ICE custody.

**9. DODIEU, Woodly:**  Mr. Dodieu is a citizen and national of Haiti. He is currently detained under 8 U.S.C. § 1226(c), based on his multiple convictions for drug trafficking. On July 10, 2000, Mr. Dodieu entered the United States on a B2 tourist visa, with permission to remain in the United States until January 9, 2001. He failed to depart before the expiration of his tourist visa. On September 17, 2008, Mr. Dodieu adjusted his status to that of a lawful permanent resident.

On October 19, 2017, Mr. Dodieu was convicted of Possession to Distribute Class-B Drugs (Percocet) at the New Bedford District Court. Mr. Dodieu also has a previous conviction for Possession to Distribute a Class D Substance. He also received a guilty-filed for Knowingly Receiving Stolen Property and Possession to Distribute a Class B Substance. He currently has pending charges for Possession to Distribute a Class D Substance; Providing a False Statement; and Operating a Vehicle After Suspended License.

---

[1] It is unclear why Ohenhen has not been charged with rape based on the incident report.

Mr. Dodieu came into ICE custody on November 4, 2019 and does not have any known health conditions. He is subject to mandatory detention under 8 U.S.C. § 1226(c). Mr. Dodieu is a danger to the community on account of his multiple convictions for possession and distribution of drugs.

**10. MULLINGS, Terrano:**  Mr. Mullings is a citizen and national of Jamaica. On May 21, 2019, Mr. Mullings was convicted for Risk of Injury to a Child. He received a ten-year suspended sentence for this offense. He was also convicted for Failing to Appear to answer to this offense, for which he received a 364-day-sentence. The police report for the Risk of Injury to Child arrest reflects that Mr. Mullings had sexual intercourse with a 15-year-old, which resulted in a pregnancy.

On May 21, 2019, Mr. Mullings was also convicted for Reckless Endangerment/Reckless Burning and was sentenced to 364 days. The police report for this offense indicates that he set fire to a home. He was also convicted for Failing to Appear to answer to this offense and received a 364-day-sentence.

Mr. Mullings came into ICE custody on September 24, 2019. He did not report any medical issues at the time of his arrest. Mr. Mullings is a danger to the community. In addition, he poses a significant flight risk, based on his two convictions for failing to appear.

     Respectfully submitted,

     ANDREW E. LELLING,
     United States Attorney

By: */s/ Thomas E. Kanwit*
   Thomas E. Kanwit
   Michael Sady
   Assistant U.S. Attorneys

U.S. Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100
thomas.kanwit@usdoj.gov
michael.sady@usdoj.gov

April 14, 2020

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Thomas E. Kanwit*

Dated:   April 14, 2020                              Thomas E. Kanwit