UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                         )
**MARIA ALEJANDRA CELIMEN SAVINO**  )
**and JULIO CESAR MEDEIROS NEVES,**  )
                                         )
**Petitioners-Plaintiffs,**              )
                                         )    **20-cv-10617 WGY**
     **v.**                              )
                                         )
**THOMAS HODGSON, et al.,**          )
                                         )
**Respondents-Defendants.**         )
_____)

## DEFENDANTS' INPUT REGARDING APRIL 15 LIST

Respondents-Defendants hereby provide the Court with additional information to assist the Court in making its determination of which civil detainees at the Bristol County House of Corrections ("BCHOC") may be safely released pursuant to the conditions set by the Court on April 3, 2020. It is Defendants' position, for the record, that release of none of the listed individuals is required for either their safety or the safety of the remaining civil detainee population at BCHOC.

**Appropriate Detainee Population Density Has Been Achieved**

Defendants believe that the prior release of detainees, by Court order and by ICE voluntarily, along with the transfer of an additional six detainees in preparation for removal, and with the likely release of at least six additional detainees on Friday's list, has resulted in a level of detainee population sufficiently low so as to allow appropriate CDC-recommended social distancing at BCHOC.

Defendants filed a Motion to Stay Further Releases and a Memorandum in Support yesterday. In those filings, Defendants show that the BCHOC detainee population has been

reduced from 148 at the outset of this litigation to 92 now, an almost thirty-eight percent (38%) cut. This has resulted in sufficient space for the remaining detainees to practice social distancing at all times, including while sleeping. Defendants urge the Court to stay further releases while it considers the Motion to Stay, and to grant the motion going forward.

**One Listed Detainee Has Already Been Released:** Melchor Santos-Cabrera was released from custody on April 2, 2020.

**There Will Be a Notice of Removal from the District Filed Later Today:** ICE has informed undersigned counsel that additional detainees will be removed from the District of Massachusetts on Friday in preparation for their removal from the country. A separate 48-hour notice of intent to remove will be filed once the list is received from ICE. This will further reduce the detainee population at BCHOC without further releases by the Court.

**Individuals Who Must Not Be Released on the April 15 List:** As stated, the Defendants do not believe any additional detainees need to be released to protect the remaining detainees from an outbreak of COVID-19, and Defendants are seeking a stay of any further orders of release.

Nonetheless, as per the Court's order, attached hereto is a detailed analysis of the risk factors for release of the list of ten for April 15, 2020. Defendants suggest that of the second group of ten in the second list of fifty, the following six individuals **cannot** be safely released into the community and/or should not be released in light of their imminent removal:

> **1. Gomes, Marcio Eduardo**: Mr. Gomes is a citizen and national of Brazil, who entered the United States without inspection at an unknown place and time. He is currently detained pursuant to 8 U.S.C. § 1226(a).
>
> On December 24, 2018, the Danbury Police Department, in Danbury, CT arrested

Mr. Gomes for 1st degree sexual assault, 3rd degree assault (2 counts), 2nd degree strangulation/suffocation, risk of injury, and 3rd degree strangulation/suffocation. On May 16, 2019, Mr. Gomes was convicted on all charges. The police report for this incident reflects that Mr. Gomes became verbally aggressive with his wife while punching the walls in the bathroom, and then dragged her into the bedroom by her legs and sexually assaulted her. During the assault, he pulled her hair, slapped her, and placed his hands around her throat and choked her. All of this occurred while their three juvenile children were at home.

On September 25, 2019, ICE took Mr. Gomes into its custody. At the time of his arrest, Mr. Gomes stated he had back surgery three years prior and still experienced back pain. Mr. Gomes further stated he did not take any medication for the pain. On March 18, 2020, an immigration judge denied Mr. Gomes' renewed request for bond, finding that the government had shown by clear and convincing evidence that Mr. Gomes is a danger to the community. Mr. Gomes must remain in custody, as he poses a significant risk of danger to his family and the public based on his serious criminal convictions for violent conduct towards his family.

**3. Kirkpatrick, Kevin:** Mr. Kirkpatrick is a citizen and national of Jamaica. Kirkpatrick was admitted to the U.S. at New York, NY on March 1, 2015, as a nonimmigrant visitor for pleasure (B-2), with authorization to remain in the US until August 31, 2015. Kirkpatrick is being held under 1236(a) and has a bond hearing scheduled for April 16, 2020 before the immigration court.

On January 11, 2020, Mr. Kirkpatrick was arrested and charged for assault and disorderly conduct. Mr. Kirkpatrick was released following the arrest from Hartford,

Connecticut Police Department on $2,500 bail. His charges remain open.

On March 16, 2020, ICE arrested and served Mr. Kirkpatrick Form I-862, Notice to Appear pursuant to a violation of Section 237(a)(1)(B) of the Immigration and Nationality Act. At the time of his arrest, Mr. Kirkpatrick claimed to have no medical issues or concerns. Mr. Kirkpatrick stated he has one minor child who lives in Jamaica.

ICE avers that Mr. Kirkpatrick remain in ICE custody as he is a danger to the community. In addition, he poses a flight risk, based on limited relief available to him in immigration proceedings.

**4. Monteiro, Alessandro Guilhereme Gomes:** Mr. Monteiro is a citizen and national of Brazil. Monteiro was admitted to the U.S. at Miami, FL on December 9, 1999, as a nonimmigrant visitor for pleasure (B-2) with authorization to remain in the U.S. until June 8, 2000. He is currently detained pursuant to 8 U.S.C. § 1236(a).

Mr. Monteiro has a November 2019 probation violation charge which is currently pending, and three open criminal charges for operating after a suspended license for operating under the influence. Mr. Monteiro's criminal history includes 1) two 2019 convictions for drug possession for a class B substance, both of which he defaulted upon for failure to appear; 2) a conviction for motor vehicle plate obstruction/concealment, which he also defaulted upon for failure to appear; 3) a 2019 conviction for larceny less, a case where Mr. Monteiro defaulted for failure to appear; 4) a 2016 operating under the influence – 2nd offense conviction that he defaulted upon for failure to appear; and 5) a 2010 conviction for operating under the influence. Mr. Monteiro has other dismissed charges, as well (larceny by check, knowing class A

controlled substance present, operating negligently, and a compulsory insurance violation), all of which he defaulted upon for failure to appear.

On October 23, 2014, ICE arrested and served Monteiro Form I-862, Notice to Appear. On April 11, 2018, an immigration judge ordered Monteiro removed to Brazil, in absentia because he failed to appear and after giving him a three month continuance on his first failure to appear in January, 2018.

On November 8, 2019, ERO Boston re-arrested Monteiro pursuant to his final order of removal. At the time of his arrest by ICE, Monteiro claimed to have no medical conditions and to be in good health. Mr. Monteiro should remain in custody as he is a danger to the community and a significant flight risk, based on his repeated failures to appear in multiple criminal proceedings and his two failures to appear in removal proceedings.

7. **Lima, Jucinei:** Lima is a citizen and national of Brazil. He entered the United States at Miami, Florida on June 10, 2015, as a B-2 nonimmigrant with permission to remain in the United Stated until December 9, 2015. Lima is currently detained pursuant to 8 U.S.C. § 1226(a).

Lima came to the attention of ICE when personnel from the Department of State in Sao Paulo, Brazil, contacted ICE regarding Lima's criminal activities in Brazil. Lima is wanted in Brazil for molesting a minor. A sentence of eight years of incarceration was imposed and a Brazilian warrant for his arrest is outstanding. Brazilian authorities have sought information concerning the respondent's location in the United States.

On March 4, 2020, Lima was located and arrested by ICE. At the time of arrest,

Lima did not claim any medical issues. Lima must remain in custody, based upon the outstanding Brazilian arrest warrant and the danger to the community and risk of flight that he poses.

**9. SANCHEZ, Juan:** Sanchez is a citizen and national of Dominican Republic. Sanchez was admitted to the United States at New York, NY on November 13, 1991, as a Legal Permanent Resident. He is subject to mandatory detention under 8 U.S.C. § 1236(c).

ICE encountered Sanchez when he was in custody in Massachusetts for drug distribution. On July 25, 2019, Sanchez was convicted of possession with intent to distribute fentanyl. He was sentenced to two years and six months of incarceration. Sanchez has other convictions for distribution of a class B substance, and a violation of a court order, for which he served six months. Sanchez has recently been released from Massachusetts Correctional Institution- Cedar Junction in Walpole, Massachusetts. Thus, he falls within a group of detainees that the Court has previously indicated would not be released.

Sanchez has no known health issues or concerns aside from anxiety, but he is not prescribed any daily medications. Sanchez should remain in ICE custody because he is a threat to public safety if released based upon his criminal record involving controlled substances.

**10. Dias, Amiry:** Amiry Dias is a citizen and national of Cape Verde. He is currently detained subject to 8 U.S.C. § 1231 pursuant to a final order of removal.

Dias has over thirty arraignments in Massachusetts, six defaulted warrants for which he failed to appear in court, and two orders of protection issued against him.

He has been charged with witness intimidation and threatening, and several other criminal offenses. On May 22, 2017, Dias was convicted for the offense of larceny.

Dias must remain in custody as he is a risk to public safety based on his numerous arrests, conviction, and orders of protection. Dias would be a flight risk should he be released based upon his history of defaulting on criminal court appearances.

The Court is directed to Exhibit 1, attached hereto, for the particulars regarding each of the ten listed detainees.  Defendants do not represent that the others on the initial list of ten pose no risk to the community or no risk of flight.  In fact, ICE has previously determined the opposite.  Defendants' statements herein are intended merely as guidance for the Court in its expressed goal of reducing detainee population density at HCBOC.  Defendants do urge the Court not to release the six persons specifically referenced herein, although Defendants believe that the Court would be justified in declining to release others on the list on account of their propensity to operate motor vehicles while under the influence of alcohol or drug trafficking, for example.

                                Respectfully submitted,

                                ANDREW E. LELLING,
                                United States Attorney

By:   */s/ Thomas E. Kanwit*
       Thomas E. Kanwit
       Michael Sady
       Assistant U.S. Attorneys
       U.S. Attorney's Office
       John J. Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA  02210
       (617) 748-3100
       thomas.kanwit@usdoj.gov
April 15, 2020                     michael.sady@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

|  |  |
|---|---|
|  | */s/ Thomas E. Kanwit* |
| Dated:   April 15, 2020 | Thomas E. Kanwit |