UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
**MARIA ALEJANDRA CELIMEN SAVINO**          )
**and JULIO CESAR MEDEIROS NEVES,**         )
                                            )
**Petitioners-Plaintiffs,**                 )
                                            )      **20-cv-10617 WGY**
  **v.**                                    )
                                            )
**THOMAS HODGSON, et al.,**                 )
                                            )
  **Respondents-Defendants.**               )
_____)

## DEFENDANTS' INPUT REGARDING APRIL 17 LIST

Respondents-Defendants hereby provide the Court with additional information to assist the Court in making its determination of which civil detainees at the Bristol County House of Corrections ("BCHOC") may be safely released pursuant to the conditions set by the Court on April 3, 2020. It is Defendants' position, for the record, that release of none of the listed individuals is required for either their safety or the safety of the remaining civil detainee population at BCHOC.

### Appropriate Detainee Population Density Has Been Achieved

Defendants believe that the prior release of detainees, by Court order and by ICE voluntarily, along with the transfer of an additional six detainees in preparation for removal, and with the likely release of at least six additional detainees on Friday's list, has resulted in a level of detainee population sufficiently low so as to allow appropriate CDC-recommended social distancing at BCHOC.

Defendants filed a Motion to Stay Further Releases and a Memorandum in Support yesterday. In those filings, Defendants show that the BCHOC detainee population has been

reduced from 148 at the outset of this litigation to **89** now, an almost **forty percent** (**40%**) cut. This has resulted in sufficient space for the remaining detainees to practice social distancing at all times, including while sleeping. Defendants urge the Court to stay further releases while it considers the Motion to Stay, and to grant the motion going forward.

**Two Listed Detainees Have Already Been Released:**

**Felix Jijon Mora** is a citizen and national of Mexico. On April 7, 2020, Jijon Mora was released on bond of $15,000 per the immigration judge. **Carlos Lux-Quinilla** is a citizen and national of Guatemala. He was released from ICE custody on April 10, 2020, upon the posting of a bond in the amount of $2,000 pursuant to an immigration judge's custody redetermination decision.

**Individuals Who Must Not Be Released on the April 17 List:** As stated, the Defendants do not believe any additional detainees need to be released to protect the remaining detainees from an outbreak of COVID-19, and Defendants are seeking a stay of any further orders of release.

Nonetheless, as per the Court's order, attached hereto is a detailed analysis of the risk factors for release of the list of ten for April 17, 2020. Defendants suggest that of the second group of ten in the second list of fifty, the following eight individuals **cannot** be safely released into the community and/or should not be released in light of their imminent removal:

> **1. Guerra Nolasco, Marco Tulio:** Guerra Nolasco is a citizen and national of El Salvador. He illegally re-entered the United States without inspection at an unknown place and time. Guerra Nolasco is currently detained subject to 8 U.S.C. § 1226(a). On October 14, 2008, the US Border Patrol apprehended Guerra Nolasco and he was allowed voluntary return to Mexico. On an unknown date and place, Guerra Nolasco

reentered the U.S. without inspection. On February 29, 2020, ICE arrested and served Guerra Nolasco with a Notice to Appear. Guerra Nolasco is currently pending removal proceedings before the immigration court. His next immigration court appearance is scheduled for April 21, 2020 at which time he can seek release from the immigration court on bond.

On February 26, 2017, Guerra Nolasco was arrested by the Massachusetts State Police for operating under the influence of liquor, operating under the influence of liquor-child endangerment and operating negligently. Guerra was convicted all on charges on November 7, 2017. Guerra Nolasco was also arrested on February 7, 2020 by the Massachusetts State Police for operating a motor vehicle with a suspended license which is currently pending.

At the time of arrest by ICE, Guerra Nolasco denied having any medical conditions and stated he was not taking any prescription medications. It is recommended that Guerra Nolasco remain in ICE custody. Guerra Nolasco poses a public safety risk to the community based on his criminal history.

**2. Darocha, Edlander Claudio:** Darocha is a citizen and nation of Brazil. He entered the U.S. at an unknown place and time without inspection. Darocha is currently detained subject to 8 U.S.C. § 1226(a).

On December 10, 2018, Darocha was arrested by the Danbury, CT Police Department and charged with breach of peace and assault 3rd degree. Per the incident report, an individual called the police to report that Darocha broke into his house and punched him in the face.

Darocha was again arrested by Danbury PD on August 11, 2019 and charged with breach of peace 2nd degree, disorderly conduct, criminal trespassing 1st degree, threatening 2nd degree, burglary 1st degree, strangulation/suffocation 2nd degree and two counts assault 3rd degree.

According to the arraignment report, Darocha crashed his truck into a parked car and then fled the scene. The police were then advised that Darocha had assaulted his ex-wife and her new partner. The ex-wife told police that Darocha "called her a 'whore' and then punched her on the left side of her face" causing her to fall to the floor. According to the report, Darocha told her that he would kill her when she said she would call the police. The police noted minor bruising and redness on her face. The ex-wife's boyfriend corroborated her account and also stated that Darocha grabbed him very hard by the throat and punched him twice in the face. All charges are currently pending.

Darocha was previously removed to Brazil on June 20, 2001 by Customs and Border Protection (CBP) after attempting to enter the US with an altered visa at the Orlando, FL port of entry.

On September 22, 2019, ICE arrested and served Darocha with a Notice to Appear. At the time of arrest, Darocha denied having any medical conditions. On November 20, 2019, an immigration judge denied Darocha's request to be released on bond.

On February 10, 2020, an immigration judge denied his application for cancellation of removal but granted Darocha voluntary departure under safeguards. Darocha reserved his right to appeal. On March 9, 2020, Darocha filed a case appeal

with the Board of Immigration Appeals (BIA). His case is currently pending before the BIA.

It is recommended that Darocha remain in ICE custody. He is a risk to public safety based on his criminal history and a flight risk as he faces a return to Brazil if his BIA appeal is dismissed.

### 3. ARMIJOS, Segundo Favian

Armijos is a citizen and national of Ecuador. Armijos entered the United States on or about August 30, 2010, without being admitted or inspected by an Immigration Official. He is currently detained subject to 8 U.S.C. § 1226(a).

On February 6, 2009, Danbury CT Police Department arrested and charged Armijos with assault-3rd degree, and disorderly conduct. Disposition is unknown. On November 7, 2019, Meriden CT Police Department arrested and charged Armijos with assault-3rd degree, and disorderly conduct, both charges are pending. Per the incident report, Armijos' partner called the police claiming that he had hit her. She said that he slapped her across the face and then later struck her in the head with his hand which caused pain and a bump.

On January 7, 2020, ICE arrested Armijos. On March 10, 2020, an immigration judge denied Armijos request for release on bond and determined that ICE met its burden of proof to demonstrate that he was a danger to the community if released. His next immigration court appearance is scheduled for May 18, 2020.

At the time of his arrest, Armijos stated he had no medical issues or concerns. It is recommended that Mr. Armijos remain in ICE custody. He is a risk to public

safety based on his pending criminal charges for assault and disorderly conduct.

**4. MATEO, Melvin Alberto:** Mateo is a citizen and national of the Dominican Republic. Mateo had been previously removed from the United States on November 20, 2018 and had illegally re-entered the United States at an unknown place and on an unknown date without inspection. He is currently detained subject to 8 U.S.C. § 1231 pursuant to a final order of removal.

Mateo has pending charges for trafficking cocaine, identity fraud, giving false address with intent to hinder law enforcement and furnishing a false name. On October 31, 2017, ICE arrested and served a Notice to Appear. On April 25, 2018, an immigration judge ordered Mateo removed to the Dominican Republic. On October 15, 2018, an immigration judge denied Mateo's motion to reopen for post conclusion voluntary departure relief. On November 20, 2018, Mateo was removed from the United States to the Dominican Republic.

On November 4, 2019, ICE encountered and arrested Mateo. On February 3, 2020, Mateo was convicted in U.S. District Court in Boston for 8 U.S.C. 1326 Unlawful Reentry of Deported Alien in which he served 6 months.

At the time of his arrest Mateo stated he has asthma.

On March 24, 2020, Mateo failed to make good faith efforts to interview with the Embassy of the Dominican Republic for travel document issuance. The consulate officers at the Embassy know and understand there is no litigation that would halt the removal of Mateo and will issue a travel document based on this. Travel document issuance is currently pending.

It is recommended that Mateo remain in ICE custody. He is a risk to public safety as based on his pending charges for trafficking cocaine, identity fraud, giving false address with intent to hinder, and furnishing false name. Mateo is also a flight risk as he was previously removed from the United States and illegally re-entered and faces removal in the near future once again.

**5.  MIRANDA-Tapia, German Oliverio:**  Miranda-Tapia is a citizen and national of Mexico. He is currently detained subject to 8 U.S.C. § 1236(a).

On November 1, 2003, Miranda-Tapia entered the US at San Ysidro, CA without inspection. On March 2, 2020, ICE served with Notice to Appear.  Miranda-Tapia is currently pending removal proceedings before the immigration court.  At the time of his arrest by ICE, he claimed to have no medical conditions and to be in good health.  His next immigration court appearance is scheduled for April 21, 2020 at which time he can seek release on bond.

On November 11, 2019, Miranda-Tapia was convicted for misdemeanor assault and sentence to eleven months in prison.  The incident report revealed that Miranda-Tapia crashed his vehicle into another vehicle and then assaulted the other driver by punching and kicking him.

On March 3, 2020, ICE received a letter from a Detective at the Meriden Police Department.  The Detective informs ICE that Miranda-Tapia is "currently under police investigation and accused of a series of felonious sexual assaults against at least three young juvenile victims.  The allegations are documented to have occurred on a regular and persistent basis over the past four years against victims aged between

5 and 10 years old." The Detective further states that Miranda-Tapia "is believed to have a high flight risk potential."

It is recommended that Miranda-Tapia remain in ICE custody. Miranda-Tapia is a flight risk and risk to public safety based to his immigration history and criminal history.

**6. TAYLOR, Rayon :** Taylor is a citizen and national of Jamaica. He was admitted to the US on June 14, 2012 at Port Everglades, FL and a non-immigrant H-2A. Taylor is currently detained subject to 8 U.S.C. § 1226(a).

On December 26, 2019, Taylor was arrested and charged with misdemeanors for simple assault and domestic violence. Both charges are pending. Per the incident report, a witness told police that she observed Taylor hitting the victim with his fists and observed Taylor reaching for an object on a dresser and throwing it at the victim. The witness stated that Taylor and the victim had been married and that there had been altercations in the past. The police observed blood "all over her chest, head, face, under her nose, lips, and swelling on her eyes."

On February 27, 2020, Taylor was arrested by ICE and served with a Notice to Appear. TAYLOR has no known health issues or concerns.

On March 24, 2020, an immigration judge denied Taylor's request to be released on bond finding that ICE met its burden of proof to demonstrate that he posed a risk to the public if released. His next immigration court appearance is scheduled for April 28, 2020.

It is recommended Taylor not be released from custody due to public safety

concerns.

**8. Gonzalez Victorio, Abelardo:** Mr. Gonzalez Victorio is a citizen and national of Mexico. Gonzalez Victorio entered the United States on an unknown date and place without inspection after removal. Gonzalez Victorio is currently detained under 8 U.S.C. § 1226(a).

Gonzalez Victorio has had multiple criminal offenses that include driving under the influence of liquor. Gonzalez Victorio was arrested in Oregon in the early 2000's for driving under the influence of liquor; this charge was later dismissed. On November 14, 2006, he was arrested again for driving under the influence of liquor in New York, NY, in which he was subsequently convicted of this offense. On August 14, 2019, the East Haven Police, CT Police Department arrested and charged Gonzalez Victorio with operation of motor vehicle under the influence of alcohol, operating motor vehicle without license, failure to drive in proper lane, and improper use of license plate. These charges are still currently pending.

On September 18, 2019, ICE arrested and served Gonzalez Victorio with a Notice to Appear. In November of 2019 an immigration judge denied his release on bond, finding that he did not demonstrate he was not a danger to the community based upon his criminal record. On April 8, 2020, an immigration judge again denied Gonzalez Victorio's request for release on bond finding that ICE met its burden of proof that he was a danger to the community if released.

On January 7, 2020, an immigration judge ordered Gonzalez Victorio removed from the United States to Mexico. On February 5, 2020, Gonzalez Victorio filed a

case appeal with the Board of Immigration Appeals (BIA). His and is currently pending with the BIA.

Gonzalez Victorio at the time of arrest stated he did not have any medical issues and was not taking any medication.

It is recommended that Gonzalez Victorio remain in ICE custody. He poses a threat to public safety if released, based on his criminal history, and a flight risk based upon his removal order.

**9. Doe, Isaac Jelleh:** Mr. Doe is a national of the Ivory Coast and citizen of Liberia. Doe entered the United States on December 23, 2003 as a refugee. Doe is currently subject to mandatory detention under 8 U.S.C. § 1231 on account of his final order of removal.

Doe has been arrested and convicted of egregious crimes on multiple occasions since he entered the United States. On May 6, 2008, Doe was arrested in Tennessee for Assault – Reckless endangerment with a deadly weapon; He was later convicted of this offense. On June 23, 2015, Doe was arrested by Providence, RI police department for Burglary and was subsequently convicted for this offense.

On September 5, 2019, ICE arrested and served him with a Notice to Appear. On January 3, 2020, an immigration judge ordered Doe removed from the United States to Liberia. He did not appeal and therefore his order of removal is final. On February 6, 2020, Doe's travel document request was submitted and is pending at this time.

It is recommended that Mr. Doe remain in ICE custody; he poses a threat to public safety based on his criminal history and his a flight risk as he faces removal to

Liberia in the near future.

The Court is directed to Exhibit 1, attached hereto, for the particulars regarding each of the ten listed detainees.  Defendants do not represent that the others on the initial list of ten pose no risk to the community or no risk of flight.  In fact, ICE has previously determined the opposite.  Defendants' statements herein are intended merely as guidance for the Court in its expressed goal of reducing detainee population density at HCBOC.  Defendants do urge the Court not to release the six persons specifically referenced herein, although Defendants believe that the Court would be justified in declining to release others on the list on account of their propensity to operate motor vehicles while under the influence of alcohol or drug trafficking, for example.

                                                Respectfully submitted,

                                                ANDREW E. LELLING,
                                                United States Attorney

By:  */s/ Thomas E. Kanwit*
       Thomas E. Kanwit
       Michael Sady
       Assistant U.S. Attorneys
       U.S. Attorney's Office
       John J. Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA  02210
       (617) 748-3100
       thomas.kanwit@usdoj.gov
April 16, 2020                         michael.sady@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:   April 16, 2020                                */s/ Thomas E. Kanwit*
                                                                               Thomas E. Kanwit