UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**MARIA ALEJANDRA CELIMEN SAVINO**  )
**and JULIO CESAR MEDEIROS NEVES,** )
                                    )
**Petitioners-Plaintiffs,**         )
                                    )    20-cv-10617 WGY
    v.                              )
                                    )
**THOMAS HODGSON, et al.,**         )
                                    )
    **Respondents-Defendants.**     )
_____ )

### DEFENDANTS' INPUT REGARDING APRIL 20 LIST

Respondents-Defendants hereby provide the Court with additional information to assist the Court in making its determination of which civil detainees at the Bristol County House of Corrections ("BCHOC") may be safely released pursuant to the conditions set by the Court on April 3, 2020. It is Defendants' position, for the record, that release of none of the listed individuals is required for either their safety or the safety of the remaining civil detainee population at BCHOC.

### Appropriate Detainee Population Density Has Been Achieved

Defendants believe that the prior release of detainees, by Court order and by ICE voluntarily, along with the transfer of an additional six detainees in preparation for removal, and with the likely release of at least six additional detainees on Friday's list, has resulted in a level of detainee population sufficiently low so as to allow appropriate CDC-recommended social distancing at BCHOC.

Defendants filed a Motion to Stay Further Releases and a Memorandum in Support yesterday. In those filings, Defendants show that the BCHOC detainee population has been

reduced from 148 at the outset of this litigation to **87** now, an over **forty percent** (**40%**) cut. This has resulted in sufficient space for the remaining detainees to practice social distancing at all times, including while sleeping. Defendants urge the Court to stay further releases while it considers the Motion to Stay, and to grant the motion going forward.[1]

**Two Listed Detainees Have Already Been Released:**

**Cordel Smith** was released upon the posting of a $1,500 bond on April 2, 2020.

**Geremias Lopez-Rodriguez** was released on April 3, 2020, upon the posting of a $4,000 bond.

**Individuals Who Must Not Be Released on the April 20 List:** As stated, the Defendants do not believe any additional detainees need to be released to protect the remaining detainees from an outbreak of COVID-19, and Defendants are seeking a stay of any further orders of release.

Nonetheless, as per the Court's order, attached hereto is a detailed analysis of the risk factors for release of the list of ten for April 17, 2020. Defendants suggest that of the second group of ten in the second list of fifty, the following seven individuals **cannot** be safely released into the community and/or should not be released in light of their imminent removal:

    3. **Bonilla Garcia, Darwin Mauricio:** Mr. Bonilla Garcia is a citizen and national of Honduras who entered the U.S. at an unknown place and time without inspection. He is currently subject to mandatory detention under 8 U.S.C. § 1226(c), based on his trafficking in heroin conviction.

---

[1] Plaintiffs continue to submit statistics on the number of COVID-19 cases and deaths in the Commonwealth of Massachusetts. Given that there are still no confirmed cases within BCHOC, these statistics indicate that the detainees are more likely to be exposed to the coronavirus upon release then if they remain detained.

On September 24, 2007, Mr. Bonilla Garcia was arrested by U.S. Border Patrol and issued a Form I-862, Notice to Appear. His initial removal proceedings were dismissed by an immigration judge on February 17, 2012, based upon approved U-visa. However, on June 24, 2016, United States Immigration and Citizenship Services (USCIS) denied his application to register as a permanent residence and on March 7, 2017, USCIS dismissed his appeal. On October 6, 2017, ICE re-arrested Mr. Bonilla Garcia and served him with a new Form I-862, Notice to Appear. Aside from mental health issues, he did not report any medical conditions at the time of is arrest.

On October 8, 2018, Mr. Bonilla Garcia was convicted for heroin possession and drug trafficking. In addition to these convictions, he also has arrests from 2016 and 2017 for drug possession and possession with intent to distribute class A and class B substances. He also has arrests that are pending for battery, public order crimes, and aggravated assault with a weapon. His charges for resisting officer, property damage, and trespassing were ultimately dismissed.

On July 18, 2018, an immigration judge denied Mr. Bonilla Garcia's applications for relief from removal and ordered him removed to Honduras. Mr. Bonilla Garcia filed an appeal of that decision to the Board of Immigration Appeals (BIA). His case was remanded by the BIA on August 22, 2019 and his next immigration court date is April 21, 2020. He is a threat to public safety based upon his convictions and repeated arrests involving the trafficking, distribution, and possession of heroin

**4. Da Graca, Aires Daniel Benros:** Mr. Da Graca is a citizen and national of Cape Verde who entered the U.S. as a lawful permanent resident at Boston Logan International Airport on July 20, 1989. He is currently subject to mandatory detention

under 8 U.S.C. § 1226(c), based on his carjacking conviction.

On September 16, 2019, ICE arrested Mr. Da Graca and issued a new Notice to Appear. Mr. Da Graca has a pending case for cocaine possession. He has previously been convicted of drug possession, domestic violence offenses, trespassing, and carjacking.

On December 12, 2019, an immigration judge ordered Mr. Da Graca removed from the U.S. On January 10, 2020, he filed an appeal of the immigration judge's decision to the Board of Immigration Appeals. Such appeal remains pending. Mr. Da Graca should remain in custody as he is subject to 8 U.S.C. § 1226(c) and is a danger to public safety, based on his criminal record.

**5. Hernandez-Andino, Oscar R.:** Mr. Hernandez-Andino is a citizen and national of Honduras who last entered the U.S. at an unknown place in 2004. He is currently subject to mandatory detention under 8 U.S.C. § 1226(c) based on his criminal convictions.

On February 6, 2020, ERO Boston arrested Mr. Hernandez-Andino following a hearing in the Nantucket District Court for operating under the influence of liquor, where he pleaded guilty and was sentenced to 30 days imprisonment. In December of 2019, he was also charged with identity fraud, however these charges were ultimately dismissed. The police report for this offense reflects that Mr. Hernandez-Andino had been using the identity of a United States citizen from Puerto Rico for several years and was in possession of California ID card, a Bank of America bank card, and a U.S. social security card all in the United States citizen's name. When he was initially arrested, he denied having any previous contact with law enforcement. However, a review of databases generated from Mr. Hernandez-Andino's fingerprints reflect that he has extensive history

of arrests and convictions in California beginning in 2008 for grand theft auto, receipt of stolen property, possession of burglarious tools, owning a chop shop, theft, taking a vehicle without owner's consent, burglary, domestic violence, driving under the influence of alcohol, and possession of a weapon. Aside from chronic pain, he did not report any medical issues at the time he came into ICE custody.

Mr. Hernandez-Andino should remain in ICE custody as a he is a threat to public safety based on his extensive criminal record, and a flight risk given his use of prior alias in an attempt to evade law enforcement.

**6. Leach, Damion Dacosta:** Mr. Leach is a citizen and national of Jamaica who last entered the U.S. on March 15, 2007, as a crewmember at Port Everglades, FL. He is currently detained under 8 U.S.C. § 1226(a).

On February 17, 2017, Mr. Leach was listed as the beneficiary of a Form I-130, Petition for Alien Relative, filed with United States Citizenship and Immigration Services (USCIS) as the spouse of a U.S. citizen. This petition was denied by USCIS on June 11, 2018, for potential marriage fraud. Mr. Leach's sponsor appealed the decision to the Board of Immigration Appeals who later dismissed the appeal. USCIS issued a Form I-862, Notice to Appear, on February 7, 2020.

Mr. Leach has current open charges in Connecticut for identity theft, credit card fraud, larceny, and ATM fraud. The police report for that incident reflects that he had stolen the identity of an 18-year-old girl in Arkansas, who was receiving SSI benefits on account of her disabilities, and was using her identity to collect her SSI benefit checks.

ICE arrested Mr. Leach on March 10, 2020. He did not claim any medical issues at the time of his arrest. On April 14, 2020, an immigration judge denied his request for

bond finding that ICE had met its burden to show that Mr. Leach is a flight risk and that no condition or combination of conditions could ensure his future appearances at the immigration court. Mr. Leach waived appeal of that decision. His next immigration court appearance is April 28, 2020.

ICE recommends maintaining custody of Mr. Leach as an immigration judge has already found him to be a flight risk; USCIS has determined that his marriage to a U.S. citizen was only to obtain an immigration benefit; and he has multiple fraud related crimes pending against him.

**7. Williams, Keith Garfield:** Mr. Williams is a citizen and national of Jamaica who entered the United States as a lawful permanent resident on May 11, 1985, at New York, NY. He is currently detained under 8 U.S.C. § 1226(a).

On May 19, 1993, Mr. Williams was convicted of 2 counts of sexual assault in the first degree and 2 counts of risk of injury to a child. The police report for that offense reflects that he sexually assaulted a 12-year old child. He was sentenced to six years of imprisonment, suspended after one year. He remains on Connecticut`s sex offender registry. Since that time, he has been cited for driving without a license and charged with failure to appear.

Mr. Williams came into ICE custody on February 25, 2020, and was issued an I-862 Notice to Appear. On April 1, 2020, an immigration judge denied Williams' request for bond, finding that ICE had met its burden to show by clear and convincing evidence that he is a danger to the community. He reserved appeal of that decision. His next appearance in immigration court is on May 4, 2020. Mr. Willliams should remain in custody, as he is a risk to public safety as demonstrated by his convictions for sexual

assault and risk of injury to a child.

   9. **Ixcoy-Hernandez, Santos:** Mr. Ixcoy-Hernandez is a citizen and national of Guatemala who entered the United States without inspection at an unknown time and place. He is currently subject to mandatory detention under 8 U.S.C. § 1226(c), on account of his conviction for unlawful restraint in the first degree.

   On August 28, 2018, Mr. Ixcoy-Hernandez was arrested for sexual assault, unlawful restraint, risk of injury, and breach of peace. Mr. Ixcoy-Hernandez pled guilty to unlawful restraint and received a 5-year sentence, suspended after 1 year. The police report for that offense reflects that Mr. Ixcoy-Hernandez was in the process of forcibly raping a woman in his home when three young children walked in on him. He did not stop the rape after the children came into the room and the children eventually called 911 for help.

   On December 20, 2019, ICE arrested Mr. Ixcoy-Hernandez after the state of Connecticut did not honor a previously lodged detainer. He did not report any medical issues at the time of his arrest. On April 16, 2020, an immigration judge denied Mr. Ixcoy-Hernandez's request for bond, finding that he was subject to mandatory detention. Mr. Ixcoy-Hernandez reserved appeal of that decision. His next hearing in immigration court is on April 30, 2020. Mr. Ixcoy-Hernandez must remain in custody as a risk to public safety as demonstrated by his conviction for unlawful restraint, which was plea bargained down from a rape incident.

   10. **Laul, Garang:** Mr. Laul is a citizen and national of South Sudan who entered the United States as a Refugee on July 3, 2001, at New York, NY. Mr. Laul is currently detained pursuant to 8 U.S.C. § 1226(c) on account of his robbery conviction.

Mr. Laul was first encountered by ICE in August of 2010, while serving a 3-6 years sentence for robbery at New Hampshire State Prison. On August 19, 2010, Mr. Laul was issued an I-862 Notice to Appear. On October 5, 2010, an immigration judge ordered Mr. Laul removed from the United States. On December 13, 2010, Mr. Laul was released on an Order of Supervision because ICE was unable to obtain a travel document for him. On November 7, 2017, ICE revoked Mr. Laul's Order of Supervision, due to him being scheduled for an interview with the Embassy of South Sudan. No travel document was issued at that time and on May 15, 2018, ICE released Mr. Laul again on an Order of Supervision with GPS monitoring. On March 28, 2019, an immigration judge granted Mr. Laul's Motion to Reopen his case. On November 5, 2019, ICE re-arrested Mr. Laul for violating the terms of his supervised released. Aside from mental health issues, he did not report any medical concerns at the time of his arrest.

Along with Mr. Laul's 2010 conviction for robbery, he has convictions beginning in 2005 for disorderly conduct, resisting officer, obstructing police, and making a false report. Between the years of 2011-2016, Mr. Laul also has multiple convictions for larceny and forgery. In 2017, he was also arrested for possession of a controlled substance, but such charges were subsequently dismissed.

Mr. Laul should remain in custody pending the outcome of his removal proceedings as he poses a significant threat to the public based on his extensive criminal history (which includes resisting arrest), and because he has previously violated an Order of Supervision.

The Court is directed to Exhibit 1, attached hereto, for the particulars regarding each of the ten listed detainees.  Defendants do not represent that the one other individual on the list of ten poses no risk to the community or no risk of flight.  In fact, ICE has previously determined the opposite.  Defendants' statements herein are intended merely as guidance for the Court in its expressed goal of reducing detainee population density at HCBOC.  Defendants do urge the Court not to release the seven persons specifically referenced herein, although Defendants believe that the Court would be justified in declining to release the one other on the list on account of his propensity to operate motor vehicles while under the influence of alcohol.

                    Respectfully submitted,

                    ANDREW E. LELLING,
                    United States Attorney

By:   */s/ Thomas E. Kanwit*
      Thomas E. Kanwit
      Michael Sady
      Assistant U.S. Attorneys
      U.S. Attorney's Office
      John J. Moakley U.S. Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA  02210
      (617) 748-3100
      thomas.kanwit@usdoj.gov
April 20, 2020       michael.sady@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                    */s/ Thomas E. Kanwit*
Dated:   April 20, 2020                 Thomas E. Kanwit