DECLARATION OF SUPERVISORY DETENTION AND DEPORTATION OFFICER
DAVID WESLING

Pursuant to the authority of 28 U.S.C. § 1746, I, David Wesling, a Supervisory Detention and Deportation Officer ("SDDO") for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations, Burlington, Massachusetts declare as follows:

1. I am an SDDO for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE ERO Boston").

2. Included in my official duties as an SDDO for ICE ERO Boston is the responsibility for managing and monitoring the ICE ERO Boston's roster of aliens in ICE custody who are detained for purposes of removal proceedings as well as effectuation of final orders of removal. I am familiar with ICE policies and procedures for detaining individuals in order to initiate removal proceedings or to effectuate removal orders as well as releasing individuals from ICE custody.

3. I have experience utilizing ICE record systems to obtain information regarding specific aliens. ICE maintains electronic and paper records on aliens in the course of its regularly conducted business activity. These records are made in the course of regularly conducted business activity at or near the time of relevant events by a person with knowledge of these events. In preparing this declaration, I have examined ICE official records, including the Enforce Alien Removal Module ("EARM") and PLAnet. EARM is the ICE electronic database utilized by ERO to maintain information regarding the custody and removal status of aliens. PLAnet is the ICE electronic database maintained by ICE's Office of the Principal Legal Advisor as a case and document management system.

1

These databases are the electronic records ordinarily relied upon to ascertain an alien's immigration and criminal history, current case status, and plans for removal, if any.

4. In the course of preparing this declaration, I have examined the official records available to me regarding the immigration history and custody status of Flavio Prado Junior ("Petitioner"), Administrative File No. ▮▮▮ 399. I have also discussed this case internally with Officers within the ICE ERO Boston detained unit.

5. The Petitioner is a citizen and national of Brazil. ICE does not have any record of a lawful admission to the United States on his behalf.

6. In February of 2019, the Petitioner came to the attention of the ICE Homeland Security Investigation's Attache in Brasilia based upon information received from a Civil Police Agent in Rio de Janeiro, Brazil in reference to an arrest warrant issued for a Brazilian national identified as Flavio Andrade Prado Junior, Date of Birth, ▮▮▮, 1978.

7. According to Brazilian records regarding the Petitioner, the arrest warrant issued in Brazil was issued on July 13, 2012 and is valid until May 6, 2024. The warrant was issued for the "recapture" of the Petitioner.

8. According to Brazilian records, the Petitioner was arrested for vehicle theft in the city of Contagem, Minas Gerais Brazil on March 22, 1998. He was also arrested for vehicle theft on March 10, 1999 in Brazil. He was again arrested in Minas Gerais, Brazil on July 17, 2003 for theft.

9. Brazilian records also demonstrate that he was arrested in Minas Gerais and charged with rape. He was subsequently convicted of this offense in 2006.

10. Brazilian records further indicate that the Petitioner escaped prison in Brazil on May 8, 2008.

11. ICE encountered the Petitioner on April 25, 2019 at his residence. The Petitioner stated to ICE that he used his brother's – Leandro Andrade – passport to travel from Brazil to Panama via commercial airline in 2008 and then eventually entered the United States without inspection. Criminal records also indicate that the Petitioner was arrested and charged with driving without a license in September of 2012 and that the Petitioner used his brother's name when arrested.

12. The Petitioner stated that he was married to a U.S. citizen since 2012 and that they have two U.S. citizen children together. ICE records did not indicate that any petitions had been filed on his behalf by his U.S. citizen spouse at the time of his arrest.

13. ICE detained the Petitioner pursuant to its authority under 8 U.S.C. § 1226(a) and determined to maintain the Petitioner in custody pending his removal proceedings based upon his criminal record, escape and flight from prison in Brazil, and use of an alias.

## Immigration Proceedings

14. On June 4, 2019, the Petitioner sought and received a custody redetermination hearing before the Boston Immigration Court.

15. The immigration judge denied the Petitioner's request for a custody redetermination finding that the Petitioner had not met his burden of proof to demonstrate that he was not a danger to the community or a flight risk. Petitioner did not perfect an appeal of this decision to the Board of Immigration Appeals ("BIA").

16. On December 10, 2019, an immigration judge denied his applications for relief from removal and ordered his removal to Brazil. The immigration judge deemed that the

Petitioner was not credible in his denial of the underlying allegations that led to his conviction for rape in Brazil. The immigration judge further determined that the Petitioner's conviction for rape in Brazil constituted a valid conviction for purposes of U.S. immigration law. Therefore, the immigration judge held that the conviction qualified as an aggravated felony conviction and also as a particularly serious crime and that there was evidence that the Petitioner had committed a serious nonpolitical crime outside of the United States prior to his arrival.

17. Therefore, the immigration judge concluded that the respondent was ineligible for asylum, withholding of removal, and cancellation of removal. The immigration judge also denied his application for protection from removal under the Convention Against Torture and his application for voluntary departure.

18. The Petitioner appealed this decision to the BIA on January 7, 2020 and the appeal remains pending.

I declare under penalty of perjury that the foregoing is true and correct.

Signed on the Twenty-Fourth day of February, 2020

*[signature]*

David Wesling

Supervisory Detention and Deportation Officer

U.S. Department of Homeland Security

United States Immigration and Customs Enforcement

Burlington, Massachusetts