UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA ALEJANDRA CELIMEN SAVINO, JULIO CESAR MEDEIROS NEVES, and all those similarly situated,<br><br>        Petitioners-Plaintiffs,<br><br>        v.<br><br>STEVEN J. SOUZA,<br><br>Respondent-Defendant. | Case No. 1:20-cv-10617 WGY |

### BRIEFING ON INDIVIDUAL APPLICATIONS FOR BAIL
### THURSDAY, APRIL 23, 2020

1. Baez Guerrero, Altagracia
2. Fall, Abdulaye
3. Domingo-Mendez, Jeremias
4. Guzman-Figueroa, Metodoio
5. Lucas-Cor, Gregorio
6. Mutare, Alois
7. Pillco-Morocho, Mario
8. Rubio-Suares, Augustin
9. Tep, Samnang

10. Bassyouni, Mohamad

**INTRODUCTION**

Plaintiffs respectfully submit this briefing on the individual applications for bail that are scheduled for the Court's consideration on April 23, 2020.  Information that is common to a number of applications (*e.g*., briefing on CDC high-risk medical conditions) has previously been filed with this Court, *see* ECF 52, 56, 65, 74, 78, 81, 84, 89, 92, 100, 104, 110, and is incorporated herein by reference.  The individualized briefings that are attached hereto as Exhibits 1-9 refer to this information as it may be relevant to particular individuals, and also include the following information for each individual: a) Biographical Information; b) Medical Condition; c) Plans For Transportation/Lodging If Released; d) Criminal History; and e) Immigration History.[1]

In addition to the nine individuals on for consideration on April 23, 2020, Plaintiffs also submit briefing for the first time regarding Mohamad Bassyouni.  Mr. Bassyouni was among the first group of individuals considered by the Court on April 2, 2020.  The Court denied his application for bail at that time without prejudice "subject to resubmission by petitioners' counsel of a more detailed request."  ECF 44 at 2.  That more detailed request for Mr. Bassyouni is attached as Exhibit 10.

---

[1] As with previous filings, if the Court determines that there are certain records or additional evidence that is needed, or wishes the included material to be presented in a different format, Plaintiffs respectfully request that the Court so inform counsel, so that we may attempt to provide it to the Court expeditiously.

## **COMMON ISSUES IN INDIVIDUALIZED BRIEFINGS**

### I.      **The COVID-19 Pandemic Continues to Escalate in Massachusetts.**

|  | COVID-19 Deaths (MA) | COVID-19 Cases (MA)[2] |
|---|---|---|
| *March 27, 2020 (Date of Complaint Filing)* | 35 | 3240 |
| *April 22, 2020* | 2,182 (increase of 221 in last 24 hours) | 42,944 (increase of 1,745 in last 24 hours) |

As what has been described as "the surge" of COVID-19 escalates in Massachusetts, the most recent 24-hour death count represents the largest single-day total yet; Governor Baker has reiterated that Massachusetts "is now a national hot spot for COVID-19 infections …."[3] Moreover, in-depth analysis indicates the likelihood that the reported numbers do not reflect the full extent of the pandemic's toll: "'We are absolutely undercounting COVID-19 deaths, there is not a doubt in my mind about that,' said Dr. Michael Mina, an assistant professor of epidemiology at Harvard T.H. Chan School of Public Health.  'And if we undercount deaths, we deflate fatality rates.'"[4]  Public health experts continue to highlight social distancing – of the type not possible in BCHOC – as the only effective measure to stop the pandemic surge that the Commonwealth is currently undergoing. The distress experienced by many Plaintiffs, who recognize both the grave threat of COVID-19 and the many shortcomings of Defendant's response, is reflected in the attached letter dated April 21, 2020 from women held by ICE at Bristol County.  *See* Ex. 11.

---

[2] Source: https://www.mass.gov/info-details/covid-19-cases-quarantine-and-monitoring.
[3] BOSTON GLOBE, *Mass. reports 221 new coronavirus deaths, 1745 new cases; Baker says nearly 4000 hospitalized* (April 22, 2020), *available at* https://www.bostonglobe.com/2020/04/22/nation/coronavirus-boston-massachusetts-april-22/.
[4] BOSTON GLOBE, *Official toll of Massachusetts coronavirus deaths likely undercounted, a review shows* (April 22, 2020), *available at* https://www.bostonglobe.com/2020/04/22/nation/official-toll-massachusetts-coronavirus-deaths-likely-undercounted-review-shows/.

## II. New Individuals Continue To Be Admitted To BCHOC ICE Detention.

On April 21, 2020, Defendant filed a Notice of Additional Detainees, in which Defendant informed the Court that four (4) individuals have come into ICE custody at BCHOC since the initiation of this lawsuit. Earlier this week in their April 21, 2020 Briefing, Plaintiffs had noted that new individuals were apparently being admitted into immigration detention at BCHOC, although Defendant has not brought any such admissions to the Court's (or Plaintiffs') attention. *See* ECF 104; *see also* ECF 64 (Memorandum and Order) at 25 ("Although the government has not declared that it will not admit more detainees to BCHOC during this health crisis, it has agreed to notify the Court before doing so.") Although unstated, Defendant's position appears to be that its actions in admitting these four additional detainees to BCHOC does not count as admitting more detainees because they were transferred from state custody in a different part of Bristol County's facilities.[5]

Putting aside whether the admission of these new detainees should have been brought to the Court's and Plaintiffs' attention earlier, it is a highly problematic development now. As the Court has previously recognized, transfers of new individuals into immigration detention poses numerous problems. Most importantly, any transfer of a new individual (without being tested for COVID-19, as Defendant has stated does not happen for new admittees) increases the risk of infection entering the immigration detention facilities. Moreover, as Plaintiffs have demonstrated in prior filings, *see* ECF 91, the current population level at BCHOC is already

---

[5] Additionally, Defendant's Notice of Additional Detainees specifies that three of the individuals (Gabriel Javier De La Paz, Bacilio Blanco, and Emmanuel Lopez Gonzalez) were transferred from "criminal BCHOC to civil BCHOC" whereas one of the individuals (Geraldo Cruz Soares) was expected to come into ICE custody "from state custody at Bristol." ECF 109. Plaintiffs are not clear on whether "state custody at Bristol" is meant to be distinct from "criminal BCHOC." To the extent that "state custody at Bristol" differs because it involves an entirely different facility, this poses even greater risk of infection for detained individuals. BCHOC is only one of several facilities within the Bristol County Sheriff's Office's jurisdiction. *See* Bristol County Sheriff's Office, *Facilities*, https://www.bcso-ma.us/facilities.htm.

unreasonably unsafe, meaning that any new transfers in only exacerbate that problem and heighten the constitutional issues at issue in this lawsuit.

At a minimum, to the extent that the Court (and Plaintiffs) are attempting to remain informed about the population level in Bristol County's immigration detention facilities, new transfers that are not made immediately known work counter to that goal. Plaintiffs request that, as this litigation progresses, Defendant provide regular, weekly updates of the population at BCHOC's immigration detention facilities to the Court and to Plaintiffs, including which individuals have been released and the current population level.

### III. Numerous Individuals Who Have Been Transferred For Removal Have Not In Fact Yet Been Removed.

On a number of occasions since the initiation of this lawsuit, the Court has indicated to Defendant that if any class members are transferred out of BCHOC (as opposed to released), that should only be for purposes of removal, and that removal would be expected to occur within a two week period.

However, as shown in Exhibit 12 (the spreadsheet that accompanies this Briefing), this has not been the case for numerous class members. For example, Defendant gave notice on April 8, 2020 that six class members were being transferred in order to be removed. *See* Ex 12, Rows 2-7 (citing ECF 58, 62). Yet as of today (2 weeks later), one individual appears to be in New Hampshire, one in Louisiana, and one still in BCHOC. *See id*., Rows 1, 4, 6. This is problematic to the extent that it deprives these class members of an opportunity to be considered by this Court for bail. Moreover, it illustrates the problem that Plaintiffs have regularly raised in these Daily Briefings: that under current pandemic conditions, removal to many countries is impossible. However, shuffling individuals off to various other facilities around the country, and then potentially leaving them there because removal cannot be effected, is both counter to public

health and to those individuals' rights.  Plaintiffs request the ability to submit individual applications for bail for any such class members.

One individual in particular deserves mention.  In Defendant's April 13, 2020 Input about **Jose Rivera Fernandez**, the government represented that "Notice of Intent to Transfer was filed with the Court for this individual on April 9, 2020."  ECF 79.  This is incorrect.  Defendant did file a Notice of Intent to Transfer on April 8 (the reference to April 9 appears to be a typo, as there was no Notice filed on that date).  However, the individual listed in that Notice is Jose Del Rosario Fernandez.  ECF 62.  This is a different individual who, to Plaintiffs' understanding, has in fact by now been transferred out of BCHOC.  Jose Rivera Fernandez, however, has not. Plaintiffs bring this to the Court's attention to make sure that the record is accurate, and that it is clear that Jose Rivera Fernandez is not someone for whom a Notice of Intent to Transfer has been filed.  Plaintiffs have submitted to the Court an individual application for bail for Jose Rivera Fernandez on April 13, 2020 (ECF 78, Ex. 8), and that application remains pending with the Court.  ECF 86 ("The remaining bail determinations already considered remain under advisement.").

## CONCLUSION

Plaintiffs submit that for the foregoing reasons, as well as the specific reasons laid out in the attached individualized briefings, this Court should grant the release of all of the individuals on the Court's list for April 23, 2020, as well as Mohamad Bassyouni.

April 23, 2020

Respectfully Submitted,
     /s/ Oren Sellstrom
Oren Nimni (BBO #691821)

Oren Sellstrom (BBO #569045)
Lauren Sampson (BBO #704319)
Ivan Espinoza-Madrigal†
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 988-0606
onimni@lawyersforcivilrights.org

Grace Choi, Law Student Intern[*]
Kayla Crowell, Law Student Intern[*]
Laura Kokotailo, Law Student Intern[*]
Aseem Mehta, Law Student Intern[*]
Alden Pinkham, Law Student Intern[*]
Bianca Rey, Law Student Intern[*]
Megan Yan, Law Student Intern[*]
Muneer Ahmad[§]
Reena Parikh[†]
Michael Wishnie (BBO# 568654)
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
michael.wishnie@ylsclinics.org

---

[§] *pro hac vice*.
[†] Admitted *pro hac vice*.
[*] Motion for law student appearances pending.

## **CERTIFICATE OF SERVICE**

       I hereby certify that, on April 23, 2020 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of this court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Date:   April 23, 2020

  /s/ Oren Sellstrom
Oren Sellstrom (BBO #569045)