# UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA ALEJANDRA CELIMEN SAVINO, *et al.*, <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> STEVEN J. SOUZA, Superintendent of Bristol County House of Corrections, in his Official Capacity, <br><br> Respondent-Defendant. | Case No. 1:20-cv-10617-WGY |

**PLAINTIFFS' UNOPPOSED MOTION TO MODIFY RELEASE TERMS**

By this Motion, Plaintiffs respectfully request that the Court modify its terms of release for individuals admitted to bail to allow such individuals to attend any required probationary appointments or criminal proceedings to which they may be a party. Good cause exists for these modifications. While Defendants do not join this Motion, they have indicated that they do not oppose it.

**I.     House Arrest Exemption For Probation/Criminal Proceedings**

On April 3, April 7, April 9, April 10, April 16, and April 21, 2020, the Court in this matter ordered a number of individuals to be released on bail. *See* ECF 44; ECF 55; ECF 73;

ECF 76; ECF 90, ECF 107.  In doing so, the Court applied certain conditions to release, as set forth in paragraph 2 of its April 4, 2020 Order, ECF 44, and as modified at the hearing on April 9, 2020 to permit ICE in its discretion to include electronic monitoring as a condition of bail. One of these conditions is that releasees shall remain under house arrest and not leave their residence "for any reason save to attend immigration proceedings or attend to their own medical needs should those needs be so severe that they have to go to a doctor's office or hospital…." ECF 44.

Since these orders have been entered, several class members and/or their immigration attorneys have asked Plaintiffs' counsel whether the Court's release order permits individuals to leave their residence to comply with probation requirements (for example, to check in with a Probation Officer, if and when physical check-in is required) and whether it permits them to attend required proceedings for criminal matters to which they may be a party.

Although these situations are not explicitly covered by the Court's existing exemptions on house arrest, it would serve the interests of justice for them to be included.  The Court, in crafting release conditions, recognized that attendance at immigration proceedings or urgent medical appointments justifies an exemption to the house arrest requirement. Similar justifications apply in ensuring that individuals meet probation or criminal proceeding requirements.  As the Court is aware, the consequences of failing to meet probationary requirements or failing to attend criminal proceedings can have significant consequences. Allowing individuals to attend these proceedings while remaining under house arrest would address the Court's overall interest in ensuring that individuals self-quarantine, while permitting this limited exception.  Although Defendants have declined to join in this Motion, they have indicated that they do not oppose it.

## II. Requested Modification

Accordingly, Plaintiffs request that the Court modify its release terms for the individuals released through Orders dated April 3, 7, 9, 10, 16, and 21, 2020 to add the following language at the end of section (e) of the Court's release conditions, *see* ECF 44, paragraph 2: "… or attend required probationary appointments or criminal proceedings."

DATED:     April 23, 2020

Respectfully Submitted,


  /s/ Oren Sellstrom
Oren Nimni (BBO #691821)
Oren Sellstrom (BBO #569045)
Lauren Sampson (BBO #704319)
Ivan Espinoza-Madrigal (pro hac vice)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 988-0606
onimni@lawyersforcivilrights.org

Grace Choi, Law Student Intern*
Kayla Crowell, Law Student Intern*
Laura Kokotailo, Law Student Intern*
Aseem Mehta, Law Student Intern
Alden Pinkham, Law Student Intern*
Bianca Rey, Law Student Intern*
Megan Yan, Law Student Intern*
Muneer Ahmad[†]
Reena Parikh[†]
Michael Wishnie (BBO# 568654)
Jerome N. Frank Legal Services Org.
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
michael.wishnie@ylsclinics.org

* law student appearance pending
[†] admitted *pro hac vice*.

## CERTIFICATE OF CONSULTATION

I hereby certify that pursuant to Local Rule 7.1(A)(2) the parties have conferred.  Defendants' counsel has stated that while Defendants do not join in the Motion, they do not oppose it.

DATED: April 23, 2020

_/s/ Oren Sellstrom_____
Oren Sellstrom

## CERTIFICATE OF SERVICE

I hereby certify that, on April 23, 2020 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of this court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Date:   April 23, 2020

__/s/ Oren Sellstrom_____
Oren Sellstrom (BBO #569045)