UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**MARIA ALEJANDRA CELIMEN SAVINO**  )
**and JULIO CESAR MEDEIROS NEVES,** )
                                    )
**Petitioners-Plaintiffs,**         )
                                    )   20-cv-10617 WGY
    v.                              )
                                    )
**THOMAS HODGSON, et al.,**         )
                                    )
    **Respondents-Defendants.**     )
_____)

## DEFENDANTS' OPPOSITION TO MOTION FOR INFORMATION OR A STAY OF TRANSFER

Respondents-Defendants hereby oppose Plaintiffs' motion for additional information regarding, or for a stay of, the transfer of immigration detainees **ISSAC DOE** and **WOODLEY DODIEU**.

Doe and Dodieu will be transferred to the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island no sooner than 1:30 p.m. on Monday, May 11, 2020. Notice was provided on a timely basis to the Court and opposing counsel on Thursday, May 7, 2020.

Simply put, this Court does not have the authority to stay the transfer under these circumstances. This is a matter left to the discretion of ICE, under authority delegated by the Attorney General pursuant to 8 U.S.C. § 1231(g)(1). *See, e.g., Aquilar v. U.S. Immigration & Customs Enf't Div. of the Dep't of Homeland Sec.*, 490 F. Supp. 2d 42, 48 (D. Mass.), *aff'd sub nom. Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1 (1st Cir. 2007).

As stated in *Lway Mu v. Whitaker*, No. 6:18-CV-06924-MAT, 2019 WL 2373883, at *5

(W.D.N.Y. June 4, 2019):

> The Court concludes that it does not have the authority to dictate to DHS where Petitioner should be housed. "The Attorney General is mandated to 'arrange for appropriate places of detention for aliens detained pending removal.'" *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (citing 8 U.S.C. § 1231(g)(1)). "The Attorney General's discretionary power to transfer aliens from one locale to another, as [he or] she deems appropriate, arises from this language." *Id.* (holding that "a district court has no jurisdiction to restrain the Attorney General's power to transfer aliens to appropriate facilities by granting injunctive relief in a *Bivens* class action suit") (*citing Rios–Berrios v. INS*, 776 F.2d 859, 863 (9th Cir. 1985) (interpreting former statute now codified as § 1231(g); *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988). Petitioner's request for an injunctive relief accordingly is denied as beyond this Court's jurisdiction.

Similarly, another district court case from the Western District of New York reached the same conclusion, rejecting a petitioner's request the court restrain respondents from transferring him out of the jurisdiction of the court while he remained in respondents' custody. The court held that it lacked jurisdiction to consider such a request. *Adejola v. Barr*, No. 19-CV-00241 EAW, 2019 WL 4893801, at *3 (W.D.N.Y. Oct. 4, 2019)(*citing Salazar v. Dubois*, No. 17-CV-2186 (RLE), 2017 WL 4045304, at *1 (S.D.N.Y. Sept. 11, 2017) ("[T]his Court does not have authority to issue an order to change or keep [an immigration detainee] at any particular location."); *Salim v. Johnson*, No. 15-CV-68-JTC, 2015 WL 4094696, at *2 n.3 (W.D.N.Y. July 7, 2015) (same)).

With respect to an order to not be moved out of a particular facility, 8 U.S.C. § 1231 and case law indicate that an alien's location is completely under the discretion of the Attorney General. As stated in *Salazar v. Dubois*, No. 17-CV-2186 (RLE), 2017 WL 4045304, at *1 (S.D.N.Y. Sept. 11, 2017):

> The Court agrees. A court lacks jurisdiction to review decisions of the Attorney General where the authority is derived from

>subchapter II of Chapter 12 of Title 8. 8 U.S.C. § 1252(a)(2)(B)(ii); Subchapter II encompasses the Attorney General's authority to "arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g)(1). Thus, without a showing that a transfer would infringe on Salazar's constitutional rights, this Court does not have authority to issue an order to change or keep Salazar at any particular location. *See Zheng v. Decker*, No. 14 Civ. 4663 (MHD), 2014 WL 7190993, at *15-16 (S.D.N.Y. Dec. 12, 2014) (denying petitioner's request that the court order ICE not to transfer him to another jurisdiction); *Avramenkov v. I.N.S.*, 99 F. Supp. 2d 210, 213 (D. Conn. 2000) (finding that the court lacks jurisdiction to prevent the Immigration and Naturalization Services from transferring petitioner).

This Court has stated on multiple occasions that Defendants may transfer detainees out of BCHOC as one means of reducing the population density.[1]  The Court's most recent order, from May 7, 2020, proscribes transfers *in* to BCHOC, but does not say anything about transfers *out*, in keeping with the Court's prior approach – i.e., that the class action concerns only the safety of detainees at BCHOC.

Indeed, Plaintiffs' have repeatedly stressed, including in their filing on May 6, 2020, that more detainees must be removed from BCHOC in order to make it safe.  They cannot now be heard to object to such a move.  Plaintiffs' motion should be denied in its entirety.

>Respectfully submitted,
>
>ANDREW E. LELLING,
>United States Attorney
>
>By:  */s/ Thomas E. Kanwit*
>Thomas E. Kanwit
>Michael Sady

---

[1] "Nor does it matter how the density of Detainees is reduced. Transfer to less crowded facility, deportation, release on bond, or simply declining to contest lawful residence -- any of these methods would effectively minimize the concentration of people in the facility. This affords the government greater flexibility and minimizes the differences among the various Detainees." Docket # 64 at p. 23; *see also* April 3, 2020 hearing transcript at p. 25.

|  |  |
|---|---|
| May 11, 2020 | Assistant U.S. Attorneys<br>U.S. Attorney's Office<br>John J. Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA  02210<br>(617) 748-3100<br>thomas.kanwit@usdoj.gov<br>michael.sady@usdoj.gov |

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

|  |  |
|---|---|
|  | */s/ Thomas E. Kanwit* |
| Dated:   May 11, 2020 | Thomas E. Kanwit |