# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
                                            )
**MARIA ALEJANDRA CELIMEN SAVINO**          )
**and JULIO CESAR MEDEIROS NEVES,**         )
                                            )
**Petitioners-Plaintiffs,**                 )
                                            )    **20-cv-10617 WGY**
    **v.**                )
                                            )
**THOMAS HODGSON, et al.,**                 )
                                            )
    **Respondents-Defendants.**  )
_____ )

## DEFENDANTS' MOTION FOR AN EXPEDITED DECISION ON THEIR MOTION TO COMPEL RESPONSES TO DISCOVERY

Plaintiffs have informed the Court and Defendants via an email to the Courtroom Clerk that they do not intend to respond to Defendants' Motion to Compel Discovery Responses until Friday, May 15, 2020.[1] The discovery requests were served on Wednesday, April 29, 2020. Plaintiffs never informed Defendants that they did not intend to provide any information in response to the Defendants' interrogatories despite a pattern of multiple emails back and forth between the parties to ensure that Defendants complied with Plaintiffs' expedited discovery requests. In stark contrast to the manner in which Plaintiffs approached discovery, Defendants bent over backwards, producing three deposition witnesses and thousands of pages of documents

---

[1] The May 11, 2020 email to Ms. Gaudet states: "Dear Ms. Gaudet -- I'm writing with respect to Defendants' motion to compel (ECF 166), which was filed on Wednesday, May 6. Plaintiffs intend to file an opposition. Under the local rules, our opposition is due on Wednesday, May 20. We do not think it will take that long, however, and were planning to submit our opposition by the end of the day on Friday May 15. If the Court would like something sooner, please let us know." The Court should, indeed, let Plaintiffs know that an expedited opposition is required.

in five days.

Plaintiffs' stonewalling of the interrogatories was almost entirely based on their incorrect determination that the number of interrogatories exceeded the limit in the Local Rules. *See* Defendants' Motion to Compel, dkt. # 166. That Plaintiffs now seek to further delay their opposition to the motion to compel, after having benefitted from Defendants' good faith efforts to meet their expedited demands in time for the preliminary injunction hearing, smacks of gamesmanship. It ought not to be countenanced. The rules, and the principle of fair play, applies to both sides. Plaintiffs are taking advantage of the Court and Defendants, who have been deprived of the information they sought for the preliminary injunction hearing.

Defendants respectfully request that the Court order Plaintiffs to respond to the Motion to Compel within twenty-four hours. They have had the interrogatories for two weeks and the Motion to Compel for five days. The issue (i.e., how to count subparts of interrogatories under the Local Rules) is not very complex. Defendants require the discovery to perfect a motion for reconsideration, and, in any event, Plaintiffs cannot justify their failure to comply with expedited discovery from Defendants while taking advantage of expedited discovery requests of their own, and then argue that the normal, unexpedited rules of discovery now apply.

                Respectfully submitted,

                ANDREW E. LELLING,
                United States Attorney

By:   */s/ Thomas E. Kanwit*
       Thomas E. Kanwit
       Michael Sady
       Assistant U.S. Attorneys
       U.S. Attorney's Office
       John J. Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA  02210

                                          (617) 748-3100
                                     thomas.kanwit@usdoj.gov
                                     michael.sady@usdoj.gov

May 11, 2020

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:   May 11, 2020
                                       */s/ Thomas E. Kanwit*
                                       Thomas E. Kanwit