# APPENDIX A

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARIA ALEJANDRA CELIMEN SAVINO, *et al.*, | |
| Plaintiffs-Petitioners, | Case No. 1:20-cv-10617-WGY |
| v. | May 4, 2020 |
| STEVEN SOUZA, | |
| Defendant-Respondent. | |

## PETITIONERS' RESPONSES AND OBJECTIONS TO RESPONDENT'S FIRST AND FIRST SUPPLEMENTAL INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Petitioners hereby submit the following responses and objections to the Interrogatories served by Respondent. These responses are made within the limits of, and subject to, the objections set forth below. In setting forth their responses to the Interrogatories, Petitioners do not waive the attorney-client privilege, work-product doctrine, or any other privilege or immunity from disclosure that may attach to information called for in response to the Interrogatories.

Further, the following responses (and any further responses to the Interrogatories) are made without acknowledgment of the admissibility or relevance of the information requested or that the Interrogatories are proportional to the needs of this case.

Respondent's Interrogatory No. 1:

For each of the Class members that have been released as of this date describe:

a. The type of dwelling they are living in (i.e., apartment, single family home, etc.);

b. Whether they have a bedroom of their own;

c. If they do not have their own bedroom, how many others sleep in the same room, the size of the room, the number of beds in it, the size of the beds, and how many sleep in each bed;

      d.   The number of rooms in the dwelling;

      e.   A listing of all persons living in the dwelling (if it is an apartment, in the apartment);

      f.   The approximate age of each resident;

      g.   Whether each resident is working or not, and, if so, the location of that work and the schedule.

      h.   The occupation of the detainee;

      i.   The name and address of the detainee's last place of employment;

      j.   All sources of income the detainee has to support him/herself;

      k.   What medical insurance is available to the detainee; and

      l.   The medications required by the detainee and the expected source of medications.

**Petitioners' Objections**: Petitioners object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case," as required by Federal Rule of Civil Procedure 26(b)(1). This litigation concerns whether the practices and conditions of confinement at the Bristol County House of Correction and Facilities (BCHOC) violate Petitioners' constitutional and statutory rights. The information requested in Respondent's Interrogatory No. 1 exclusively pertains to details about the lives and livelihoods of class members who are *no longer* in custody at BCHOC and their co-habitants. The requested information bears no relationship to whether the practices or conditions at BCHOC violate Plaintiff class members' constitutional or statutory rights nor any applicable defense to those allegations.

Petitioners also object on the grounds that this interrogatory seeks twelve discrete categories of information with respect to 48 class members who have been placed on bail, and therefore far exceeds the limits on the number of interrogatories that a party may serve.

Respondent's Interrogatory No. 2:

      Describe the dimensions of all rooms in the dwelling where any released detainee resides and provide a description of the room's function (i.e., kitchen, living room, etc.).

**Petitioners' Objections**: Petitioners object to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case," as required by Federal Rule of Civil Procedure 26(b)(1). This litigation concerns whether the practices and conditions of confinement

at BCHOC violate Petitioners' constitutional and statutory rights. The information requested in Respondent's Interrogatory No. 2 exclusively pertains to details about the physical dimensions of the homes of class members who are *no longer* in custody at BCHOC. The requested information bears no relationship to whether the practices or conditions at BCHOC violate Plaintiff class members' constitutional or statutory rights nor any applicable defense to those allegations.

Petitioners also objects on the grounds that this interrogatory seeks discrete information about every room in any dwelling occupied by the 48 class members who have been placed on bail, and therefore exceeds the limits on the number of interrogatories that a party may serve.

Interrogatory No. 3:

For each detainee who has not been released to date or denied bail by the Court, please describe:

> a. The type of dwelling in which they will live if released (i.e., apartment, single family home, etc.);
>
> b. Whether they will have a bedroom of their own;
>
> c. If they will not have their own bedroom, how many others will sleep in the same room, the size of the room, the number of beds in it, the size of the beds, and how many will sleep in each bed;
>
> d. The number of rooms in the dwelling;
>
> e. A listing of all persons living in the dwelling (if it is an apartment, in the apartment);
>
> f. The approximate age of each resident;
>
> g. Whether each resident is working or not, and, if so, the location of that work and the schedule;
>
> h. The occupation of the detainee to be released;
>
> i. The name and address of the detainee's last place of employment;
>
> j. All sources of income the detainee has to support him/herself if released;
>
> k. What medical insurance would be available to the detainee; and
>
> l. The medications required by the detainee and the expected source of medications if released.

**Petitioners' Response**: Petitioners object to this Interrogatory on the grounds that it is overly

broad, unduly burdensome, and seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case," as required by Federal Rule of Civil Procedure 26(b)(1). This litigation concerns whether the practices and conditions of confinement at BCHOC violate Petitioners' constitutional and statutory rights. The information requested in Respondent's Interrogatory No. 3 exclusively pertains to speculative details about what the lives and livelihoods of class members *could* entail if they were, at some unspecified point in the future, *no longer* in custody at BCHOC and their potential co-habitants. The requested information bears no relationship to whether the practices or conditions at BCHOC violate Petitioners' class members' constitutional or statutory rights nor any applicable defense to those allegations.

Petitioner also objects on the grounds that this interrogatory seeks twelve discrete categories of information with respect to more than 100 class members, and therefore exceeds the limits on the number of interrogatories a party may serve.

Subject to and without waiving these objections, Petitioners refer Respondent to the Sealed Exhibits to Dkt. Nos. 52, 56, 65, 74, 78, 81, 84, 89, 92, 100, 104, 110, 115, 120, 121, 130, which contain information regarding individual Petitioners' release plans.

Interrogatory No. 4:

        Describe the dimensions of all rooms in the dwelling where any detainee for whom you are seeking release will reside and provide a description of the room's function (i.e., kitchen, living room, etc.).

**Petitioners' Objections**: Petitioners object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case," as required by Federal Rule of Civil Procedure 26(b)(1). This litigation concerns whether the practices and conditions of confinement at BCHOC violate Petitioners' constitutional and statutory rights. The information requested in Respondent's Interrogatory No. 4 exclusively pertains to details about the physical dimensions of the homes of class members where they would live if they were released, and thus *no longer* in custody at BCHOC. The requested information bears no relationship to whether the practices or conditions at BCHOC violate Petitioners' class members' constitutional or statutory rights nor any applicable defense to those allegations.

Petitioner also objects on the grounds that this interrogatory seeks discrete information about every room in any dwelling that might be occupied by more than 100 class members, and therefore exceeds the limits on the number of interrogatories a party may serve.

Interrogatory No. 5:

        Identify all communications written by any Class member concerning the conditions at BCHOC and/or the situation at BCHOC with regard to COVID-19, excluding documents written to or received from counsel.

**Petitioners' Response:** Petitioner objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privileged, the attorney work product doctrine, or any other privilege or immunity.

Petitioner also objects on the grounds that Respondent's interrogatories exceed the number allowed by Fed. R. Civ. P. 33.

Subject to and without waiving the foregoing objections, Petitioner oefers Respondent to Dkt. Nos. 1-4, 1-5, 12-4, 12-5, 12-8, 12-9, 12-10, 20-3, 33-2, 91-1, 91-2, 91-352, 56, 65, 74, 78, 81, 84, 89, 92, 100, 104, 110, 115, 120, 121, 130, and additional communications that are not in Petitioners' possession may be publicly available and accessible to Respondent. *See e.g.,* 'Living In Fear': ICE Detainees In Bristol County Release 3rd Letter Detailing Pandemic Concerns, WBUR Boston, https://www.wbur.org/news/2020/03/26/coronavirus-ice-detainees-immigration-letter.   The burden of ascertaining the information sought by this interrogatory is substantially the same for Respondent as it is for Petitioner.

Interrogatory No. 6:

Describe any criminal charges or convictions for any Class member that have *not* been previously presented to the Court by counsel, identifying the Class member by name, the charge and the jurisdiction for each charge.

**Petitioners' Response:** Petitioner objects on the grounds that Respondent's interrogatories exceed the number allowed by Fed. R. Civ. P. 33.

Subject to and without waiving the foregoing objections, Petitioners are not in possession of any information responsive to Interrogatory No. 6.

Interrogatory No. 7:

For each of the Class members that have been released as of this date:

a.  Has the detainee experienced any flu-like symptoms, difficulty breathing, loss of smell or other symptoms known to be associated with COVID-19;

b.  Has the detainee sought medical care for those symptoms; and

c.  Has the detainee been tested for COVID-19 and, if so, what were the results of any test and when were the results received?

**Petitioners' Objections**: Petitioners object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case," as required by Federal Rule of Civil Procedure 26(b)(1). This litigation concerns whether the practices and conditions of confinement at BCHOC violate Petitioners' constitutional and statutory rights. The information requested in

Respondent's Interrogatory No. 7 exclusively pertains to details about the health of class members who are *no longer* in custody at BCHOC. The requested information bears no relationship to whether the practices or conditions at BCHOC violate Petitioners' class members' constitutional or statutory rights nor any applicable defense to those allegations.

Petitioner also objects on the grounds that this interrogatory seeks three discrete categories of information about the 48 class members who have been placed on bail, and therefore exceeds the limits on the number of interrogatories a party may serve.

Interrogatory No. 8:

> For each of the Class members that have been released as of this date:
>
> > a.   Has anyone with whom the detainee is living with or been in contact with experienced any flu-like symptoms, difficulty breathing, loss of smell or other symptoms known to be associated with COVID-19;
> >
> > b.   Has that person sought medical care for those symptoms; and
> >
> > c.   Has the person been tested for COVID-19 and, if so, what were the results of any test and when were the results received?

**Petitioners' Objections**: Petitioners object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case," as required by Federal Rule of Civil Procedure 26(b)(1). This litigation concerns whether the practices and conditions of confinement at BCHOC violate Petitioners' constitutional and statutory rights. The information requested in Respondent's Interrogatory No. 8 exclusively pertains to details about the health of *co-habitants* of class members who are *no longer* in custody at BCHOC. These individuals are not parties to the litigation, and this request for information from third-parties who should not be subject to the invasion of privacy, annoyance, embarrassment, oppression, or undue burden of disclosing personal medical information. The requested information bears no relationship to whether the practices or conditions at BCHOC violate Petitioners' class members' constitutional or statutory rights nor any applicable defense to those allegations.

Petitioner also objects on the grounds that this interrogatory seeks three discrete categories about every person cohabitating with the 48 class members who have been placed on bail, and therefore exceeds the limits on the number of interrogatories a party may serve.

Interrogatory No. 9:

> For each of the Class members that have *not* been released as of this date:
>
> > a.   Has anyone with whom the detainee would live, if released, experienced any flu-like symptoms, difficulty breathing, loss of smell or other symptoms known to be associated with COVID-19;

b.  Has that person sought medical care for those symptoms; and

c.  Has the person been tested for COVID-19 and, if so, what were the results of any test and when were the results received?

**<u>Petitioners' Objections</u>**: Petitioners object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case," as required by Federal Rule of Civil Procedure 26(b)(1). This litigation concerns whether the practices and conditions of confinement BCHOC violate Petitioners' constitutional and statutory rights. The information requested in Respondent's Interrogatory No. 9 exclusively pertains to speculative details about the health of *potential* co-habitants of class members outside of BCHOC. These individuals are not parties to the litigation, and this request for information from third-parties who should not be subject to the invasion of privacy, annoyance, embarrassment, oppression, or undue burden of disclosing personal medical information. The requested information bears no relationship to whether the practices or conditions at BCHOC violate Petitioners' class members' constitutional or statutory rights nor any applicable defense to those allegations.

Petitioner also objects on the grounds that this interrogatory seeks three discrete categories about every person who more than 100 class members may cohabitate with if placed on bail, and therefore exceeds the limits on the number of interrogatories a party may serve.