# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                           )
**MARIA ALEJANDRA CELIMEN SAVINO**         )
**and JULIO CESAR MEDEIROS NEVES,**        )
                                           )
**Petitioners-Plaintiffs,**                )
                                           )      **20-cv-10617 WGY**
    **v.**              )
                                           )
**THOMAS HODGSON, et al.,**                )
                                           )
    **Respondents-Defendants.**  )
_____)

## DEFENDANTS' *CORRECTED* REPORT REGARDING TESTING

Respondents-Defendants hereby provide the Court and opposing counsel with a corrected

report regarding the testing conducted to date of detainees and staff that come into contact with

detainees at the Bristol County House of Corrections ("BCHOC").  Undersigned counsel asked

for confirmation that all detainees had been tested and apparently misunderstood a response that

was thought to indicate confirmation of that fact.  Counsel asked for an updated spreadsheet of

the testing, and this indicates that seven of the detainees have refused to be tested.  The

spreadsheet is attached hereto as Exhibit A.  It remains accurate that none of the detainees is

known to be positive and that all of the tested detainees had negative test results.

66 of 73 total detainees have now been tested and the results of the tests are negative for

all detainees tested.  The tests have been RT-PCR, FDA-approved (under an EUA or otherwise)

in accordance with the Court's order on the preliminary injunction.[1]

---

[1] FDA has approved a number of vendors' tests on an interim basis pursuant to what it
calls an Emergency Use Authorization or "EUA."  Upon information and belief, this is a fast-
track review process that does not lead to a complete approval, but instead a temporary

No testing of staff has been undertaken to date explicitly in response to the Court's order. However, as shown in the attached document (Exhibit A hereto), 137 staff members have been tested since March 24, 2020 out of a universe of approximately 600 staff members. The most recent test was performed on May 27, 2020 (yesterday).  It is unclear if all 132 have contact with detainees during their work shifts, however, as the testing was voluntarily undertaken by the staff members on their own and not in response to the Court's order.  Put another way, the tested staff self-selected to test, presumably based on their symptoms or exposure to someone with symptoms or a known infection.  BCHOC does not have information regarding precisely why a particular staff member chose to be tested, nor the type of test that was used by the staff member's health care provider.   Out of 132 staff that have been tested, 32 tests were positive for the coronavirus.  Of those 32, half received their results two weeks or more ago, and have been quarantined, or not working, for at least that long.

One of the practical issues in complying with the Court's order regarding testing of staff has been figuring out who would do the testing.  As previously stated to the Court, the medical services provider for the facility (CPS) has no contractual obligation to perform these additional duties.  After some discussion and investigation, a proposal was made to use a third party to take the samples and deliver them for testing to a separate laboratory or laboratories.  The cost estimate ($200 per staff member tested times approximately 600 staff members) is $120,000.  As indicated to the Court in Defendants' Motion for Reconsideration, that cost is a significant burden on ICE particularly since it will provide only a snapshot in time (and not even a single

---

emergency approval in light of the pandemic. *See, e.g.,* https://www.fda.gov/emergency-preparedness-and-response/mcm-legal-regulatory-and-policy-framework/emergency-use-authorization (accessed 5/28/20).  Defendants understand the Court's order to include EUA-approved tests as acceptable.

moment in time) of the staff's status.  Given that similar litigation is pending all over the

country, and that the Centers for Disease Control are *not* recommending wholesale testing of

asymptomatic individuals, Defendants have asked the Court to reconsider this portion of its

order.  It is undersigned counsel's understanding, however, that information gathering and

approvals for the expenditure required are being sought moving forward so as to comply with the

Court's order if it is not modified.

Respectfully submitted,

ANDREW E. LELLING,
United States Attorney

By:   */s/ Thomas E. Kanwit*
      Thomas E. Kanwit
      Michael Sady
      Assistant U.S. Attorneys
      U.S. Attorney's Office
      John J. Moakley U.S. Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA  02210
      (617) 748-3100

May 29, 2020      thomas.kanwit@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Thomas E. Kanwit*
Thomas E. Kanwit

Dated:   May 29, 2020