UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                   )
**MARIA ALEJANDRA CELIMEN SAVINO**  )
**and JULIO CESAR MEDEIROS NEVES,**     )
                                                                   )
**Petitioners-Plaintiffs,**                              )
                                                                   )   20-cv-10617 WGY
         v.                                                    )
                                                                   )
**THOMAS HODGSON, et al.,**                    )
                                                                   )
         **Respondents-Defendants.**              )
_____)

# MOTION FOR REVOCATION OF BAIL AND MODIFICATION OF TERMS AND CONDITIONS OF RELEASE

Respondents-Defendants hereby move for revocation of bail of the certain former detainees who the Court previously admitted to bail under specified terms and conditions. One of the conditions was that the former detainees remain under house arrest and leave their home only for medical care or to meet with a probation officer. *See* Order on Class Certification, docket # . Additionally, Defendants' move the Court to modify the terms and conditions of its bail order to allow U.S. Immigration and Customs Enforcement ("ICE") to exercise its statutory and regulatory authority to arrest and detain aliens who violate orders of release.

At Defendants' request, the Court modified the original terms and conditions to allow ICE to place the released class members on electronic monitoring. As previously reported to the Court, a number of the released class members have repeatedly violated the home confinement condition. Attached hereto is an updated declaration and spreadsheet, which show that certain class members have continued to violate the terms and conditions with apparent impunity. The inability, or unwillingness, of these individuals to abide by the Court's order means that they are

placing themselves, and their family and/or roommates, at greater risk for infection with the COVID-19 virus; putting the community in which they are moving at greater risk for infection; and that they cannot be trusted to abide by the terms and conditions of their release. All of this indicates that they are a risk of flight as their failure to comply with this Court's direct and simple order calls into question whether they would comply with future orders from this Court or from ICE as to re-arrest. As they have blatantly and flagrantly violated this Court's orders, they do not deserve to remain on release and Defendants seek a Court order revoking bond for these individuals. Defendants also seek a Court order to modify the terms of its original bail order so that ICE can re-arrest and re-detain an alien that violates the terms and conditions of his release without requiring a warrant from a U.S. Magistrate or District Court Judge or without seeking this Court to revoke such release.

Specifically, Defendants now seek the revocation of bond of the following class members:[1]

> **1. Gabino Del Angel Moran** was released on April 10, 2020. As previously stated, he repeatedly violated the Court's bail order by failing to remain quarantined for the 14-day period immediately following release and by failing to remain under house arrest thereafter. Such violations include nineteen separate violations from April 11, 2020 to April 24, 2020, and between nine and seventeen times each day from April 25, 2020 to May 8, 2020. Additionally, violations continued between May 9, 2020 and May 22, 202 with one hundred twenty-nine additional violations (129), and up

---

[1] The factual information regarding the violations is taken from the supplemental declaration of Supplemental Declaration of Assistant Field Office Director Immaculata Guarna-Armstrong, attached hereto as Exhibit A.

to fifteen violations occurring on one day.

2. **Carlos Gutierrez-Deleon** was released on April 10, 2020. As previously stated, Deleon's ATD compliance report shows repeated violations of the quarantine and house arrest order between April 10, 2020 and May 8, 2020. An updated report shows violations continued between May 9, 2020 and May 22, 2020 with twenty-seven additional violations and as many as seven violations occurring on one day.

3. **Cesar Vargas** was released on April 10, 2020. He has repeatedly violated the Court's bail order by failing to remain quarantined for the 14-day period immediately following release and by failing to remain under house arrest thereafter. Between April 11 and April 25, 2020, there were eight such violations during the quarantine period. Between April 26 to May 8, 2020, there were forty additional violations, with violations occurring each day. Additionally, violations continued between May 9, 2020 and May 22, 2020 with forty- five subsequent violations and as many as eight violations occurring on one day.

4. **Kavon Mahadeo** was released on April 10, 2020. He has repeatedly violated the Court's bail order failing to remain quarantined for the 14-day period immediately following release and b failing to remain under house arrest thereafter. Between April 11 and April 25, 2020, there were one hundred and five (105) such violations during the quarantine period. Between April 26 to May 8, 2020, there were between four and nineteen violations each day. Violations continued between May 9, 2020 and May 22, 2020 with one hundred twenty-nine (129) subsequent violations and as many as fifteen violations occurring on one day.

5. **Desmond Joseph** was released on April 10, 2020. He has repeatedly violated

the Court's bail order by failing to remain quarantined for the 14-day period immediately following release and by failing to remain under house arrest thereafter. Such violations included twelve violations between April 11 and April 25, 2020 during the quarantine period, and daily violations of between six and twelve times each day from April 26 to May 8, 2020. Additionally, violations continued between May 9, 2020 and May 22, 2020 with seventy-one additional violations and as many as ten violations occurring on one day.

6. **Palmar Ferreira** was released on April 10, 2020. He has repeatedly violated the Court's bail order by failing to remain quarantined for the 14-day period immediately following release and by failing to remain under house arrest thereafter. Such violations included twenty-two violations between April 11 and April 25, 2020 during the quarantine period, and twenty-five violations from April 26 to May 8, 2020. Violations continued between May 9, 2020 and May 22, 2020 with thirty-five subsequent violations, and up to five violations occurring on one day.

7. **Lucas Valentim** was released on April 22, 2020. He has violated the Court's bail order by failing to remain quarantined for the 14-day period immediately following release and by failing to remain under house arrest thereafter. Such violations included eleven violations on May 5 and May 6, 2020. Violations continued between May 9, 2020 and May 22, 2020 with thirty additional violations, and up to seven violations occurring on one day.

8. **Ranferi Ramirez-Maldonado** was released on April 10, 2020. He violated the Court's bail order by failing to remain under house arrest after the quarantine period. Such violations include seven separate occasions between April 27, 2020

and May 6, 2020. Violations continued between May 8, 2020 and May 22, 2020 with twenty-four subsequent violations.

**9. Marvin Arreaga** was released on April 10, 2020. He has repeatedly violated the Court's bail order by failing to remain quarantined for the 14-day period immediately following release and by failing to remain under house arrest thereafter. Such violations included twelve violation between April 11 and April 25, 2020 during the quarantine period, and forty-eight violations from April 26 to May 6, 2020. Violations continued between May 7, 2020 an May 22, 2020 with seventy additional violations, and up to nine violations on one day.

**10. Kokou Aziabo** was released by ICE on an Order of Supervision ("OSUP") on April 6, 2020, and repeatedly violated the conditions of release by failing to remain quarantined during the 14-day period after release. ICE records for Aziabo show he left home twenty-one times during the 14-day quarantine period. Violations continued between May 8, 2020 and May 17, 2020 with seven subsequent violations.

## ARGUMENT

This Court's bail order was simple, direct, and unmistakable: Stay home and be fully quarantined for 14 days and then remain home under house arrest thereafter. The Court used straightforward language: the alien "shall not … leave the residence for any reason save to attend immigration proceedings or attend to their own medical needs should those needs be so severe that they have to go to a doctor's office or hospital (in which case they shall notify ICE as soon as practicable of their medical necessity). Order ¶ 2, ECF No. 44 (as set out in ECF No. 64). Petitioners have not expressed any ambiguity or lack of understanding of this order and have not

sought the Court to clarify or modify it in any manner. The aliens released by this Court are represented by a large group of attorneys and law-school students, all of whom seem exceedingly capable of explaining this Court's order in a manner fit to be understood, lest there be any confusion of this Court's clear directive – stay home.

Nonetheless, at least nine detainees ordered released, under the Court's simple order – stay home – have blatantly disregarded such order over a two-month period. Another detainee, released by ICE at the start of this litigation, also under the same directive from ICE – stay home – has also disregarded such order in a prolific manner.

Petitioners respond by arguing that the Orders of Recognizance (for pre-final order aliens) or Orders of Supervision (for post-final order aliens) have not been provided to Petitioners' counsel (even though they have been provided to their clients) and also that such Orders may be confusing. But, Petitioners do not dispute, nor can they, that this Court's bail order, which of course controls the release of the detainees, is anything but confusing or ambiguous. Again, this Court's order – stay home – is clear.

As such, the issue now before the Court is how to proceed with complete and utter disregard of its bail order that mandated each of the nine detainees to remain at home, fully quarantined for 14 days, and then at home thereafter, with minor exceptions, not raised. Per the Court's bail order, a re-arrest and re-detention for violation of the Court's order can currently only occur "upon probable cause a warrant is issued by a United States Magistrate Judge or United States District Judge that they have violated any terms of their bail." However, it is unclear how this process would work in the immigration context. Title 18 does not apply to civil detention, so the typical revocation procedures would not fit. Instead, this Court, having admitted the class members to bail, should now revoke that bail.

Additionally, Defendants move this Court to modify its bail order to allow ICE to re-arrest and re-detain aliens that violate terms and conditions of their release pursuant to the statutory and regulatory authority ICE holds for such circumstances. By statute, ICE has the authority per 8 U.S.C. § 1226(b) to re-arrest and detain an alien subject to pre-final order detention under 8 U.S.C. 1226(a); 8 C.F.R. § 236.1(c)(9)("When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time … in which event the alien may be taken into physical custody and detained.").

Of course, Defendants do not seek the authority to simply re-arrest an alien ordered released by this Court and place him back into custody as the statute and regulation provides. ICE exercises this statutory and regulatory authority upon changed circumstances after a release that suggest danger or flight risk. Failure to comply with an unambiguous District Court order and corresponding ICE order certainly suggests flight risk and ICE should be able to make such argument before an immigration judge at a bond hearing which the alien could seek after re-detention 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d).

As for an alien subject to a final order of removal, 8 C.F.R. § 241.4 provides extensive regulatory authority to ICE to re-detain an alien upon the violation of conditions of release or when ICE is prepared to effectuate a removal order. Specifically, 8 C.F.R. § 241.4(l)(1) provides that ICE may re-arrest and re-detain any alien who violates the conditions of an Order of Supervision or "other conditions of release" such as this Court's unambiguous order. Per the regulation, upon revocation, ICE must provide the alien with written notice as to the reasons for revocation of release and provide the alien with an informal interview promptly after arrest to "afford the alien an opportunity to respond to the reasons for revocation stated in the notification." *Id.* The regulation further provides that an alien re-arrested and re-detained is

required to receive an interview and custody review within 90 days of arrest at which time the alien can set forth argument for release. *Id.* § 241.4(l)(3). As such, again, there is a process already in place in which ICE has full authority to re-arrest and re-detain an alien that violates the terms and conditions of a release order. Therefore, Defendants respectfully request that this Court allow ICE to utilize such authority as it deems fit in the face of rampant violation of this Court's bail order and ICE's corresponding Orders of Supervision.

For more than a century, immigration laws have authorized immigration officials to charge aliens as removable from the country, to arrest aliens subject to removal, and to detain aliens for removal proceedings. *See Abel v. United States*, 362 U.S. 217, 232-37 (1960). And as the Supreme Court has repeatedly recognized, "detention during deportation proceedings is a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523; *see id*. at 523, n. 7 (observing that, "prior to 1907 there was no provision permitting bail for any aliens during the pendency of their deportation proceedings") (citation omitted); *see also Carlson*, 342 U.S. at 538 ("[d]etention is necessarily a part of [the] deportation procedure"). Removal proceedings "would be vain if those accused could not be held in custody pending the inquiry into their true character." *Demore*, 538 U.S. at 523 (quoting *Wong Wing v. United States*, 163 U. S. 228, 235 (1896)).

This Court issued a simple and unambiguous order to the detainees released as a result of this litigation – stay home. Petitioners have not expressed any lack of clarity with such order but yet Defendants have ample evidence before this Court that at least 9 of the aliens ordered released have been violating such order with brazen regularity. Defendants ask this Court to put an end to such violations for such violations and respectfully request this Court to revoke bail and allow ICE to exercise its lawful authority to arrest and detain such individuals for purpose of

removal proceedings and effectuation of removal from the United States. Defendants seek this Court to allow detention at Bristol County House of Correction if necessary for these individuals. Finally, Defendants seek this Court to modify its prior release order to allow ICE to exercise its statutory and regulatory authority to re-arrest and re-detain an alien if such alien violates the terms and conditions of release from this Court or from ICE.

> Respectfully submitted,
>
> ANDREW E. LELLING,
> United States Attorney
>
> By:  */s/ Thomas E. Kanwit*
> Thomas E. Kanwit
> Michael Sady
> Assistant U.S. Attorneys
> U.S. Attorney's Office
> John J. Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 9200
> Boston, MA  02210
> (617) 748-3100
> thomas.kanwit@usdoj.gov

June 3, 2020

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  June 3, 2020

*/s/ Thomas E. Kanwit*
Thomas E. Kanwit