SUPPLEMENTAL DECLARATION OF ASSISTANT FIELD OFFICE DIRECTOR
<u>IMMACULATA GUARNA-ARMSTRONG</u>

Pursuant to the authority of 28 U.S.C. § 1746, I, Immaculata Guarna-Armstrong the Assistant Field Office Director for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations, Burlington, Massachusetts declare as follows:

1. I am an Assistant Field Office Director ("AFOD") for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE ERO Boston").

2. I have served as an AFOD for approximately nine (9) years. Prior to holding my current position, I served as Supervisory Detention and Deportation Officer four (4) years.

3. Included in my official duties as an AFOD for ICE ERO Boston is the responsibility for managing and monitoring the ICE ERO Boston's roster of aliens on ICE's non-detained docket, including those who are subject to ICE's Alternatives to Detention ("ATD") program. I am familiar with ICE policies and procedures for releasing individuals from ICE custody and providing them with Orders of Recognizance or Orders of Supervision to set forth the terms and conditions of their release from custody.

4. I have experience utilizing ICE systems to obtain information regarding specific aliens subject to ICE's ATD Program. ICE maintains electronic records on aliens in the course of its regularly conducted business activity. These records are made in the course of regularly conducted business activity at or near the time of relevant events by a person with knowledge of these events. In preparing this supplemental declaration, I have examined ICE official records, including the Enforce Alien Removal Module ("EARM").

EARM is the ICE electronic database utilized by ERO to maintain information regarding the custody and removal status of aliens. I have also examined the Total Access System. Total Access is an electronic database that allows Deportation Officers and designated contractors to monitor the cases that have been released under the ATD Program. Total Access allows users to monitor participant locations and provides information to determine if violations of the conditions set in the release documentation have occurred.

5. These databases are the electronic records ordinarily relied upon to ascertain an alien's compliance with the ATD program.

6. ICE contracts Behavioral Interventions (BI) to assist in the monitoring of all ATD participants. BI conducts home visits for ATD participants and schedules meetings with ATD participants at the BI office located at 11 Ray Avenue in Burlington, MA. Currently the BI office is not open to the public and BI specialists are not conducting home visits.

7. In the course of preparing this supplemental declaration, I have examined the official records available to me regarding aliens' compliance with Judge Young's release orders issued in the case of Savino v. Hodgson, 1:20-cv-10617-WGY (D. Mass. 3/27/20).

8. For each alien ordered released by Judge Young, ICE provided such alien with an Order of Recognizance or an Order of Supervision setting forth the terms and conditions of such release, to include the Court ordered terms and conditions. An Order of Recognizance is utilized when an alien is released from ICE custody and does not have a final order of removal. An Order of Supervision is utilized when an alien is released from ICE custody and has a final order of removal.

9. The Orders of Recognizance and Supervision provided to the aliens ordered released by Judge Young included Judge Young's standard bail order that mandated compliance with

all conditions deemed appropriate and imposed by ICE and also required that the releasees be fully quarantined for 14 days from date leaving facility to the residence and that during and after the 14-day quarantine, releasees will remain under house arrest and shall not leave the residence for any reason save to attend immigration proceedings or attend to their own medical needs should those needs be so severe that they have to go to a doctor's' office or hospital (in which case they shall notify ICE as soon as practicable of their medical necessity).

10. ICE ERO Boston officers explained the contents of the Order of Recognizance or Order of Supervision to the aliens ordered released by Judge Young prior to release. ICE also received signatures for such aliens on the Order of Recognizance or Order of Supervision to reflect understanding of the terms and conditions contained within such Orders.

11. The Order of Recognizance or Order of Supervision provides the consequence of a violation of such Order to include revocation of release and re-arrest by ICE.

12. ICE ERO Boston officers also provided aliens released by Judge Young with a Release Notification letter when such aliens were released on an Order of Supervision. This Release Notification letter provides that if the alien violates the conditions of release, such alien can be taken back into custody.

13. On or about May 26, 2020, I directed another report be run to determine whether such violations continued after May 8, 2020. Such report is current through May 22, 2020.

14. My review of such compliance reports indicates that the following 9 ICE detainees ordered released by Judge Young continued to violate the conditions of the Court's bail order by failing to remain under house arrest between May 9 and May 22, 2020 as required by the Court. Violators include the following:

3

15. Gabino Del Angel Moran was released on April 10, 2020. As previously stated, he repeatedly violated the Court's bail order by failing to remain quarantined for the 14-day period immediately following release and by failing to remain under house arrest thereafter. Such violations include nineteen separate violations from April 11, 2020 to April 24, 2020, and between nine and seventeen times each day from April 25, 2020 to May 8, 2020. Additionally, violations continued between May 9, 2020 and May 22, 2020 with one hundred twenty-nine additional violations (129), and up to fifteen violations occurring on one day.

16. In regard to Carlos Gutierrez-Deleon, released on April 10, 2020, as previously stated, Deleon's ATD compliance report shows repeated violations of the quarantine and house arrest order between April 10, 2020 and May 8, 2020. An updated report shows violations continued between May 9, 2020 and May 22, 2020 with twenty-seven additional violations and as many as seven violations occurring on one day.

17. Cesar Vargas, released on April 10, 2020, repeatedly violated the Court's bail order by failing to remain quarantined for the 14-day period immediately following release and by failing to remain under house arrest thereafter. Between April 11 and April 25, 2020, there were eight such violations during the quarantine period. Between April 26 to May 8, 2020, there were forty additional violations, with violations occurring each day. Additionally, violations continued between May 9, 2020 and May 22, 2020 with forty-five subsequent violations and as many as eight violations occurring on one day.

18. Kavon Mahadeo, released on April 10, 2020, repeatedly violated the Court's bail order by failing to remain quarantined for the 14-day period immediately following release and by failing to remain under house arrest thereafter. Between April 11 and April 25, 2020,

there were one hundred and five (105) such violations during the quarantine period. Between April 26 to May 8, 2020, there were between four and nineteen violations each day. Violations continued between May 9, 2020 and May 22, 2020 with one hundred twenty-nine (129) subsequent violations and as many as fifteen violations occurring on one day.

19. Desmond Joseph, released on April 10, 2020, repeatedly violated the Court's bail order by failing to remain quarantined for the 14-day period immediately following release and by failing to remain under house arrest thereafter. Such violations included twelve violations between April 11 and April 25, 2020 during the quarantine period, and daily violations of between six and twelve times each day from April 26 to May 8, 2020. Additionally, violations continued between May 9, 2020 and May 22, 2020 with seventy-one additional violations and as many as ten violations occurring on one day.

20. Palmar Ferreira, released on April 10, 2020, repeatedly violated the Court's bail order by failing to remain quarantined for the 14-day period immediately following release and by failing to remain under house arrest thereafter. Such violations included twenty-two violations between April 11 and April 25, 2020 during the quarantine period, and twenty-five violations from April 26 to May 8, 2020. Violations continued between May 9, 2020 and May 22, 2020 with thirty-five subsequent violations, and up to five violations occurring on one day.

21. Lucas Valentim, released on April 22, 2020, violated the Court's bail order by failing to remain quarantined for the 14-day period immediately following release and by failing to remain under house arrest thereafter. Such violations included eleven violations on May 5

and May 6, 2020. Violations continued between May 9, 2020 and May 22, 2020 with thirty additional violations, and up to seven violations occurring on one day.

22. Ranferi Ramirez-Maldonado, released on April 10, 2020, violated the Court's bail order by failing to remain under house arrest after the quarantine period. Such violations include seven separate occasions between April 27, 2020 and May 6, 2020. Violations continued between May 8, 2020 and May 22, 2020 with twenty-four subsequent violations.

23. Marvin Arreaga, released on April 10, 2020, repeatedly violated the Court's bail order by failing to remain quarantined for the 14-day period immediately following release and by failing to remain under house arrest thereafter. Such violations included twelve violations between April 11 and April 25, 2020 during the quarantine period, and forty-eight violations from April 26 to May 6, 2020. Violations continued between May 7, 2020 and May 22, 2020 with seventy additional violations, and up to nine violations on one day.

24. In addition to those ordered released by Judge Young, Kokou Aziabo, was released by ICE on an OSUP on April 6, 2020, and repeatedly violated the conditions of release by failing to remain quarantined during the 14-day period after release. ICE records for Aziabo show he left home twenty-one times during the 14-day quarantine period. Violations continued between May 8, 2020 and May 17, 2020 with seven subsequent violations.

25. Attached to this declaration is a spreadsheet containing information regarding the violations.

I declare under penalty of perjury that the foregoing is true and correct.

Signed on the 2nd day of June, 2020

_____
Immaculata Guarna-Armstrong
Assistant Field Office Director
U.S. Department of Homeland Security
United States Immigration and Customs Enforcement
Burlington, Massachusetts