**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

|   |   |   |
|---|---|---|
| | ) | |
| **MARIA ALEJANDRA CELIMEN SAVINO** | ) | |
| **and JULIO CESAR MEDEIROS NEVES,** | ) | |
| | ) | |
| **Petitioners-Plaintiffs,** | ) | |
| | ) | **20-cv-10617 WGY** |
| **v.** | ) | |
| | ) | |
| **THOMAS HODGSON, et al.,** | ) | |
| | ) | |
| **Respondents-Defendants.** | ) | |
| _____ | ) | |

**OBJECTION TO RECHARACTERIZATION OF**
**MOTION FOR RECONSIDERATION OF PRELIMINARY INJUNCTION RULING**

Respondents-Defendants hereby notify the Court of their objection to the Court's

"treat[ing] the Motion for Reconsideration (doc. 185) as a motion to modify the preliminary

injunction," Dkt. # 186, at least insofar as the Court is signaling an intent not to address the

argument that the preliminary injunction decision was incorrect. The Motion for

Reconsideration of the Preliminary Injunction Order was carefully drafted as a challenge to the

Court's factual findings and its application of the law that resulted in its finding that Plaintiffs

have demonstrated a likelihood of success on the merits.

The Court's holding on the preliminary injunction motion depended on a finding of

deliberate indifference. This, in turn, was based on the Court's finding that Defendants had

obstinately refused to release detainees, that they had not conducted widespread testing of

asymptomatic individuals and had not conducted contact tracing. Defendants demonstrated that

the first premise is simply incorrect. Defendants either released or acquiesced, in clear terms, to

the release of 49 detainees, which is almost one-third of the total reduction.[1]

Further, the standard of care recommended for prison facilities by the CDC and the

Massachusetts Department of Public Health did not include widespread testing of asymptomatic

individuals nor contact tracing of infected individuals.  While widespread testing is being utilized

more broadly *now*, the Court cannot determine whether Defendants *have been* deliberately

indifferent based on the most recent developments in an ever-changing response to the

pandemic—particularly since widespread testing is still not recommended by the CDC for

prisons.

Moreover, even if widespread testing and contact tracing could be said to be the standard

of care now, which is far from given, in light of everything else Defendants have done and that

such testing was not the standard at the outset of the litigation (and, as stated, is still not), the

Court's finding of deliberate indifference on these facts does a great disservice to the law.[2]

Defendants actions in fighting the pandemic cannot be said to "shock the conscience."  Indeed,

the Court has praised those efforts at various turns.  *See* Motion for Reconsideration at p. 31; *see*

*also, e.g., Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d

1, 21-22 (1st Cir. 2007).

---

[1] Defendants are directly responsible for a reduction of the detainee population by 21 detainees.  That is almost half of the number (44) released by the Court.  Moreover, if one adds the number of detainees as to whom Defendants indicated their acquiescence for release (28), the total number is 49 (21 plus 28).  *See* Motion for Reconsideration at pp. 14-15.

[2] Defendants note that the Supreme Judicial Court issued a ruling yesterday finding that the Massachusetts Department of Corrections could not be found to be deliberately indifferent given its careful response to the pandemic.  While the DOC engaged, by court order, in testing of asymptomatic individuals earlier, that alone does not distinguish that case from this.  Defendants have taken extensive steps to reduce the risk of an outbreak of COVID-19.  There are *still* zero cases of the coronavirus among detainees.

In sum, Defendants carefully, thoughtfully and with very specific detail challenged the

Court's preliminary injunction determination.  That challenge works within the structure of the

Court's decision and attempts to show why the factual premises were incorrect and led the Court

to the wrong decision.  Defendants deserve to have their Motion properly considered.  If the

Court chooses to deal with the Motion for Reconsideration in two phases, with the first phase

focused on the remedy and the second phase on the underlying decision, that is, of course, within

the Court's prerogative.  But the Court should not presume that Defendants intended only to seek

a modification of the Court's order, nor that they acquiesce in a recharacterization of their

Motion which summarily eliminates its core challenge.

Respectfully submitted,

ANDREW E. LELLING,
United States Attorney

By:   */s/ Thomas E. Kanwit*
Thomas E. Kanwit
Michael Sady
Assistant U.S. Attorneys
U.S. Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100
thomas.kanwit@usdoj.gov

June 3, 2020

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically
to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Thomas E. Kanwit*
Thomas E. Kanwit

Dated:  June 3, 2020