UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

MARIA ALEJANDRA CELIMEN SAVINO, JULIO CESAR MEDEIROS NEVES, and all those similarly situated,

            Petitioners-Plaintiffs,

v.

STEVEN J. SOUZA,

Respondent-Defendant.

Case No. 1:20-cv-10617 WGY

**JOINT STATEMENT PURSUANT TO FRCP 26(f) AND LOCAL RULE 16.1(d)**

Pursuant to FRCP 26(f) and Local Rule 16.1(b), a telephonic meeting was held on June 5, 2020 and attended by:

Counsel for Plaintiffs: Oren Sellstrom, Muneer Ahmad, Annaleigh Curtis, and Mikayla Foster.

Counsel for Defendant: Thomas Kanwit.

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(d), Plaintiffs Maria Alejandra Celimen Savino, Julio Cesar Medeiros Neves, and all those similarly situated (collectively, "Plaintiffs"), and Defendant Steven J. Souza ("Defendant") submit this Joint Statement.

**I.     Jurisdiction and Service**

The Court ordered service by the Clerk immediately post-filing. Defendant intends to file an Answer by no later than June 12, 2020.

**II.     Expected Motions**

    A.     Plaintiffs' Statement

Plaintiffs anticipate that they may file motions for further injunctive relief and dispositive motions.  Plaintiffs may also file further motions related to bail applications under submission or already granted.

    B.     Defendant's Statement

Defendant anticipates filing further motions to revoke bail as well as a motion for summary judgment.  Defendant also anticipates filing a motion for summary judgment or a similar dispositive motion if the coronavirus pandemic is significantly resolved.

**III.    Settlement**

The parties will continue to discuss settlement with each other, but do not think the case is amenable to settlement negotiations at this time.

**IV.    Discovery**

A schedule for discovery is set out below in Section V.

    A.     Plaintiffs' Statement

Limited discovery related to the preliminary injunction has taken place.  Both parties have served some written discovery, and Plaintiffs have taken three depositions of Defendant's employees.  In accordance with the Court's order at ECF 180, Plaintiffs will serve responses to certain of Defendant's interrogatories by June 17, 2020.  Plaintiffs expect additional fact discovery will be conducted as allowed by FRCP 26, including written discovery, document production, and depositions on topics such as Plaintiffs' Rehabilitation Act claims, steps taken by Defendant and/or ICE to prevent the spread of COVID-19, release practices and policies, medical issues pertaining to class members, and retaliation.  In light of the evolving nature of the case and the constraints on the subject matter of the depositions taken during the preliminary

injunction phase of the litigation, Plaintiffs do not believe that those depositions should count against the number of depositions allowed, and reserve the right to seek a further deposition of the witnesses previously deposed.

B.     Defendants' Statement

Defendants may take depositions of certain class members in addition to expert discovery. Defendants believe that all discovery from the preliminary injunction/TRO phase forward should be cumulative and that no previously deposed witness be deposed again. Defendants do not agree that all of the issues set out above in Plaintiffs' statement regarding discovery are appropriate subjects for discovery in this case. As the issue in the case is fairly narrow, Defendants may seek one or more protective orders from the Court to limit discovery.

V.     **Proposed Pretrial Schedule**

| Event | Date |
|---|---|
| Provide disclosures under FRCP 26(a) | June 26, 2020 |
| Motion to amend/supplement pleadings (if any) | August 7, 2020 |
| Fact Discovery Cutoff | September 18, 2020 |
| Expert Discovery Cutoff | October 30, 2020 |
| Dispositive and *Daubert* Motions Filed | December 15, 2021 |
| Trial | March 2021 |

**VI.   Trial**

The parties do not consent to a trial by a magistrate judge.

**VII.   Rule 16.1(d)(3)**

Plaintiffs' counsel have not yet conferred with Plaintiffs regarding a budget for this litigation and the possibility of Alternative Dispute Resolution. Plaintiffs intend to do so and will supplement this filing accordingly when they have done so.

Defendant's counsel has conferred generally with Defendants regarding a budget for this litigation and the possibility of Alternative Dispute Resolution.

Respectfully submitted,

|  |  |
|---|---|
| By: /s/ Oren Sellstrom | ANDREW E. LELLING |
| Attorney for Plaintiffs | United States Attorney |
| Oren Nimni (BBO #691821) | |
| Oren Sellstrom (BBO #569045) | /s/ Thomas Kanwit |
| Lauren Sampson (BBO #704319) | Attorney for Defendant |
| Ivan Espinoza-Madrigal† | Michael Sady |
|  | Assistant U.S. Attorney |
| Lawyers for Civil Rights | U.S. Attorney's Office |
| 61 Batterymarch Street, 5th Floor | John J. Moakley U.S. Courthouse |
| Boston, MA 02110 | 1 Courthouse Way, Suite 9200 |
| (617) 988-0606 | Boston, MA  02210 |
| onimni@lawyersforcivilrights.org | (617) 748-3100 |
|  | thomas.kanwit@usdoj.gov |

Grace Choi, Law Student Intern[*]
Kayla Crowell, Law Student Intern[*]
Aseem Mehta, Law Graduate[*]
Alden Pinkham, Law Graduate[*]
Daniel Phillips, Law Graduate[*]
Fernando Quiroz, Law Student Intern[*]
Bianca Rey, Law Student Intern[*]
Megan Yan, Law Graduate[*]

Reena Parikh[†]
Muneer Ahmad[†]
Michael Wishnie (BBO# 568654)

Jerome N. Frank Legal Svcs. Org.
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
michael.wishnie@ylsclinics.org

Lisa Pirozzolo
John Butts
Vinita Ferrera
Felicia Ellsworth
Nicole M.F. Dooley
Annaleigh Curtis
Michael Brown
Rama Attreya
Gary Howell-Walton
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 021009
Lisa.Pirozzolo@wilmerhale.com

Dated: June 12, 2020

---

[†] Admitted *pro hac vice*.
[*] Motion for law student appearances pending.