# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

MARIA ALEJANDRA CELIMEN SAVINO,
JULIO CESAR MEDEIROS NEVES, and all
those similarly situated,

                 Petitioners-Plaintiffs,

       v.

STEVEN J. SOUZA,

Respondent-Defendant.

Case No. 1:20-cv-10617 WGY

## MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR BAIL REVOCATION

Plaintiffs seek leave to file the attached Sur-Reply and accompanying declaration in Opposition to Defendant's Motion For Bail Revocation.  Defendant was previously granted leave to file a Reply, which was filed on June 12, 2020.  Defendant's Reply contains new evidence and argument not previously raised in their moving papers.  Plaintiffs' proposed Sur-Reply responds to this new evidence and argument.

In light of the importance of this issue, and the fact that Plaintiffs have not had the opportunity to respond to the evidence and argument contained in Defendant's Reply Brief, Plaintiffs respectfully request leave to file the attached Sur-Reply.

June 15, 2020

Respectfully Submitted,

/s/ Oren Sellstrom

Oren Nimni (BBO #691821)
Oren Sellstrom (BBO #569045)
Lauren Sampson (BBO #704319)
Ivan Espinoza-Madrigal†

Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 988-0606
onimni@lawyersforcivilrights.org

Grace Choi, Law Student Intern[*]
Kayla Crowell, Law Student Intern[*]
Aseem Mehta, Law Graduate[*]
Alden Pinkham, Law Graduate[*]
Daniel Phillips, Law Graduate[*]
Fernando Quiroz, Law Student Intern[*]
Bianca Rey, Law Student Intern[*]
Megan Yan, Law Graduate[*]
Reena Parikh†
Muneer Ahmad†
Michael Wishnie (BBO# 568654)

Jerome N. Frank Legal Svcs. Org.
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
michael.wishnie@ylsclinics.org

Lisa Pirozzolo
John Butts
Vinita Ferrera
Felicia Ellsworth
Nicole M.F. Dooley
Annaleigh Curtis
Michael Brown
Rama Attreya
Gary Howell-Walton

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 021009
Lisa.Pirozzolo@wilmerhale.com

---

† Admitted *pro hac vice*.
[*] Motion for law student appearances pending.

## **CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE**

I hereby certify that, on June 14, 2020, I contacted counsel for Defendant, but we were unable to resolve the issue presented herein.  I certify that on June 15, 2020 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of this court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Date:   June 15, 2020


  /s/ Oren Sellstrom
Oren Sellstrom (BBO #569045)

# ATTACHMENT 1

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

MARIA ALEJANDRA CELIMEN SAVINO, JULIO CESAR MEDEIROS NEVES, and all those similarly situated,

               Petitioners-Plaintiffs,

       v.

STEVEN J. SOUZA,

Respondent-Defendant.

Case No. 1:20-cv-10617 WGY

## SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR BAIL REVOCATION

Plaintiffs submit this Sur-Reply to address two overarching points raised by Defendant's Reply (Plaintiffs will address individual allegations at the upcoming hearing):

**Defendant's Reply Confirms That ICE Agents Are Providing Class Members Incorrect Information About Bail Conditions.** Buried in the last paragraphs of the declaration from ICE's Assistant Field Office Director is the admission that ICE's compliance officers "may have provided information contrary to the Court's order of home confinement if asked by a number of the below releasees." Supplemental Guarna-Armstrong Declaration ¶ 49. This confirms what numerous class members have stated in their declarations. *See*, *e.g*., Declaration of Ranferi Ramirez-Maldanado ¶¶ 10-13; Declaration of Cesar Vargas ¶¶ 8-11. Despite a week-long investigation, Defendant provides no further details about this misinformation. Nor does

1

Ms. Guarna-Armstrong state that ICE has taken any remedial steps to instruct ICE compliance officers to stop misinforming class members, or to correct misinformation previously given.

Unfortunately, the flow of misinformation continues.  Just this past week, a class member checking in with his ICE compliance agent (Veronica, from ISAP) told her that he "thought ISAP was confused about my bail conditions and that I was under house arrest, according to Judge Young's conditions.  Veronica told me I was wrong…. She said other people on her case-load have been asking her this same question, but she stated that she 'knows for a fact' that we are all allowed to leave the house and not on house arrest."  Supplemental Declaration of Kavon Mahaedo ¶¶ 3-5 (attached hereto as Exhibit A).  This conversation occurred on June 10, 2020, five days after Plaintiffs detailed numerous instances of ISAP advising released class members that they are permitted to leave their residences.  *See* ECF 202.

**Class Members' Release Paperwork Is Haphazard And Contradictory.**  Similarly, the record now demonstrates that ICE and its agents have not provided class members with uniform release paperwork, and that in many cases the paperwork states in writing the same type of faulty information that ICE's agents are giving orally.  For example, Cesar Vargas' paperwork states that he is allowed to travel within four states, as long as prior approval is given.  *See* Declaration of Cesar Vargas, Ex. 3B.  Indeed, the release exemplar that Defendant submits with its Reply sets forth the condition for that particular individual that "you do not travel outside Louisiana for more than 48 hours without first having notified this agency office of the dates and places, and obtaining approval from this office of such proposed travel."  *See* Order of Supervision, Luis Alberto Miranda-Castillo (submitted with ECF 218).  Plaintiffs have previously submitted other contradictory and inaccurate release paperwork to the Court.[1]

---

[1] *See* ECF 196 at 18-19 and accompanying exhibits.  In light of these inconsistencies, the paragraph of Ms. Guarna-Armstrong's declaration that states that releasees' paperwork all contain the Court's bail conditions (but that does

Defendant's explanation for providing released class members with inaccurate information is that "ICE, at least in this region, has not had a situation previously in which immigrants were released on a court order with non-standard conditions.  It did not foresee that [its compliance contractor] might refer to standard conditions of release in this setting." Defendant's Supplemental Brief on Revocation of Bond at 10.  Plaintiffs agree that this is a likely explanation – but for Defendant to now seek to penalize class members for ICE's mistakes is unfair.

To be clear, it is – and always has been – Plaintiffs' position that released class members must comply with the Court's bail conditions.  Neither Plaintiffs' Opposition nor this Sur-Reply should be taken to suggest otherwise.  Plaintiffs' counsel continues to emphasize the importance of compliance to all released class members.  But this message is undermined when ICE itself continues to instruct class members that they do not need to comply – when by its own admission, ICE gives class members "information contrary to the Court's order of home confinement…."

For the reasons set forth in Plaintiffs' Opposition, these on-the-ground realities should inform the Court's consideration of Defendant's motion.  Plaintiffs look forward to addressing the particulars contained in Defendant's Reply at the scheduled hearing, and believe that bail remains appropriate for the individual class members at issue.

---

not include the paperwork itself) should be stricken.  *See* Supplemental Guarna-Armstrong Dec.¶ 9; Fed. Rule Evid. 1002.  Defendant's further statement that Plaintiffs have somehow been misleading in stating that Defendant has not provided Plaintiffs' counsel with class members' release paperwork is both wrong and unnecessarily combative.  As Defendant goes on to admit in its brief, what Plaintiffs have long sought is not an "example" of release paperwork, but the individuals' paperwork itself, precisely because of the many variations involved.  *See* Sellstrom Dec ¶ 3 ("Because of the importance of ensuring that released class members comply with all conditions of release, Plaintiffs' counsel have asked Defendants' counsel on multiple occasions to provide us with release paperwork given to any class member released pursuant to the Court's bail orders.")  As Defendant admits, that has never been provided to Plaintiffs – nor indeed to the Court on this motion.

June 15, 2020

Respectfully Submitted,

/s/ Oren Sellstrom
Oren Nimni (BBO #691821)
Oren Sellstrom (BBO #569045)
Lauren Sampson (BBO #704319)
Ivan Espinoza-Madrigal†

Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 988-0606
onimni@lawyersforcivilrights.org

Grace Choi, Law Student Intern[*]
Kayla Crowell, Law Student Intern[*]
Aseem Mehta, Law Graduate[*]
Alden Pinkham, Law Graduate[*]
Daniel Phillips, Law Graduate[*]
Fernando Quiroz, Law Student Intern[*]
Bianca Rey, Law Student Intern[*]
Megan Yan, Law Graduate[*]
Reena Parikh†
Muneer Ahmad†
Michael Wishnie (BBO# 568654)

Jerome N. Frank Legal Svcs. Org.
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
michael.wishnie@ylsclinics.org

Lisa Pirozzolo
John Butts
Vinita Ferrera
Felicia Ellsworth
Nicole M.F. Dooley
Annaleigh Curtis
Michael Brown
Rama Attreya
Gary Howell-Walton
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 021009
Lisa.Pirozzolo@wilmerhale.com

## CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE

I certify that on June 15, 2020 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of this court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Date:   June 15, 2020

    /s/ Oren Sellstrom
Oren Sellstrom (BBO #569045)

---

† Admitted *pro hac vice*.
* Motion for law student appearances pending.

**EXHIBIT A**

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

MARIA ALEJANDRA CELIMEN SAVINO,
*et al.*,

                    Petitioners-Plaintiffs,

        v.

STEVEN SOUZA,

Respondent-Defendant.

Case No. 1:20-cv-10617-WGY

### Supplemental Declaration of Kavon Mahadeo

I, Kavon Mahadeo, hereby declare under penalty of perjury, that the following is true and correct to the best of my knowledge:

1.      My name is Kavon Mahadeo. I was previously held in immigration detention at Bristol County House of Correction, but was released on April 10, 2020 pursuant to Judge Young's order admitting me to bail.

2.      At the time of my release, I was fitted with an ankle monitor. ICE agents told me I must quarantine for 14 days but afterwards could leave my residence. Once I began having calls with ISAP, ISAP also told me I could leave my residence and even the state. All of this is detailed in my first declaration.

3.      On June 10, 2020, I had my next scheduled check-in with ISAP. I called 860-296-0102 at or about 10:00 AM, as directed. Normally I speak to a woman named Madeline Urena, but this time a different person, who said her name is Veronica, handled my check-in.

4.      I told Veronica I thought ISAP was confused about my bail conditions and that I was under house arrest, according to Judge Young's conditions. Veronica told me that I was wrong.

5.      Veronica said that I can leave my residence. She said that ICE officer Daniel Moran had told her this. She stated that the reason I was fitted with an ankle monitor was so that I could leave my residence. She said other people on her case-load have been asking her this same question, but she stated that she "knows for a fact" that we are all allowed to leave the house and not on house arrest.

6.      I asked if I could have one of my lawyers call Veronica back to address the conflicting instructions I have received. Veronica said no, that my lawyer would have to call Officer Moran separately.

7.      This declaration was read to me in English and I swear it is true. I have authorized Alden Pinkham, law intern working on *Savino v. Souza,* to sign it for me.

1

Date: June 12, 2020

/s/ Kavon Mahadeo

Kavon Mahadeo