## DECLARATION OF DEPORTATION OFFICER MICHAEL P. PETTERSON

Pursuant to the authority of 28 U.S.C. § 1746, I, Michael P. Petterson, a Deportation Officer

for U.S. Department of Homeland Security, United States Immigration and Customs

Enforcement, Enforcement and Removal Operations, Burlington, Massachusetts declare as

follows:

1. I am a Deportation Officer ("DO") for U.S. Department of Homeland Security, United
   States Immigration and Customs Enforcement, Enforcement and Removal Operations
   ("ICE"). I have been an employee of ICE since June 26, 2006. I attended Basic
   Immigration Enforcement Training Program in 2006 and have been employed as a
   professional immigration officer in a full time, continuous status for approximately 14
   years.  I have received training and experience in the enforcement of the immigration
   laws of the United States and detection and apprehension of aliens who are in the United
   States unlawfully.

2. I am currently assigned to the Alternatives to Detention ("ATD") Unit in the ICE ERO
   Boston, Massachusetts Field Office. I have been a member of this unit for approximately
   four (4) years. Among other duties, I am assigned to supervise those cases that are not in
   custody and are being monitored by technology in the ATD program.  There are three
   DOs in the ATD unit.  Since early April, there have been over 60 individuals released as
   a result of federal litigation.  One other DO and I have handled the majority of the
   interactions with the individuals being enrolled into the ATD program.

3. Additionally, the ATD unit also handles enrollment of individuals into the ATD program
   who were ordered released by immigration judges or who ERO determines amenable to
   release into the ATD program.

4. I estimate that in the past four months, I have enrolled 45 individuals into the ATD
   program.

5. The purpose of this declaration is to set forth the standard practices I employ when
   enrolling an individual into the ATD program. I am aware that a number of individuals
   ordered released by this Court have made allegations that ICE officers provided
   inconsistent information as to this Court's release order.  As set forth below, I do not
   recall providing any such inconsistent information and it would be outside my standard
   practice to provide information in the manner the individuals have claimed in this case.

6. I have reviewed the allegations made by a number of the individuals ordered released by this Court. I do not recall any specific conversations with any of these individuals and am not able to determine if I interacted with any of these individuals during their enrollment into the ATD program and their release from ICE custody.

7. When tasked with the administrative process of releasing an individual and enrolling the individual into the ATD program, I assist in profile construction, installation, and/or verification.

8. When tasked with profile construction, I input the subject's information into the BI Total Access computer program. I create a profile that is matched to a specific Global Positioning System ("GPS") unit serial number. I enter all immigration case information and the subject's address into the BI Total Access program

9. When tasked with installation, I wait for a Detained Unit DO to escort the subject that is being released from detention and enrolled into the ATD Program. I measure the subject's ankle so that I can properly fit the GPS to his ankle. I inspect the GPS unit and verify it is installed properly and comfortable on the subject.

10. When tasked with verification, I login to the computer and verify that the unit is operating correctly. I verify that all GPS strap tamper notifications have been resolved. I verify that the GPS unit is communicating with satellites and cell phone towers.

11. As a matter of general practice, when asked a specific question by any subject I either assist them in referring to the Order of Recognizance ("OREC") or Order of Supervision ("OSUP") paperwork provided by the Detained Unit or suggest they consult with their attorney. At no point do I provide alternative interpretations for any language found in their respective paperwork. If the subject requests clarification of any kind I only suggest they refer to their attorney for guidance. As such, I dispute as a general matter that myself or any other ATD DO would provide information to an individual being enrolled into the ATD program and released from ICE custody that is inconsistent with the information contained in the OREC or OSUP paperwork. To provide contrary information would be against my training, common practice, and job responsibilities.

On this 23rd day of June, 2020, I, Michael P. Petterson, attest that the statements made above are true and accurate under the pains and penalties of perjury.

MICHAEL P
PETTERSON

Digitally signed by
MICHAEL P PETTERSON
Date: 2020.06.23 12:26:45
-04'00'

_____

Michael P. Petterson

Deportation Officer

U.S. Department of Homeland Security

United States Immigration and Customs Enforcement

Burlington, Massachusetts