**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

MARIA ALEJANDRA CELIMEN SAVINO,
JULIO CESAR MEDEIROS NEVES, and all
those similarly situated,

                      Petitioners-Plaintiffs,

                v.

STEVEN J. SOUZA,

Respondent-Defendant.

Case No. 1:20-cv-10617 WGY

June 24, 2020

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**
**COMPLIANCE WITH SUBPOENA FOR PRODUCTION OF DOCUMENTS BY**
**NONPARTY BI INCORPORATED**

## INTRODUCTION

Pursuant to Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure, Local Rule 7.1, Plaintiffs respectfully move this Court to compel nonparty BI Incorporated ("BI"), with whom U.S. Immigration & Customs Enforcement ("ICE") has contracted to supervise released class members, to produce documents in compliance with the subpoena that Plaintiffs served on June 17, 2020. Counsel for BI has stated that ICE has forbidden BI to release the records at issue, pursuant to BI's contract with ICE.

The records at issue are the GPS coordinates for the violations of house arrest alleged by Respondent as to the eight class members subject to the pending motion for bail revocation. ECF 223.  In support of its motion, Defendant provided summary charts listing numbers and dates of supposed violations of house arrest based on underlying GPS records of BI. Defendant has never produced the underlying GPS records on which its summary charts purport to rely. Plaintiffs have submitted individual declarations disputing the summary chart provided by Defendant. The underlying GPS coordinates may reconcile important aspects of the conflicting factual accounts, for instance by revealing that many so-called violations reflect only that class members left their residence to stand in their yard or the curtilage of their home.

This motion challenges the basic unfairness of Defendant's reliance on a summary chart of alleged violations, while refusing to produce the underlying GPS records on which the chart purports to be based. Nor can ICE's contract rights trump the subpoena duly issued and served by Plaintiffs, nor can they defeat the truth-seeking function of this proceeding. To the extent that Defendant invokes other objections, such as the law enforcement or trade secret privileges, those qualified privileges are easily accommodated with entry of a protective order. Plaintiffs respectfully request the Court's intervention to compel compliance with a subpoena seeking

information relevant and necessary to assist the Court's consideration of the Defendant's own

bail revocation motion and potentially to reconcile divergent factual accounts before the Court.

## PROCEDURAL HISTORY

This Court has found that Defendant has likely been deliberately indifferent to a

substantial risk of serious harm to class members amidst the COVID-19 pandemic. ECF 175. As

a result, this Court admitted to bail a number of class members. *See, e.g.,* ECF 44, 55, 73, 76. In

releasing individuals, the Court took seriously its responsibility to ensure the safety of both class

members and the community. As such, it placed conditions on class members' release on bail,

including a requirement that all releasees remain under house arrest. ECF 44.

On its bail revocation motion, Defendant alleges that certain class members have violated

the terms of their release. ECF 185, 199, 218. These allegations are based on facts in dispute.

Plaintiffs contested the reliability and accuracy of Defendant's representations of supposed "bail

violations." ECF 205, 201. The Court has acknowledged the importance of resolving the facts in

order to determine how to proceed. ECF 223, Notes from June 15, 2020 Hearing.

Nonparty BI is the private contractor that provides GPS and telephonic monitoring to

Defendant to track compliance of certain class members with specific terms of their release on

bail by this Court. BI has provided Defendant with information regarding the alleged violations

of the terms of bail by certain class members upon which Defendant's arguments to revoke bail

from certain class members rest. *See* ECF 185, 185-4, 199, 199-1 ¶¶ 4-6, 199-2, 218; Exhibits to

ECF 218 filed with the Court Clerk via Email on June 15, 2020. In turn, without ever sharing this

information, explaining the method by which it was collected, or discussing its accuracy,

Defendant has proffered summary charts of the information provided by BI, and based on these

summary charts argued that certain class members have violated the terms of their bail and should be re-arrested and re-detained.

Specifically, Respondent has represented to the Court that it has synthesized data stored in its "Total Access System" electronic database, monitored by "designated contractors" including BI, to track how many "violations" certain class members have committed of their terms of bail. ECF 199-1 ¶¶ 4-6, 199-2; Spreadsheet Exhibit to ECF 218. However, neither Defendant nor BI has ever made available to the Court nor to Plaintiffs the underlying information upon which these allegations of bail violations are based.

Many of the released class members acknowledge that they have exited their home to go to the backyard, a porch, or other sites within the curtilage of their residences. *See* Sealed Exhibits to ECF 202. A significant number of violations listed in Defendant's summary chart may in fact be GPS coordinates within the yard or curtilage of these homes. To understand, test, and examine the sufficiency and accuracy of Respondent's representations to the Court, Plaintiffs sent Defendant a copy of a subpoena *duces tecum* addressed to BI on June 16, 2020, and then caused service to be effected on BI, Inc. on June 17, 2020. The subpoena commanded the production of (1) records indicating potential violations of GPS monitoring as to 11 listed individuals subject to the bail revocation motion; (2) communications between BI employees and named releases; and (3) records regarding individual compliance with terms of supervised release. Ex. A. The subpoena requested all information by 12:00 pm ET on June 24, 2020, in advance of the Court's continued hearing on the motion for bail revocations set for 12:00 pm on June 25. *Id.*

On June 19, 2020, attorney Anthony Shelton, counsel for BI, contacted Plaintiffs' counsel to request additional time to comply. In a telephone conversation that day, Plaintiffs' counsel

agreed that BI could have an additional week, up to and including July 1, 2020, to respond to items #2 and #3 of the subpoena, and further that BI need not produce records under item #1 as to three of the eleven listed persons, provided BI produced the GPS coordinates for the remaining eight persons in item #1 by June 24 at noon. In the same call, attorney Shelton stated that pursuant to its contract with ICE, BI was forbidden from producing records under subpoena absent ICE's consent. Plaintiffs' counsel memorialized the conversation by email after the call. *See* Ex. B. On June 23, 2020, Plaintiffs' counsel again contacted attorney Shelton, who advised that he had not yet received the GPS coordinate records from his client for review, and thus had not yet sent them on to ICE. On June 24, attorney Shelton advised by email that ICE had refused to consent to the production of the GPS coordinates, and thus, "[b]ecause all of the information requested in the subpoena is contract information, BI will not be providing any of the requested information." *See* Ex. C. Plaintiffs' confirmed via email that this was BI's final position and that further conferral before seeking the assistance of Court would be futile, *see* Exs. D, E, and then emailed attorney Michael Sady, who is lead counsel for Defendant this week while attorney Thomas Kanwit is on vacation, to request an immediate conferral. *See* Ex. F. Attorney Sady has not responded.

## ARGUMENT

BI has refused to comply with the subpoena served based on its contractual relationship with ICE, which reportedly requires ICE to approve any productions. This objection has not been supported by any records or legal authority and is not based in any cognizable privilege or protection ground.

The portion of the subpoena at issue on this motion commands that BI:

Produce all documents, spreadsheets, communications and electronically stored information referencing electronic or GPS monitoring, including any indications of

4

potential violations of the terms of the GPS monitoring, and the date, time, and location of any such violations, of [eight individuals].

BI has produced neither records nor authority supporting its position, including the contract on which it relies. Under FRCP 45(d)(2), a party commanded to produce documents or tangible things "may serve . . . a written objection" but the objection "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." An order compelling compliance is warranted.

BI has provided no cognizable justification for failing to provide the subpoenaed records. Its objection is not based in any ground of privilege or protection that would allow it to "withhold[] subpoenaed information." Fed. R. Civ. P. 45(e)(2)(A). Any person withholding subpoenaed information under a privilege or protection ground must "expressly make the claim" and "describe the nature of the withheld documents, communications, or tangible things . . . without revealing information itself privileged or protected." *Id.* BI has done neither.[1]

Plaintiffs' subpoena was properly issued and sought a limited subset of information material to the issue of bail revocation. An issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FRCP 45(a). There is no undue burden or expense here. Defendant has represented to the Court that it has synthesized data stored in its "Total Access System" electronic database, monitored by "designated contractors" including BI, to track how many "violations" certain Plaintiffs' class members have committed of their terms of bail. ECF 199-1 ¶¶ 4-6, 199-2; Spreadsheet Exhibit to ECF 218. As such, BI is likely to already have records responsive to the subpoena request. Plaintiffs'

---

[1] BI claimed that its contract with ICE does not permit it to produce any records without ICE's permission, which ICE has not granted in this matter. This barebones response in and of itself is not a ground of privilege or protection. Neither BI nor ICE has provided a copy of the contract. In any event, the contractual relationship does not alone signify that BI may refuse to comply. *See, e.g., Addamax Corp. v. Open Software Foundation, Inc.*, 148 F.R.D. 462 (D. Mass. 1993) (ordering compliance over objection that nonparty did not have control over documents).

subpoena was also limited in scope to eight individuals and requested information within a week of service, all reasonable parameters given the urgency of the litigation timeline and the relationship between BI and ICE. The requested records are critical to the factual dispute between the parties about the accuracy of alleged bail violations and must be produced forthwith.

To the extent the underlying objection of BI or Defendant is derivative of the law enforcement or trade secrets privileges, BI has not established that these records satisfy the requirements of either privilege. *See, e.g., King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988) (setting forth elements of law enforcement privilege); *Diaz v. Devlin*, No. 4:16-cv-40039-TSH, 2018 WL 1610541 at *2 (D. Mass. 2018) (applying *King v. Conde* standard); *ITT Electro-Optical Products. v. Electronic Technology Corp.*, 161 F.R.D. 228, 231 (D. Mass. 1995) (explaining that the Federal Rule governing discovery of trade secrets requires the objecting party to first establish that the information sought is a trade secret and then demonstrate that its disclosure may be harmful).

Nor has BI or Defendant demonstrated that any legitimate law enforcement or trade secret concerns, when balanced against the public interest and Plaintiffs' significant need for these records – on which the personal liberty of multiple class members may depend – could not be accommodated by this Court ordering prompt production subject to a protective order. *See, e.g., Commonwealth of Puerto Rico v. U.S.*, 490 F.3d 50, 63-64 (1st Cir. 2007) (emphasizing that the qualified privilege against disclosure of confidential governmental information can be overcome on a case-by-case basis if a civil rights litigant demonstrates sufficient necessity, given the circumstances); *El Badrawi v. U.S. Dept. of Homeland Security*, 258 F.R.D. 198, 206 (D.Conn. 2009) (ordering production of record otherwise subject to law enforcement privilege

pursuant to protective order); *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362,

(1979) ("[T]here is no absolute privilege for trade secrets and similar confidential information").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that this Court issue an order

compelling compliance with the June 16, 2020 subpoena by BI as set forth above.

June 24, 2020

Respectfully Submitted,

/s/ Michael Wishnie

Oren Nimni (BBO #691821)
Oren Sellstrom (BBO #569045)
Lauren Sampson (BBO #704319)
Ivan Espinoza-Madrigal†
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 988-0606
onimni@lawyersforcivilrights.org

Grace Choi, Law Student Intern[*]
Kayla Crowell, Law Student Intern[*]
Aseem Mehta, Law Graduate[*]
Alden Pinkham, Law Graduate[*]
Daniel Phillips, Law Graduate[*]
Fernando Quiroz, Law Student Intern[*]
Megan Yan, Law Graduate[*]
Reena Parikh†
Muneer Ahmad†
Michael Wishnie (BBO# 568654)

Jerome N. Frank Legal Svcs. Org.
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
michael.wishnie@ylsclinics.org

Lisa Pirozzolo
John Butts
Vinita Ferrera
Felicia Ellsworth
Nicole M.F. Dooley
Annaleigh Curtis
Michael Brown
Rama Attreya
Gary Howell-Walton
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 021009
Lisa.Pirozzolo@wilmerhale.com

---

† Admitted *pro hac vice*.
* Motion for law student appearances pending.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 24, 2020 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of this court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system. In addition, I served a copy of this motion, brief, and exhibits by email on attorney Anthony Shelton, counsel for BI, Inc.


Date:   June 24, 2020

<u>/s/ Michael Wishnie</u>
Michael Wishnie (BBO# 568654)

8