# EXHIBIT A

# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

June 16, 2020

**HAND DELIVERED**

BI Incorporated
General Counsel
6265 Gunbarrel Avenue
Suite B
Boulder Colorado 80301

    Re:   *Savino et. al. v. Souza,*
               U.S. District Court, Civil Action No. 1:20-WGY-10617 (D. Mass)

Dear Mr. Irwin:

    We represent Plaintiffs Maria Alejandra Celimen Savino and Julio Neves, in the above-captioned lawsuit filed in the United States District Court for the District of Massachusetts.

    In connection with that lawsuit, we enclose a subpoena requiring that BI Incorporated produce all relevant documents, spreadsheets and electronically stored information referencing electronic or GPS monitoring, including any indications of potential violations of the terms of the GPS monitoring, and the date, time, and location of any such violations for twelve individuals.

    Please refer to the enclosed Schedule of Documents or Information for further description of the documents to be produced.

    Please feel free to contact us with questions concerning this request.

    Sincerely,

    /s/ Michael J. Wishnie

| | |
|---|---|
| Grace Choi, Law Student Intern | Reena Parikh |
| Kayla Crowell, Law Student Intern | Muneer Ahmad |
| Aseem Mehta, Law Graduate | Michael Wishnie (BBO# 568654) |
| Alden Pinkham, Law Graduate | Jerome N. Frank Legal Svcs. Org. |
| Daniel Phillips, Law Graduate | Yale Law School |
| Fernando Quiroz, Law Student Intern | 127 Wall Street |
| Bianca Rey, Law Student Intern | New Haven, CT 06511 |
| Megan Yan, Law Graduate | Phone: (203) 436-4780 |
| | michael.wishnie@ylsclinics.org |
| | *Attorneys for Plaintiffs* |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| Maria Alejandra Celimen Savino et. al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:20-cv-10617-WGY |
| Steven J. Souza | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: BI Incorporated

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached schedule of documents.

| Place: By email to michael.wishnie@ylsclinics.org<br>By mail to: Michael Wishnie, Jerome N. Frank LSO,<br>Yale Law School, 127 Wall St., New Haven, CT 06511 | Date and Time:<br>06/24/2020 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/16/2020

CLERK OF COURT

OR _/s/ M. Wishnie_

_____          _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Petitioners Maria Alejandra Celimen Savino et. al._____, who issues or requests this subpoena, are:
Michael Wishnie, Jerome N. Frank Legal Services Organization, Yale Law School. michael.wishnie@ylsclinics.org.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:20-cv-10617-WGY   Document 238-1   Filed 06/24/20   Page 4 of 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

MARIA ALEJANDRA CELIMEN SAVINO, *et al.*,

        Petitioners-Plaintiffs,

    v.

STEVEN J. SOUZA, Superintendent of Bristol County House of Corrections, in his Official Capacity,

        Respondent-Defendant.

Case No. 1:20-cv-10617-WGY

## SCHEDULE FOR SUBPOENA TO PRODUCE DOCUMENTS OR INFORMATION

1. Produce all documents, spreadsheets, communications and electronically stored information referencing electronic or GPS monitoring, including any indications of potential violations of the terms of the GPS monitoring, and the date, time, and location of any such violations, of the following individuals:

    a. Del Angel Moran, Gabino (A208-299-948), DOB: 9/27/1986
    b. Mahadeo, Kavon (A059-104-840), DOB: 11/1/1985
    c. Desmond, Joseph (A088-189-852), DOB: 8/2/1987
    d. Vargas, Cesar (A045-456-709), DOB: 8/20/1980
    e. Ferriera, Palmar (A029-514-865), DOB: 5/13/1962
    f. Valentim, Lucas (A216-305-198), DOB: 9/11/1984
    g. Ramirez-Maldonado, Ranferi (A205-241-005), DOB: 2/24/1981
    h. Arrega, Marvin (A215-558-127), DOB: 2/2/1975
    i. Gutierrez-Deleon, Carlos (A216-305-137), DOB: 12/7/1978
    j. Beltran Araujo, Jose (A213-120-129), DOB: 3/17/1994
    k. Aziabo, Kokou

2. Produce all records regarding conversations, written instructions, and any other information regarding terms of release from U.S. Immigration and Customs Enforcement (ICE) custody between BI Incorporated employees and the individuals listed in 1(a)-(j).

3. Produce all documents prepared independently or at the request of ICE or the U.S. Department of Justice regarding the above-listed individuals' compliance with the terms of supervised released from ICE custody.

Dated: June 16, 2020

By: /s/ Michael J. Wishnie

Oren Nimni (BBO #691821)
Oren Sellstrom (BBO #569045)
Lauren Sampson (BBO #704319)
Ivan Espinoza-Madrigal†
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 988-0606
onimni@lawyersforcivilrights.org

Grace Choi, Law Student Intern∗
Kayla Crowell, Law Student Intern∗
Aseem Mehta, Law Graduate∗
Alden Pinkham, Law Graduate∗
Daniel Phillips, Law Graduate∗
Fernando Quiroz, Law Student Intern∗
Bianca Rey, Law Student Intern∗
Megan Yan, Law Graduate∗
Reena Parikh†
Muneer Ahmad†
Michael Wishnie (BBO# 568654)
Jerome N. Frank Legal Svcs. Org.
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
michael.wishnie@ylsclinics.org

Lisa Pirozzolo
John Butts
Vinita Ferrera
Felicia Ellsworth
Nicole M.F. Dooley
Annaleigh Curtis
Michael Brown
Rama Attreya
Gary Howell-Walton
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 021009
Lisa.Pirozzolo@wilmerhale.com

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

**Plaintiff**
MARIA ALEJANDRA CELIMEN SAVINO ET AL.

v.

**Defendant**
STEVEN J. SOUZA

**Affidavit of Service**

Case #:  1:20-WGY-10617

Recieved on **June 16, 2020 at 6:22 pm**

I, **Steven D. Glenn**, being duly sworn, depose and say, I have been duly authorized to make service of the document(s) listed herein, in the above mentioned case. I am over the age of 18, and am not a party to or otherwise interested in this matter.

On **June 17, 2020 at 11:55 am**, I executed service of a **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; SCHEDULE FOR SUBPOENA TO PRODUCE DOCUMENTS OR INFORMATION AND LETTER**, on **BI INCORPORATED** at 6265 Gunbarrel Avenue, Boulder, Boulder County, CO 80301.

**By Corporate Service: CHERYL SEVERINO - HR REPRESENTATIVE**

**Physical Description:**

**Race:** Caucasian  **Sex:** Female  **Age:** 50's  **Height:** 5' 6"  **Weight:** 150 lbs  **Hair:** Dk. Brown  **Glasses:** No

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

_____
Steven D. Glenn

Subscribed and sworn before me by the affiant who is personally known to me.

_____
Notary

June 19, 2020
Date

TARA ROSE ARAGON
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20174036209
MY COMMISSION EXPIRES AUGUST 29, 2021

**Field Sheet Id:** 4547
**Client Reference**   District Court 1:20-WGY-10617 (D. Mass)

Page 1 of 1
Process ServerSoftware Pro

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

**Plaintiff**

MARIA ALEJANDRA CELIMEN SAVINO ET AL.

v.

**Defendant**

STEVEN J. SOUZA

**Affidavit of Service**

Case #  1:20-WGY-10617

Recieved on **June 16, 2020 at 6:22 pm**

I, **Steven D. Glenn**, being duly sworn, depose and say, I have been duly authorized to make service of the document(s) listed herein, in the above mentioned case. I am over the age of 18, and am not a party to or otherwise interested in this matter.

On **June 17, 2020 at 11:55 am**, I executed service of a **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; SCHEDULE FOR SUBPOENA TO PRODUCE DOCUMENTS OR INFORMATION AND LETTER**, on BI INCORPORATED at 6265 Gunbarrel Avenue, Boulder, Boulder County, CO 80301.

**By Corporate Service: CHERYL SEVERINO - HR REPRESENTATIVE**

**Physical Description:**

**Race:** Caucasian  **Sex:** Female  **Age:** 50's  **Height:** 5' 6"  **Weight:** 150 lbs  **Hair:** Dk. Brown  **Glasses:** No

**I declare under penalty of perjury under the laws of the State of Colorado that the foregoing is true and correct.**

Executed on June 18, 2020 at Greenwood Village, Colorado

_signature_
Steven D. Glenn

**Field Sheet Id:** 4547

**Client Reference**   District Court 1:20-WGY-10617 (D. Mass)

Page 1 of 1

Process ServerSoftware Pro