# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————

MARIA ALEJANDRA CELIMEN SAVINO
and JULIO CESAR MEDEIROS NEVES,

Petitioners-Plaintiffs,

v.

THOMAS HODGSON, et al.,

Respondents-Defendants.

———————————————————————

)
)
)
)
)
)
)
)
)
)
)
)

**20-cv-10617 WGY**

## ANSWER OF DEFENDANTS

The Defendants, by and through their attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, hereby answer and respond to Plaintiff's complaint as follows:

1.  This paragraph constitutes Plaintiffs' characterization of the instant action which requires no response. Answering further, Defendants deny that Plaintiffs are, or were, at imminent risk of contracting COVID-19 or that the conditions in which they are being held are unsafe.

2.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and therefore they are denied.

3.  Denied.

4.  Denied.

5.  Denied.

6.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that the putative class members were or are in fear for their lives; all remaining allegations are denied.

7.  Defendants admit that class members are not criminally detained or incarcerated and that ICE has used a variety of arrangements to ensure that immigrants who are eligible for release do not flee.  The allegations regarding whether the class members are eligible for release state conclusions of law as to which no answer is required.  To the extent that an answer is deemed necessary, those allegations, and all remaining allegations of this paragraph, are denied.

8.  This paragraph contains hyperbole which cannot be meaningfully answered; as to that and the remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and they are therefore denied.

9.  Defendants admit that persons young and old, with and without pre-existing conditions, have apparently died from COVID-19.  Defendants deny that a disease could discriminate, and, answering further, state that the disease does not appear to be of equivalent risk to young and old or those with and without underlying conditions.  To the extent this paragraph implies otherwise, that implication is denied.

10.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and they are therefore denied.

11.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and they are therefore denied.

12.  Defendants admit that there is no FDA-approved vaccine currently shown to be safe and effective against the COVID-19 novel coronavirus.

13.   The meaning of the term "cure" is ambiguous as used in this paragraph.  Defendants admit that there is no treatment presently known which rapidly reverses the effects of COVID-19.

14.   The allegations of this paragraph are broad and undefined.  For example, a "place" cannot contract a coronavirus and therefore a place cannot be described as immune.  Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and they are therefore denied.

15.   The allegations of this paragraph are argument and purport to characterize medical and scientific opinion.  As such, they do not require a response.  To the extent a response is required, the allegations are denied.

16.   The allegations of this paragraph contain hyperbole and also purport, separately, to state facts that are a matter of public record.  As such, no answer is required.  To the extent an answer is required, Defendants admit that the novel coronavirus pandemic has stimulated uncommon actions by national, state and local authorities.  As to all other allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and they are therefore denied.

17.   The allegations of this paragraph contain hyperbole and also purport, separately, to state facts that are a matter of public record.  As such, no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and they are therefore denied.

18.   The allegations of this paragraph contain hyperbole and also purport, separately, to state facts that are a matter of public record.  As such, no answer is required.  To the extent an

answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and they are therefore denied.

19.  The allegations of this paragraph purport to state facts that are a matter of public record.  As such, no answer is required.  To the extent an answer is required, Defendants admit that criminal inmates and civil detainees have been released in response to the pandemic. Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations and they are therefore denied.

20.  This paragraph purports to characterize judicial decisions that speak for themselves. As such, no answer is required and the allegations are neither admitted nor denied.  Answering further, Defendants state that many detained and incarcerated individuals have been denied release on COVID-19-based compassionate release grounds.

21.  Denied.

22.  The allegations of the first sentence in this paragraph are denied.  As to the second sentence, the record speaks for itself as to the timing of the ICE announcement and its content. As to the attempt to characterize the motive for any such announcement, that allegation is denied.

23.  Denied.

24.  Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations and they are therefore denied.

25.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding the timing of a statement by Sheriff Hodgson.  All other allegations of the paragraph are denied.

26.  Denied.

27.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what various experts said and whether Plaintiffs' characterization and quotation is accurate.  The allegations are therefore denied, as is the last sentence of the paragraph.

28.  Defendants deny that no social distancing has occurred at BCHOC, and lack sufficient information to form a belief as to the truth of the allegation regarding what Plaintiffs' state of mind is.  Answering further, Defendants deny that no steps have been taken to prevent infection with COVID-19.

29.  The allegations of this paragraph contain hyperbole and are denied, except that Defendant does not know what the exact detainee population was at the time the Complaint was filed in this case.  Defendant denies that the current population in ICE B is 57, as the former ICE B residents rioted and destroyed the unit, rendering it uninhabitable as the direct consequence of their lawless, wanton and destructive behavior.

30.  The allegations of this paragraph contain hyperbole and argument and therefore require no answer.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what various experts said and whether Plaintiffs' characterization and quotation is accurate.  To the extent an answer is required, the allegations are denied.

31.  Denied.

32.  Denied, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding who Plaintiffs purport to represent or their purpose in doing so.

33.  Denied.

34.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except that they deny that the named Plaintiff suffers from severe asthma or is at an increased risk for COVID-19 as a result.  Answering further, this individual is no longer detained.

35.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, except that they deny that the named Plaintiff suffers from conditions which place him at an increased risk for COVID-19.  Answering further, this individual is no longer detained.

36.  To the extent that this paragraph states a legal conclusion as to the appropriateness of naming the individual defendant, no answer is required.  To the extent an answer is required, the allegation that the individual is properly named is denied.

37.  To the extent that this paragraph states a legal conclusion as to the appropriateness of naming the individual defendant, no answer is required.

38.  To the extent that this paragraph states a legal conclusion as to the appropriateness of naming the individual defendant, no answer is required.  To the extent an answer is required, the allegation that the individual is properly named is denied.

39.  To the extent that this paragraph states a legal conclusion as to the appropriateness of naming the individual defendant, no answer is required.  To the extent an answer is required, the allegation that the individual is properly named is denied.

40. To the extent that this paragraph states a legal conclusion as to the appropriateness of naming the individual defendant, no answer is required.  To the extent an answer is required, the allegation that the individual is properly named is denied.

41.  This paragraph states a legal conclusion as to which no answer is required.

42.  This paragraph states a legal conclusion as to which no answer is required.

43.  This paragraph states a legal conclusion as to which no answer is required.

44.  This paragraph states a legal conclusion as to which no answer is required.

45.  This paragraph states a legal conclusion as to which no answer is required.

46.  Admitted.

47.  Admitted as of the time the Complaint was filed; as to its present accuracy, the paragraph is denied.

48.  This paragraphs purports to state broad, undifferentiated medical conclusions as to which Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same.

49.   Defendants admit that medical and scientific knowledge regarding the novel coronavirus known as COVID-19 has been developing over time.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and they are therefore denied.

50. Defendants admit that COVID-19 can damage lung tissue and that hospitalization and/or rehabilitation may be necessary.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and they are therefore denied.

51.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

52.   Defendants deny that all persons infected with COVID-19 have the symptoms alleged in this paragraph; as to any remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

53.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

54.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

55.  Defendants admit that persons infected with COVID-19 may be asymptomatic and could potentially infect others.  All remaining allegations of this paragraph are denied.

56.  This paragraphs purports to state broad, undifferentiated medical conclusions as to which Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same.

57.  This paragraphs purports to state broad, undifferentiated medical conclusions as to which Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same.

58.  This paragraphs purports to state broad, undifferentiated medical conclusions as to which Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same.

59.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

60.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

61.  Defendants admit that immigration detainees have been housed in ICE A and ICE B units in the Correira Center, but answer further that detainees have been housed in other units at BCHOC as well.

62.  Defendant does not know what the exact detainee population was at the time the Complaint was filed in this case.  Defendant denies that the current population in ICE B is 57, as the former ICE B residents rioted and destroyed the unit, rendering it uninhabitable as the direct consequence of their lawless, wanton and destructive behavior.

63.  To the extent that this paragraphs purports to characterize a writing, that writing speaks for itself.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied, except that Defendants admit that as of March 18, 2020, Defendants were aware of the novel coronavirus.

64.  To the extent that this paragraphs purports to characterize a writing, that writing speaks for itself.  To the extent an answer is required, Defendants admit that the close living situation of any correctional facility, BCHOC included, presents risks for transmission of

infectious diseases.  Defendant denies that this risk is insurmountable or that BCHOC presents "grim realities."

65.  Defendants admit that BCHOC's immigration detention facilities, like all correctional and detention facilities, involve congregate living.  All remaining allegations of this paragraph are denied.  Answering further, Defendants state that the "imminence" of infection is belied by the fact that in the past four months there has been only one positive COVID-19 among detainees, which was almost surely a false positive in light of subsequent testing of that individual and his unit mates.

66.  This paragraphs purports to state broad, undifferentiated medical conclusions as to which Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same.  Answering further, Defendants deny that COVID-19 is transmitted by air as that is medically and scientifically incorrect.  Unlike tuberculosis, for example, which can be airborne without a water vehicle, COVID-19 is spread by water droplets, which may be airborne, but that is not what epidemiologists typically mean when they state a disease can be transmitted by air.

67.  This paragraph states broad, hypothetical conclusions that are not specific to BCHOC and therefore do not require an answer.  To the extent an answer is required, they are denied.

68.  Denied, except that Defendants admit that upper and lower bunks are three feet from each other but are separated by a solid metal barrier.

69.  Denied.

70.  Denied.

71.  This paragraph states broad, hypothetical conclusions that are not specific to BCHOC and therefore do not require an answer.  To the extent an answer is required, they are denied.

72.  This paragraphs purports to state broad, undifferentiated medical conclusions as to which Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny same.

73.  Denied.

74.  Denied.

75.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.  Answering further, this individual is no longer detained.

76.  Defendants admit that ICE has issued various statements and directives regarding the COVID-19 pandemic.  All other allegations of this paragraph are denied.

77.  Denied.

78.  Denied.

79.  This paragraph purports to quote documents which speak for themselves; Defendants lack knowledge or information sufficient to form a belief as to the accuracy and context of the purported quotations.  All other allegations of this paragraph are denied.

80.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

81.  Denied.

82.  Denied.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

84. Defendants admit that they have continued to use BCHOC for the housing of detained aliens. Defendants deny that their practices have been against any public health recommendations applicable to correctional/detention facilities, and deny all remaining allegations of this paragraph.

85. Denied.

86. This paragraph characterizes the complaint and petition and requires no response.

87. This paragraph characterizes the complaint and petition and requires no response; however, Defendants specifically deny that class certification is proper in this case.

88. This paragraph characterizes the complaint and petition and requires no response; however, Defendants specifically deny that class certification is proper in this case.

89. This paragraph characterizes the complaint and petition and requires no response; however, Defendants specifically deny that class certification is proper in this case.

90. This paragraph characterizes the complaint and petition and requires no response; however, Defendants specifically deny that class certification is proper in this case.

91. This paragraph characterizes the complaint and petition and requires no response; however, Defendants specifically deny that class certification is proper in this case.

92. This paragraph characterizes the complaint and petition and requires no response; however, Defendants specifically deny that class certification is proper in this case.

93.  This paragraph characterizes the complaint and petition and requires no response; however, Defendants specifically deny that class certification is proper in this case.  Defendants also specifically deny that conditions at BCHOC are life-threatening.

94.  This paragraph purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

95.  This paragraph purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

96.  This paragraph purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

97.  This paragraph purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

98.  Defendants restate and incorporate their responses to paragraphs 1-97.

99.  This paragraph purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

100.  Denied.

101.  Denied.

102.  Defendants admit that, at the time the complaint was filed, they were from time to time placing additional detainees at BCHOC as well as transferring detainees out.  Defendants deny all remaining allegations of the paragraph.

103.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

104.  Denied.

105.  Denied.

106.  This paragraph purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

107.  This paragraph purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

108.  This paragraph purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

109.  This paragraph purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations, except that it is admitted that federal funds are used in connection with the detention of aliens.

110.  This paragraph purports to state a legal conclusion as to which no response is required.  Defendants specifically deny the allegation that purported class members have a disability as that term is used in the Rehabilitation Act.

111.  Denied.

112.  Denied.

113.  Denied.

114.  Denied.

115.  Denied.

116.  Denied.

PRAYERS FOR RELIEF

The prayers for relief do not require an answer or response from Defendants.  Defendants deny that Plaintiffs are entitled to the relief sought, however.

14

AFFIRMATIVE DEFENSES

First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted.

Second Affirmative Defense

The Court lacks jurisdiction and authority to grant the requested relief.

Third Affirmative Defense

The purported class members are insufficiently similar in their situations and class certification is inappropriate.

Fourth Affirmative Defense

The named plaintiffs cannot adequately represent the interests of all purported class members.

Fifth Affirmative Defense

The Court lacks jurisdiction and authority to address conditions of confinement in a petition for a writ of habeas corpus.

Sixth Affirmative Defense

Plaintiffs cannot establish that they have a disability as protected by the Rehabilitation Act.

Seventh Affirmative Defense

Plaintiffs cannot establish that any disability was not accommodated or that they have been deprived of any right or interest.

<u>Eighth Affirmative Defense</u>

Plaintiffs cannot show that Defendants have been deliberately indifferent to the medical needs of Plaintiffs or that their constitutional rights have been violated under the Fifth or Eighth Amendments to the United States Constitution.

<u>Ninth Affirmative Defense</u>

Defendants have an obligation to enforce the immigration laws of the United States and to protect the public from violence by Plaintiffs and the purported class members and to ensure that class members do not flee.

<u>Tenth Affirmative Defense</u>

Defendants are in compliance with all applicable guidance from the Centers for Disease Control and the Massachusetts Department of Public Health.

<u>Eleventh Affirmative Defense</u>

At all times relevant to this litigation, Defendants have taken reasonable measures to prevent an outbreak of the COVID-19 novel coronavirus among detainees at BCHOC and have also taken extensive measures to prevent the spread of the virus should it be introduced into the facility.  As regards purported class members, these measures have been extraordinarily successful.

<u>Twelfth Affirmative Defense</u>

Petitioners do not have Article III standing.

<u>Thirteenth Affirmative Defense</u>

Petitioners' claims are not cognizable through a habeas corpus petition.

<u>Fourteenth Affirmative Defense</u>

Petitioners' confinement is not punitive in violation of the Fifth Amendment.

<u>Fifteenth Affirmative Defense</u>

Petitioners' detention is based on immigration statutes and regulations that prohibit release of many class members.

Respectfully submitted,

ANDREW E. LELLING,
United States Attorney

By:   */s/ Thomas E. Kanwit*
Thomas E. Kanwit
Michael P. Sady
Assistant U.S. Attorneys
U.S. Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100
thomas.kanwit@usdoj.gov

July 2, 2020

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Thomas E. Kanwit*

Dated:   July 2, 2020