UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA ALEJANDRA CELIMEN SAVINO, JULIO CESAR MEDEIROS NEVES, and all those similarly situated,<br><br>        Petitioners-Plaintiffs,<br><br>        v.<br><br>STEVEN J. SOUZA,<br><br>Respondent-Defendant. | Case No. 1:20-cv-10617 WGY |

**PLAINTIFFS' FURTHER BRIEFING IN OPPOSITION TO DEFENDANT'S MOTION TO REVOKE BAIL**

On July 1, 2020, the Court granted Plaintiffs' motion to compel compliance with a subpoena directed towards Defendant's subcontractor, BI Incorporated, for GPS coordinates showing the alleged bail condition violations of three class members: Desmond Joseph, Ranferi Ramirez-Maldonado, and Carlos Gutierrez-Deleon. As set forth more fully below, the documents demonstrate that the vast majority of "violations" turn out to be within a standard range of GPS error, *i.e.*, locations within a one-tenth of a mile range of the class members' residences. In other cases, GPS coordinates indicate that a class member is both at home and at some other location simultaneously, calling into question the accuracy of these coordinates as well. In light of Defendant's failure of proof, Plaintiffs respectfully request that Defendant's motion to revoke bail for class members Joseph, Ramirez-Maldonado, and Deleon be denied.

I.   **BACKGROUND**

On June 3, 2020, Defendant moved for bail revocation for ten class members, and has alleged that these individuals engaged in "hundreds of violations" of the Court's house arrest orders.  ECF 199; ECF 236 at 14.  Defendant also claimed that all class members' release paperwork uniformly and accurately stated the Court's bail conditions, and that class members have all been uniformly and accurately informed of the Court's conditions by ICE and its agents as well.  ECF 218 at 7-9; ECF 236 at 2, 11-12, 14.

This narrative quickly fell apart under scrutiny.  Plaintiffs submitted numerous documents demonstrating that class members had received a range of release paperwork, some accurately describing the Court's conditions and some not.  *See* Exhibits to ECF 202 (filed under seal).  Plaintiffs also submitted numerous declarations describing how ICE's agents at BI (through a program known as ISAP) had given class members inaccurate and misleading information, both orally and in writing.  *See id*.  When pressed by the Court to specifically respond to these allegations, Defendant filed declarations from several of the individual BI staff members in question, largely confirming class members' statements about how these staff had provided information inconsistent with the Court's orders.  ECF 236-10, 236-12.

At the June 25, 2020 bail revocation hearing, the Court focused in particular on class members who Defendant had alleged had violated bail conditions since the June 15, 2020 hearing, by which time Defendant had stated that it had instructed its agents to cease providing misinformation to class members.  At the June 25, 2020 hearing, the Court revoked bail for two class members and continued the hearing for several others.  ECF 242.  On July 1, 2020, the Court denied Defendant's motion to revoke bail for one class member, Ms. Pamlar Ferreira, for whom no violations had been alleged since the June 15, 2020 hearing.  At the same hearing, the

2

Court allowed Plaintiffs' motion to compel compliance with a subpoena to BI, Defendant's subcontractor, for GPS data underlying the alleged violations for Mr. Joseph, Mr. Ramirez-Maldonado, and Mr. Deleon during the period in question.  BI complied on June 30, 2020 and July 1, 2020.

The records produced by BI undermine Defendant's claim of "hundreds of violations" for the class members whose bail Defendant seeks to revoke.  In fact, the vast majority of what Defendant appears to be calling "violations" for the three class members for whom data has now been produced (and likely other class members as well) consist of GPS coordinates under one-tenth of a mile from the class members' residences – "drift points" that are well within the range of error for GPS technology.  As the government's official website on GPS data states, "[m]any things can degrade GPS positioning accuracy."  *See* GPS Accuracy, *available at* https://www.gps.gov/systems/gps/performance/accuracy/.  Common causes of inaccuracy include "[s]atellite signal blockage due to buildings, bridges, trees, etc…" and "indoor or underground use."  *Id.*; *see also id.* (noting that while GPS data from smartphones "under open sky" are typically accurate within about 16 feet, "their accuracy worsens near buildings, bridges, and trees.").[1]  Moreover, in many cases in which there are GPS coordinates purporting to show class members out of their residences, there are GPS coordinates at the same time showing such class members to be at home.  In light of this evidence, Defendant has failed to demonstrate that bail should be revoked for any of the specified class members.

---

[1] *See also Commonwealth v. Davis*, 97 Mass. App. Ct 653, 2020 WL 3088773 (June 11, 2020) at *5 ( "[P]ositioning information derived from the [GPS] monitor was, like all GPS information, subject to variations in accuracy depending upon atmospheric conditions, intervening obstacles, or reflection of the satellite signals from buildings, windows, or cars…") (determining, in a case involving BI GPS devices, that while such evidence is admissible, the listed inaccuracies go to the weight of the evidence); LOS ANGELES TIMES, *Tests found major flaws in parolee GPS monitoring devices,* March 30, 2013 (widespread testing of GPS devices in California showed that "reported locations were off by as much as three miles"), *available at* https://www.latimes.com/local/la-xpm-2013-mar-30-la-me-ff-gps-monitors-20130331-story.html.

II.     **DESMOND JOSEPH**

Mr. Joseph is a 33-year-old father of two children, who has lived in the United States for more than 15 years.  A declaration filed on June 24, 2020 from Beronica Perez of ISAP confirmed what Mr. Desmond had stated in his prior declaration: that following his release from BCHOC on bail, ICE's agents gave him instructions that were contrary to, and inconsistent with, the Court's bail conditions, stating "that he could not leave the states of New Hampshire, Connecticut, New York, Rhode Island, New Jersey, and Massachusetts."  ECF 236-10, Perez Decl. ¶ 2.  Defendant has not alleged that Mr. Joseph has violated his bail conditions since the June 15, 2020 hearing.  *See* ECF 236-1, Guarna-Armstrong Decl. ¶ 24 (noting no bail condition violations between June 15, 2020 and June 18, 2020).

Even during these earlier periods when Mr. Joseph was being misinformed of the Court's conditions by ICE's agents, many of Mr. Joseph's alleged "violations" are highly questionable. Mr. Joseph lives at 3545 Main Street in Hartford, CT, which is a large, L-shaped public housing building that sits at the corner of Main Street and St. Monica's Avenue.  A street called Bennett Circle loops directly behind the buildings:

 

Many of the violations that Defendant apparently alleges for Mr. Joseph even during prior periods occur at GPS coordinates that are within feet of the building, such as at 3445 Main

Street, a location approximately 50 feet from his home address on the side of his building; or 3521 Main Street, a private residence next door to the complex; or 3503 Main St., located at the corner of his building approximately 140 feet away:

**3445 Main St:**



**3521 Main St.**



**3503 Main St.**



Moreover, a number of entries show Mr. Joseph at two locations simultaneously: *i.e.*, both inside and outside his home.

Given that Defendant has not alleged that Mr. Joseph has violated the Court's bail conditions since June 15, 2020; that he was indisputably given misleading and inaccurate information about his bail conditions by Defendant's agents prior to that time; and that even many earlier "violations" of the house arrest provision are within the range of standard GPS error, Defendant's motion to revoke Mr. Joseph's bail should be denied.

### III. RANFERI RAMIREZ-MALDONADO

Mr. Ramirez-Maldonado is a 33-year-old man who lives with his wife and two U.S. citizen children in a large public housing complex at 20a Memorial Road, Somerville, MA.[2]  He has, so far, been provided three different GPS devices because of various malfunctions. *See* Exhibits to ECF 202, Ramirez-Maldonado Dec.¶ 14.  Like Mr. Joseph, Mr. Ramirez-Maldonado was misinformed of the Court's bail conditions by ICE's agents.  Samantha Solis, a Case

---

[2] The "Mystic River/Memorial Road" public housing development is managed by the Somerville Housing Authority.

Specialist at BI, testified that she advised Mr. Ramirez-Maldonado, as she does all of her clients, not that he was under house arrest but rather that he "cannot leave the states of New Hampshire, Connecticut, Rhode Island and Massachusetts."  ECF 236-12, Solis Decl. ¶ 5.

Defendant has alleged one violation for Mr. Ramirez-Maldonado occurring after June 15, 2020, stating that Mr. Ramirez-Maldonado was located by the GPS system at an address away from his house (75 Jaques Street) on June 15, 2020.  ECF 236-1 ¶23.  The map below shows three points: Mr. Ramirez-Maldonado's home address in green; the 75 Jaques St. address from the declaration in purple; and the actual GPS coordinates provided by BI for the alleged 75 Jaques St. violation in orange.



Two things are clear from plotting the coordinates: First, that the distance between Mr. Maldonado's home address and the point of the violation is *de minimis* and likely the product of GPS drifting, *see supra*, or Mr. Ramirez-Maldonado moving within his own abode.  Second, that

government representations that the GPS coordinate point to a specific address are themselves mere estimates.[3] Notably, whenever BI has called on Mr. Ramirez-Maldonado to determine his whereabouts, they have found him to be present at his home address, and Defendant has not claimed otherwise.

Given that the accuracy of GPS coordinates degrades near buildings and for indoor use, *see supra*, it is highly likely that the one violation alleged for Mr. Ramirez-Maldonado since June 15, 2020 is simply the result of standard GPS error. In light of the undisputed misinformation that Defendant's agents provided to Mr. Ramirez-Maldonado, and the fact that his one alleged violation since June 15, 2020 is a coordinate just feet away from his residence of record, Plaintiffs respectfully request that Defendant's motion to revoke his bail be denied.

## IV. CARLOS GUTIERREZ DELEON

Mr. Deleon is a 41-year-old father of a newborn U.S. citizen son. Mr. Deleon's records show numerous entries that Defendant apparently alleges are "violations," which are within .1 miles of his home. For example, many of the supposed violations show GPS coordinates of a location at 225 Phillips Avenue, a mere 36 feet from Mr. Deleon's residence:

---

[3] This is not to fault the address estimate, which is close to where the GPS coordinates are, but instead to note that the estimated address is also some distance from the GPS coordinate (about the same distance as the coordinate to Mr. Ramirez-Maldonado's home address) and that, despite government representations, the GPS coordinate does not, in fact, place Mr. Ramirez-Maldonado at a particular address.



Mr. Deleon knows no one at this address and, in light of the inaccuracy of GPS technology for indoor use and around buildings, the most likely explanation for these and the other similar "violations" is simply the standard range of inaccuracy for GPS technology. Certainly, Defendant has not produced sufficient evidence to justify re-detaining Mr. Deleon on this basis.

## CONCLUSION

For all of the foregoing reasons, in addition to those set forth in previous briefings on this issue, Defendant's motion to revoke the bail of Desmond Joseph, Ranferi Ramirez-Maldonado and Carlos Gutierrez Deleon should be denied.

July 6, 2020

Respectfully Submitted,

/s/ Oren Sellstrom
Oren Nimni (BBO #691821)               Lauren Sampson (BBO #704319)
Oren Sellstrom (BBO #569045)           Ivan Espinoza-Madrigal†

9

| | |
|---|---|
| Lawyers for Civil Rights<br>61 Batterymarch Street, 5th Floor<br>Boston, MA 02110<br>(617) 988-0606<br>onimni@lawyersforcivilrights.org<br><br>Grace Choi, Law Student Intern[*]<br>Kayla Crowell, Law Student Intern[*]<br>Aseem Mehta, Law Graduate[*]<br>Alden Pinkham, Law Graduate[*]<br>Daniel Phillips, Law Graduate[*]<br>Fernando Quiroz, Law Student Intern[*]<br>Bianca Rey, Law Student Intern[*]<br>Megan Yan, Law Graduate[*]<br>Reena Parikh[†]<br>Muneer Ahmad[†]<br>Michael Wishnie (BBO# 568654)<br><br>Jerome N. Frank Legal Svcs. Org. | P.O. Box 209090<br>New Haven, CT 06520<br>Phone: (203) 432-4800<br>michael.wishnie@ylsclinics.org<br><br>Lisa Pirozzolo<br>John Butts<br>Vinita Ferrera<br>Felicia Ellsworth<br>Nicole M.F. Dooley<br>Annaleigh Curtis<br>Michael Brown<br>Rama Attreya<br>Gary Howell-Walton<br>Mikayla C. Foster<br>Elizabeth E. Driscoll<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 021009<br>Lisa.Pirozzolo@wilmerhale.com |

## CERTIFICATE OF SERVICE

    I hereby certify that, on July 6, 2020 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of this court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Date:   July 6, 2020
  /s/ Oren Sellstrom
Oren Sellstrom (BBO #569045)

---

[†] Admitted *pro hac vice*.      [*] Motion for law student appearances pending.