**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARIA ALEJANDRA CELIMEN SAVINO, JULIO CESAR MEDEIROS NEVES, and all those similarly situated,<br><br>   Petitioners-Plaintiffs,<br><br>   v.<br><br>STEVEN J. SOUZA,<br><br>   Respondent-Defendant. | Case No. 1:20-cv-10617 WGY |

**DECLARATION OF OREN M. SELLSTROM IN SUPPORT OF
PLAINTIFFS' MOTION TO MODIFY BAIL CONDITIONS**

I, Oren Sellstrom, declare as follows:

1. I am one of the attorneys for the Plaintiff class in this matter, together with other attorneys from Lawyers for Civil Rights, the Jerome N. Frank Legal Services Organization, and the WilmerHale law firm.

2. Since the time that the Court first ordered individual class members released on bail, the legal team has been in ongoing contact with individual class members and their support networks about the case and about their conditions of release. With increasing frequency over the past several months, class members' support networks, which include family members, friends in the community, church groups, immigration attorneys, and community-based organizations, have informed us of issues that class members who are released on bail are experiencing regarding the house arrest condition, as set forth in greater detail below.

1

3. Many class members report that the house arrest condition makes it difficult for them to access food. Class members who live only with elderly relatives experience particular difficulty on this front, as they have to rely on people outside their household to bring in groceries on an ongoing basis, and run other necessary errands for them. Most released class members are low-income, meaning that they cannot afford to pay to have groceries delivered or to order take-out meals.

4. Class members have also expressed a desire to access medical care, such as regular check-ups and preventative care. While these medical issues may not qualify as "severe" under the Court's current bail conditions (which allow released individuals to leave their residence for "severe" medical issues), individuals would like to attend to them in the interest of maintaining their health and welfare. Similarly, class members are unable to assist their family members in the case of medical emergencies. For example, one class member was unable to be with his wife during a serious surgical operation that she had to undergo, because he was concerned that supporting her in this manner would violate the Court's order.

5. Numerous released class members have expressed a desire to attend church or other religious services – where social distancing is practiced and masks are worn. Other released class members who are working hard to maintain their sobriety have expressed that they would like to attend Alcoholics Anonymous or other similar 12-step programs (which also have social distancing and mask-wearing protocols in place). However, they have not done so for fear of violating the Court's bail conditions.

6. Many class members have reported difficulties getting basic exercise, and are concerned about the ongoing impact of the lack of exercise on their physical and mental health, particularly as more time elapses. Some class members originally tried to get some

exercise by going out into their backyards, if they had them.  However, in light of Defendant's efforts to revoke bail for some class members, apparently based on "violations" that consisted simply of going into the backyard, many class members now report that they believe their safest course of conduct is to literally remain within the four walls of their apartment or residence.  Other class members live in apartments that do not have backyards in the first place.

    7.    Finally, some class members are legally authorized to work and would like to do so – in many cases to be able to eat and pay rent.  Several class members have families with newborns or young children whom they would like to support, particularly now that places of employment have social distancing and mask-wearing requirements in place.  Again, while class members' friends and family have to date been able to support those who have been released, this is becoming increasingly difficult as time passes.

    8.    A recent statement of a released class member to his support network is typical of class member experiences with house arrest:

> "The Corona Virus has affected each and every one of us greatly, some in many different ways. On my behalf it has affected me on more so a mental level than a physical one due to the fact that I have a GPS ankle monitor and restrictions…. Having the GPS ankle monitor has made me unable to work, being unable to provide for my family and myself.  My girl is currently 7.5 months pregnant and due any minute now.  I do not recieve nor depend on help from the state or government.  I am a hard worker and like being independent….  All I want to do is get back to work to be able to provide and take care of my family….  It affects me mentally knowing that as a man I am unable to do so.  Sitting around the house doing nothing productive does not

help the situation. Don't get me wrong. It's way better than being in jail or at one of their inhumane detention centers in which I'm thankful…. I do hope changes can be made…. Thank You."

9. Another class member statement similarly states:

"i'm … one of the people that went out in sabino lawsuit…i still here in house arrest and … we cant even go in the backyard of the house or the porch is been 3 month and 10 days that i have this ankle bracelet without violate it but i'm cristian and i need to go to church on sunday i have high blood presure, two herniated disk, siclo cell disease and i dont have no more medicine i need to go to a doctor and i cant because i cant even play with my kids in the backyard and the worse part i have to help my wife to pay rent and i cant help her because i'm in house arrest i dont know how long i have to be like this …. i hope you have a nice day and god bless and cover you with his holy blood in this pandemic.       thank you"

10. Another class member similarly states:

"I am currently staying with a friend. I have been now depending financially on her for three months. Consequently, for the past three months, I have been enduring economic hardship and not able to care about myself. To add to the hardship, I have a $70,000 student debt overdue and over $20,000 debt in attorney fees. I have been offered multiple jobs but I have not been able to accept these offers. I fell behind on payments and sometimes I do not have enough food to eat. I have health problems. I am suffering from Gastroesophageal reflux disease and skin psoriasis. I have not been able to purchase medication for these illnesses. Also, My mother is disabled and dependent on my financial support."

I declare under penalty of perjury that the foregoing is true and correct and was executed this 7th day of August, 2020.

*/s/ Oren Sellstrom*
Oren Sellstrom

## CERTIFICATE OF SERVICE

I hereby certify that, on August 7, 2020 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of this court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Date:   August 7, 2020

*/s/ Oren Sellstrom*
Oren Sellstrom (BBO #569045)