UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
MARIA ALEJANDRA CELIMEN SAVINO          )
and JULIO CESAR MEDEIROS NEVES,         )
                                       )
Petitioners-Plaintiffs,                 )
                                       )        20-cv-10617 WGY
   v.                                   )
                                       )
STEVEN SOUZA,                           )
      Superintendent,                   )
                                       )
      Respondent-Defendant.             )
_____)

## DEFENDANTS' RESPONSE TO REQUESTS FOR INSPECTION

Respondent-Defendant hereby responds to Plaintiffs's Requests for Inspection.

### A. General Objections

1. The Requests for Inspection served by Plaintiffs are overbroad: The Requests cover all physical areas of BCHOC without limitation or connection to class members.

2. The Requests for Inspection served by Plaintiffs are burdensome: During the course of the litigation, Defendant has provided the Court, and counsel, with extensive diagrams, photographs, video and measurements of the immigration detention facilities. While a few documents were presented *in camera* only with the Court's approval, Plaintiffs have sufficient information regarding the facilities to litigate their claims.

3. The Requests for Inspection served by Plaintiffs will impinge facility security both in terms of COVID-19 as well as general prison security: Plaintiffs have proposed that an unlimited number of attorneys, videographers, photographers, law students and possibly others (such as architects) have three days to inspect all portions of BCHOC. That is a huge increase in the risk

of introducing COVID-19 into BCHOC.  In addition, the proposed inspection represents a significant security risk for BCHOC apart from the COVID-19 issue.  Detention facilities do not allow photographs to be taken of their facilities, or extensive inspections, for the same reason that the Court denied Plaintiffs' access to the building plans.  There is too great a risk that the information could be used to facilitate a jail break or escape.

4**.**  The lawsuit is not about the conditions of confinement:  The Court, in its Preliminary Injunction ruling, agreed with Defendant that conditions of confinement are not addressable through a habeas corpus petition.  This is not a conditions of confinement suit, it is a suit seeking the release of detainees due to the risk of a COVID-19 infection.  While the physical layout of the units in which the detainees are held was relevant at the outset of the litigation when there were 148 detainees, its relevance is attenuated now that BCHOC is down to less than 15 % of capacity with 41 detainees.

### B. Specific Issues with the Requests

In addition to the concerns regarding security, health safety, burdensomeness, irrelevance and lack of necessity of the requests for inspection, Defendant objects to the Requests for Inspection on the following specific grounds:

1. <u>The total number of people is not clearly circumscribed</u>.  Plaintiffs have not placed a limit on the total number of persons that would be traipsing through the facility, thereby increasing the security risk and the danger of introducing COVID-19 into BCHOC.  This would reverse five-plus months of diligent effort which has successfully kept the virus out of the immigration detainee population.[1]

---

[1] Plaintiffs indicated that "The inspection will be conducted by Plaintiffs' counsel

2.  <u>Three days is too much time</u>:  Three days of inspection, photographing, videotaping, etc. is both a burden on the normal workings of the facility, a security risk as well as greatly increasing the health risks.  The contingent conducting the inspection would not spend nights at BCHOC, so when they leave at the end of the first and second day, they would have unchecked exposure to the coronavirus and then return to the facility.  It is hard to imagine a more effective means of introducing the virus.

3.  <u>The physical scope of the requested inspection is unlimited</u>:  Plaintiffs define the areas to be inspected as "all facilities controlled by Defendant including immigration detention, pre-trial detention, and holding for sentenced individuals. BCHOC shall also include each subsidiary wing, department, component, or unit of any facility controlled by Defendant."  Requests for Inspection, Definition #3. They also define the terms "Detention Facility" or "Facility"  to include "any premise, cell, building, semi-permanent structure, or enclosure maintained at the BCHOC."

4.  <u>Plaintiffs's instruction that Defendant identify who will accompany the inspectors in advance is inappropriate and unworkable</u>:  Plaintiffs have no right to demand prior identification of those who will accompany them and their inspectors.  Moreover, it is impossible to determine in advance exactly what staffing will be necessary.

---

accompanied by such experts, consultants, investigators, photographers, and videographers as Plaintiffs' counsel deems appropriate, not to exceed six (6) in number." But the reference to "six" is unclear as to whether it includes counsel and "such experts," etc. or just the experts, consultants, photographers and videographers.  Given that there are five categories of such professionals named, it is unlikely that six is a total number.  Plaintiffs have 24 names on their pleadings.  And, even if it was, six new people with an unknown history of exposure to COVID-19 would constitute an unacceptable risk.


           Respectfully submitted,

           ANDREW E. LELLING,
           United States Attorney

By:   */s/ Thomas E. Kanwit*
      Thomas E. Kanwit
      Assistant U.S. Attorney
      U.S. Attorney's Office
      John J. Moakley U.S. Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA  02210
      (617) 748-3100

September 4, 2020      thomas.kanwit@usdoj.gov