IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTIAN ALBERTO SANTOS GARCIA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> CHAD F. WOLF, in his official capacity as Acting Secretary, U.S. Department of Homeland Security, *et al.*, <br><br> *Defendants*. | Case No. 1:20-cv-00821 (LMB/JFA) |

## AGREED INSPECTION PROTOCOL

1. Pursuant to the Court's instructions at the August 17, 2020 hearing, the parties submit the following proposed joint protocol regarding an inspection of the Farmville Detention Center ("FDC") to be conducted by Plaintiffs' expert Dr. Homer D. Venters and Defendants' expert Dr. William Andrew Reese (collectively, "the Inspectors"). The parties submit this protocol at the direction of the Court, and Defendants agree to a voluntary inspection of the FDC without waiving any existing or future objections to future inspections of the facility, relief for the Plaintiffs, or any finding that Defendants have violated Plaintiffs' constitutional and/or statutory rights. Pursuant to this protocol, the inspection will examine and provide evaluations regarding the following subjects identified by Dr. Venters:

   a. Practices for screening of detainees for COVID-19 symptoms including whether detainees are asked about COVID-19 symptoms generally or during daily

1

temperature checks, and what the response of facility staff is to reports of COVID-19 symptoms;

b. Whether current practices in FDC adequately identify and protect incarcerated individuals, including high-risk individuals, from serious illness and death from COVID-19;

c. An assessment of whether detainees are able to report COVID-19 symptoms during sick call, and how those reports are responded to;

d. Whether Plaintiffs are being assessed and/or are receiving care for ongoing symptoms of COVID-19;

e. An assessment of social distancing, including observing areas in each housing unit where detainees receive medications, eat meals, perform recreation activities, attend religious services, and access the commissary and other parts of the housing areas and the facility;

f. Whether staff members participating in voluntary interviews in the course of the inspection report that they are or have been working while experiencing symptoms of COVID-19;

g. Observation of the use of PPE by staff and detainees and an assessment of the level of understanding from staff and detainees of how to use PPE;

h. Prevalence and access to care for COVID-19 symptoms and effects, both immediate and long-term;

i. An assessment of whether high-risk patients have been identified or protected in any way; and

2

  j. The FDC's plans, if any, for repeat testing of individuals who exhibit new COVID-19 symptoms.

2. By consent of the parties, an evaluation of the FDC is to be conducted by the Inspectors, to take place on Thursday, August 20, 2020, starting at 10:00 a.m., and continuing for no longer than seven and one-half hours (7 hours 30 minutes), not including any breaks.

3. The Inspectors shall be allowed to enter the FDC. They shall be allowed access to all areas within the FDC, provided that they are escorted as reasonably directed by Jeff Crawford or his designee including but not limited to staff entry, detainee intake, PPE locker or storage area, medical units, medical isolation cells, new admission housing areas, general population and high- and medium-security housing areas, quarantine housing areas, and medical isolation housing areas; subject to the exception that the Inspectors shall not be allowed entry into any medical unit in which a detainee other than a Plaintiff is in the process of receiving medical treatment from medical staff, but Defendants will ensure that the Inspectors are allowed reasonable time to inspect medical units during the visit.

4. The Inspectors will be allowed to bring writing pads and writing implements. Cell phones are not allowed in FDC, but the Inspectors shall be allowed to secure their cell phones in lockers located in the lobby and may access their cell phones at the lockers and exit the facility to call counsel regarding the inspection and re-enter the facility promptly as necessary. Additionally, the Inspectors may use a facility phone at their request for this purpose.

5. Counsel for the parties are otherwise not to be present at the inspection.

6. The Court will issue a separate order regarding the taking of photographs during the inspection to accompany this protocol.

3

7.  The Health Services Administrator from Armor shall be available to assist FDC personnel in guiding the Inspectors to medical areas, answer factual questions about policies and procedures, and otherwise provide factual information to the Inspectors about practices or details about the provision of medical care related to COVID-19. The Inspectors may not ask Armor personnel to offer any opinions regarding the standard of care or to interpret any documents on behalf of Armor or discuss the allegations in Plaintiffs Complaint.

8.  The Inspectors shall jointly be allowed to have brief voluntary conversations with FDC detainees and staff encountered along the way during their inspection. Also prior to the inspection, Plaintiffs shall provide Defendants with a list of certain specific named FDC detainees, who will be advised prior to the inspection of their opportunity to speak with the Inspectors should they so choose. A "voluntary conversation" is understood as one which the detainee or staff member is advised that they are free to accept or refuse. Such voluntary conversations will take place out of the earshot of any other detainees, staff, and any other individuals accompanying the Inspectors on their rounds, with the exception of any needed language interpreter. Detainees and staff will not face any retaliation for communicating with the Inspectors.

9.  FDC will provide a Spanish-language interpreter, who shall not be a member of the security staff, for the Inspectors to speak with any detainees for whom Spanish is their best language; and access to remote interpretation services for any detainees who speak languages other than Spanish and English.

10. Any statements made by anyone in the course of the inspection may only be used for purposes of the expert reports in this inspection and may not be used or admitted in any other respects or litigation.

4

11. FDC will provide appropriate Personal Protective Equipment ("PPE") to include a face shield and gown to the Inspectors upon entering the medical isolation units. The Inspectors will otherwise be responsible for providing their own mask for their own personal use. FDC will also provide a tape measure in good working order.

12. The Inspectors will also be allowed to review, but not copy or remove, records concerning medical screening procedures and sick call procedures, including but not limited to any forms used for record-keeping, as well as forms used by detainees for sick call reports. In addition, the Inspectors will be allowed to review medical records for the Plaintiffs and any other detainee who provides express consent for such review.

13. Any written documents provided to the FDC by the Centers for Disease Control and Prevention ("CDC"), including but not limited to written recommendations, surveys, and evaluation tools, will be made available for review by the Inspectors prior to the date of the facility evaluation. If such written materials are not available as of the date of the inspection but become available prior to the expert's report being completed, the materials will be provided promptly after they become available.

14. Subsequent to the inspection, the Inspectors shall each prepare a written report for the benefit of the Court. Such reports shall not use any personally identifying information for patient detainees or staff that are not parties to the above-captioned litigation.

15. The inspection will be subject to a subsequent protective order entered into by the parties with the Court's approval to be agreed upon as soon as practicable before the inspection commences.

It is SO ORDERED.

/s/ _____
Leonie M. Brinkema
United States District Judge
8/18/20

5