# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____
                                      )
**MARIA ALEJANDRA CELIMEN SAVINO,**   )
**and JULIO CESAR MEDEIROS NEVES,**   )
                                      )
    **Petitioners,**          )
                                      )
    **v.**                    )    1:20-cv-10617 WGY
                                      )
**STEVEN J. SOUZA, Superintendent,**  )
                                      )
    **Respondent.**           )
_____)

# **MEMORANDUM IN SUPPORT OF RESPONDENT'S MOTION TO DECERTIFY THE CERTIFIED CLASS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................3

INTRODUCTION ..............................................................................................................5

BACKGROUND ................................................................................................................6

I.   Class Certification ..................................................................................................6

II.  Further Reduction of the Immigration Detainee Population at BCHOC ..............8

LEGAL STANDARDS ....................................................................................................10

ARGUMENT ....................................................................................................................11

CONCLUSION .................................................................................................................14

CERTIFICATE OF SERVICE ..........................................................................................16

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Andrews v. Bechtel Power Corp.*,
  780 F.2d 124 (1st Cir. 1985) ..................................................................................12, 13

*Baker v. Equity Residential Mgmt., LLC*,
  390 F. Supp. 3d 246 (D. Mass. 2019) ............................................................................ 11

*Eaton Vance Corp. Sec. Litig.*,
  219 F.R.D. 38 (D. Mass. 2003) ...................................................................................... 10

*Gen. Tel. Co. of Sw. v. Falcon*,
  457 U.S. 147 (1982) ....................................................................................................... 11

*Henderson v. Bank of N.Y. Mellon, N.A.*,
  332 F. Supp. 3d 419 (D. Mass 2018) ............................................................................. 14

*In re Relafen Antitrust Litig.*,
  218 F.R.D. 337 (D. Mass. 2003) .................................................................................... 10

*In re Sonus Networks, Inc. Sec. Litig.*,
  229 F.R.D. 339 (D. Mass. 2005) .................................................................................... 11

*Kremens v. Bartley*,
  431 U.S. 119 (1977) ....................................................................................................... 11

*Mazzei v. Money Store*,
  829 F.3d 260 (2d Cir. 2016) ........................................................................................... 11

*Reid v. Donelan*,
  297 F.R.D. 185 (D. Mass. 2014) ..............................................................................10, 12

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ....................................................................................................... 10

## Rules

Fed. R. Civ. P. 23(c)(1)(C) .................................................................................... 11

Fed. R. Civ. P. 23(a) ................................................................................... 5, 10, 13

## INTRODUCTION

The Court should decertify the certified class in this case because it no longer satisfies the requirements of Federal Rule of Civil Procedure 23(a). On April 8, 2020, the Court certified a class defined as "[a]ll civil immigration detainees who are now held by Respondent[] at the Bristol County House of Corrections and the C. Carlos Carreiro Immigration Detention Center in North Dartmouth, Massachusetts."[1] (ECF No. 64 at 29). When Petitioners filed this habeas petition, there were 148 immigration detainees at the Bristol County House of Correction ("BCHOC"). (ECF No. 26-1 at 4; ECF No. 64 at 2; ECF No. 131 at 1). However, the class is now much smaller.

As of January 21, 2021, the certified class consisted of only seventeen members. (ECF Nos. 345, 345-1, 355, 360). Therefore, the certified class no longer meets the numerosity requirement under Federal Rule of Civil Procedure 23(a)(1). Furthermore, the class representatives—the two Petitioners named in the caption to this action—have not been detained at BCHOC since at least May 2020. Petitioners have not substituted other class members to be the class representatives. Thus, the class thus lacks a representative party. Respondent hereby moves to decertify the certified class.

---

[1] On March 29, 2020, the Court found Respondent Steven J. Souza to be the proper respondent and dismissed the other respondents from this action without prejudice. (ECF No. 22).

## BACKGROUND

### I.  Class Certification

On March 27, 2020, two immigration detainees at BCHOC, on behalf of themselves and 146 similarly-situated individuals, brought this action, claiming that their confinement placed them involuntarily at an increased risk of COVID-19 infection and that this alleged increased risk deprived them of due process under the Fifth Amendment. (ECF No. 1).  They sought immediate release of all immigration detainees at BCHOC and an order prohibiting further detention of immigration detainees at BCHOC indefinitely.  (ECF No. 1 at 24 ¶¶ 1–4; ECF Nos. 11, 12).  Petitioners also moved to certify a proposed class of all civil immigration detainees "who are now or will be held" by Respondent at BCHOC.  (ECF Nos. 13, 14).  On March 30, 2020, Respondent filed a brief in which it argued that the proposed class lacked uniformity and that the named petitioners were not representative of the proposed class members.  (ECF No. 26 at 13).  At the time, Respondent did not challenge numerosity or adequacy.  (ECF No. 26).

On April 2, 2020, after entertaining argument by the parties, the Court provisionally certified five subclasses of detainees, grouping them based on whether they had a criminal history or medical conditions, (ECF Nos. 27, 36; ECF No. 64 at 13–14), and identified the members of one provisional subclass of six detainees with no criminal history and no known risk factors, (ECF No. 36; ECF No. 175 at 4).  Respondent filed a supplemental brief arguing, among other things, that the record was insufficient to certify a class.  (ECF No. 41).  On April 3, 2020, the Court indicated that it would begin making

6

individual bail determinations for BCHOC detainees. *See* Tr. at 7–10 (Apr. 3, 2020). It then articulated its plan for exercising its authority with regard to the remaining immigration detainees at BCHOC and directed the parties to submit, by the close of business on April 4, 2020, a list of fifty detainees whom the district court would consider admitting to bail. *Id*. at 14–25. The parties did not agree on a list of fifty detainees. On April 4, 2020, the Court admitted three of the provisional subclass members to bail. (ECF No. 44).

On April 5, 2020, the Court entered an order listing fifty detainees, set five hearing dates between April 7 and 13, 2020, assigned ten detainees to each date, and announced it would consider each detainee for bail on his or her assigned date.[2] (ECF No. 46). On April 7, 2020, the Court admitted nine additional provisional class members to bail. (ECF Nos. 54, 55). On April 8, 2020, the Court certified the class of "[a]ll civil immigration detainees who are now held by Respondent[] at the [BCHOC] and the C. Carlos Carreiro Immigration Detention Center in North Dartmouth, Massachusetts."[3] (ECF No. 64 at 16–26, 29). The Court noted that "numerosity and adequacy appear[ed] well-founded" and further concluded that the detainees met the Rule 23 requirements of commonality and

---

[2] Over the several weeks that followed, the parties submitted their briefs, on the indicated days, on the merits of releasing specific detainees. (*See, e.g.*, ECF Nos. 50, 52, 56, 58, 65, 67, 74–75, 78–81, 84–85, 88–89, 92, 94, 100, 102, 104–05, 110–11, 115–16, 130–31).

[3] The Court also provided its reasoning in support of bail determinations for additional class members on an individualized basis pending its disposition of their habeas petitions. (ECF No. 64 at 26–28).

typicality because they presented the common question of law and fact, namely, "whether the government must modify the conditions of confinement -- or, failing that, release a critical mass of Detainees -- such that social distancing will be possible and all those held in the facility will not face a constitutionally violative 'substantial risk of serious harm.'" (*Id*. at 21 (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994))).

## II.     Further Reduction of the Immigration Detainee Population at BCHOC

The Court subsequently admitted more class members to bail. (*See, e.g.*, ECF No. 73 (admitting fifteen detainees to bail on April 9, 2020); ECF No. 76 (admitting ten detainees to bail on April 10, 2020); ECF No. 86 (admitting one detainee to bail on April 15, 2020); ECF No. 90 (admitting two detainees to bail on April 16, 2020); ECF No. 107 (admitting one detainee to bail on April 21, 2020); ECF No. 135 (admitting one detainee to bail on April 28, 2020); ECF No. 147 (admitting two detainees to bail on May 5, 2020)). Among those admitted to bail on April 10, 2020, was class representative Julio Cesar Medeiros Neves. (ECF No. 76). In total, the Court granted bail and ordered the release of forty-four detainees. (*E.g.*, ECF No. 345). On May 7, 2020, the Court issued a preliminary injunction ordering that no new detainees could be admitted to BCHOC. (ECF No. 168).

The certified class continued to diminish in size. In addition to the detainees whom the Court admitted to bail, the class size further decreased due to transfers of detainees outside of BCHOC, releases of detainees on bond, discretionary releases of detainees, and removals of detainees under final orders of removal. (*E.g.*, ECF Nos. 90, 96, 107,

8

117, 165, 167, 181, 191, 201, 224, 234). According to U.S. Immigration and Customs Enforcement ("ICE"), remaining class representative Maria Alejandra Celimen Savino was released on bond on or about May 19, 2020. *See* Exhibit A. As of June 24, 2020, the certified class consisted of sixty-two members. (ECF No. 234). The class size further decreased due to additional transfers of detainees, releases of detainees on bond, discretionary releases of detainees, and removals of detainees.[4] (*E.g.*, ECF Nos. 255–57, 259–60, 266, 296, 300, 308, 355, 360). Additionally, Respondent released one detainee based on a claim of U.S. citizenship and another detainee based on a mental health condition. (ECF No. 345). As of December 1, 2020, the certified class consisted of nineteen members. (ECF Nos. 345, 345-1).

On December 18, 2020, the Court observed that the present size of the certified class "calls into question the continued propriety of treating this matter as a class action

---

[4] The numbers of former BCHOC immigration detainees who were at BCHOC as of when this action commenced are provided below, with the reason for their release or transfer out of BCHOC:

>    Detainees released based on posted bond: 14
>    Detainees released based on U.S. Immigration and Customs Enforcement ("ICE") discretion: 15
>    Detainees released by an Immigration Judge: 2
>    Detainees released by the district court: 44
>    Detainees released based on removal: 51
>    Detainee released based on claim of U.S. citizenship: 1
>    Detainee released based on mental health condition: 1
>    Detainee transferred at BCHOC request: 1
>    Detainee transferred based on detainee request: 1.

(ECF No. 345 at 2; ECF Nos. 355, 360).

since the numero[]sity requirement may no longer be met." (ECF No. 352 at 2). On December 28, 2020, Respondent filed a notice of transfer out for removal for one additional immigration detainee, bringing the class size to eighteen. (ECF No. 355). On January 21, 2021, Respondent filed a notice of transfer out for removal for one additional immigration detainee, bringing the class size to seventeen. (ECF No. 360). The immigration detainee population at BCHOC is now less than twelve percent of what it was at the outset of the litigation.

## LEGAL STANDARDS

A class may be certified only if the prerequisites of Federal Rule of Civil Procedure 23(a) are satisfied: (1) it is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative are typical of those of the class ("typicality"); and (4) the class representative will fairly and adequately protect the interests of the class ("adequacy of representation"). The First Circuit has recognized forty or more individuals as a presumptive minimum for meeting the numerosity requirement for class certification. *See, e.g.*, *Reid v. Donelan*, 297 F.R.D. 185, 188–89 (D. Mass. 2014); *In re Relafen Antitrust Litig.*, 218 F.R.D. 337, 342 (D. Mass. 2003). The proponents of a class action have the burden of proof as to each Rule 23 requirement. *Reid*, 297 F.R.D. at 188 (citing *Eaton Vance Corp. Sec. Litig.*, 219 F.R.D. 38, 43 (D. Mass. 2003)). Because "Rule 23 does not set forth a mere pleading standard," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011), courts at times must "probe behind the

10

pleadings before coming to rest on the certification question," *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Although the Court cannot preliminarily inquire into the merits of the case, class certification necessarily involves considerations that are "enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.*

Certification is discretionary, and the Court remains free to modify or decertify the certified class in light of subsequent developments in the litigation. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."); *Falcon*, 457 U.S. at 160 (describing certification orders as "inherently tentative"); *In re Sonus Networks, Inc. Sec. Litig.*, 229 F.R.D. 339, 348 (D. Mass. 2005) ("[T]he court may decertify a class at anytime before final judgment."). A court may reconsider its class certification order if compelling reasons cast substantial doubt on whether the class continues to meet the Rule 23 prerequisites. *Kremens v. Bartley*, 431 U.S. 119, 130 (1977); *see also Baker v. Equity Residential Mgmt., LLC*, 390 F. Supp. 3d 246, 259 (D. Mass. 2019) ("A district court may decertify a class if it appears that the requirements of Rule 23 are not in fact met.") (quoting *Mazzei v. Money Store*, 829 F.3d 260, 266 (2d Cir. 2016)). "A court may also modify a class based on 'subsequent developments in the litigation.'" *Baker*, 390 F. Supp. 3d at 259 (quoting *Falcon*, 457 U.S. at 160); *see also* Fed. R. Civ. P. 23(c)(1)(C).

## ARGUMENT

The requisite numerosity no longer exists within the certified class. The overriding consideration in assessing numerosity is the practicability of joinder. While the

numerosity requirement imposes no absolute limitations, "a class size of forty or more will generally suffice" to demonstrate numerosity for class certification in the First Circuit. *Reid*, 297 F.R.D. at 188–89. "While numbers alone are not usually determinative, a very small class may not meet the numerosity requirement because joinder of all members is practicable." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 131 (1st Cir. 1985) (citation omitted). "In addition, where class members can be easily identified, joinder is more likely to be practicable." *Id.* at 132 (citation omitted).

When Petitioners filed this habeas petition and sought class certification, there were 148 immigration detainees housed at BCHOC, which met the presumptive forty-person threshold. (ECF No. 131). Hence, Respondent did not contest numerosity at the time of class certification. (ECF No. 41). However, as described above, the actions of the Court, ICE, and Immigration Judges have led to a significant reduction in the immigration detainee population at BCHOC. As of January 21, 2021, the certified class consisted of only seventeen members. (ECF Nos. 345, 345-1, 355, 360).

Seventeen members is not sufficiently numerous to constitute a class because it is less than half of the presumptive forty-person threshold. *See, e.g.*, *Reid*, 297 F.R.D. at 188–89. Additionally, the detainees can each be easily identified and located for joinder, as they are currently detained at BCHOC and have been detained at BCHOC at least since the class certification on April 8, 2020.[5] *See Andrews*, 780 F.2d at 132. Further, the

---

[5] One of the seventeen immigration detainees at BCHOC—Smith Augustin—was transferred into civil immigration detention at BCHOC on May 4, 2020, nearly one month after the Court's order certifying the class. (ECF No. 146). He is not a class member,

certified class is limited to those detainees who were detained at BCHOC at the time of certification. (ECF No. 64 at 25, 29). As such, the certified class is extremely unlikely to ever grow in size enough to again meet the numerosity requirement; instead, it will more likely only continue to shrink in size as detainees are transferred, released, or removed. Thus, the Court should decertify the certified class for lack of numerosity.

Moreover, even assuming, *arguendo*, that the class remains sufficiently numerous today—which, under the relevant case law, it quite clearly does not—there does not exist sufficient typicality or adequacy of representation. A class may proceed only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The First Circuit has enunciated two elements to the adequacy requirement: (1) "that the interests of the representative party will not conflict with the interests of any of the class members," and (2) "that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). Here, the first element is not met, because the two named class representatives left the class more than eight months ago. The Court ordered Julio Cesar Medeiros Neves released on bail on April 10, 2020, (ECF No. 76), and Maria Alejandra Celimen Savino was released on bond on or about May 19, 2020, *see* Exhibit A. As neither class representative is now a member

---

because he was transferred to BCHOC after the Court certified the class. (*See* ECF No. 64 at 25 ("The Court sees no need to include possible future detainees in this class."); *id.* at 29 (defining the class as all immigration detainees "now held" at BCHOC on April 8, 2020)). However, Respondent inadvertently included Augustin in the class in earlier pleadings. Excluding Augustin, the class consists of only sixteen members.

13

of the certified class, neither can satisfy the typicality or adequacy of representation requirements for class certification. *See, e.g.*, *Henderson v. Bank of N.Y. Mellon, N.A.*, 332 F. Supp. 3d 419, 427 (D. Mass 2018) ("Typicality requires that the class representative's 'injuries arise from the same events or course of conduct as do the injuries of the class,'"); *id.* at 430 (stating that adequacy requires "that the interests of the representative party will not conflict with the interests of any of the class members"). After both class representatives dropped out of the certified class, Petitioners never substituted a new class representative. Thus, the Court should decertify the certified class for lack of typicality and adequacy of representation.

## CONCLUSION

Petitioners can no longer satisfy Rule 23's numerosity requirement. Further, even if Petitioners could demonstrate sufficient numerosity, Petitioners can no longer satisfy Rule 23's typicality and adequacy of representation requirements. Therefore, the Court should decertify the certified class in this case.

DATE: January 22, 2021          Respectfully submitted,

WILLIAM C. PEACHEY
Director

CHRISTINA PARASCANDOLA
Senior Litigation Counsel

By: */s/ Michelle M. Ramus*
MICHELLE M. RAMUS
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation – DCS
P.O. Box 868, Ben Franklin Station

14

        Washington, D.C. 20044
        Tel:    (202) 598-3267
        Fax:   (202) 305-7000
        Email:  Michelle.M.Ramus@usdoj.gov

THOMAS E. KANWIT
MICHAEL FITZGERALD
Assistant United States Attorneys
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

*Counsel for Respondent*

## CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

DATE: January 22, 2021

*/s/ Michelle M. Ramus*
MICHELLE M. RAMUS