UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA ALEJANDRA CELIMEN SAVINO, JULIO CESAR MEDEIROS NEVES, and all those similarly situated,<br><br>        Petitioners-Plaintiffs,<br><br>        v.<br><br>STEVEN J. SOUZA,<br><br>        Respondent-Defendant. | Case No. 1:20-cv-10617 WGY |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO APPROVE FINAL SETTLEMENT**

Plaintiffs and Defendant, pursuant to Fed. R. Civ. P. 23(e), hereby respectfully request that the Court enter an order substantially in the form of the attached Proposed Order, granting Final Approval of the Settlement Agreement that has been filed in this matter. ECF No. 398. The Court preliminarily approved the Settlement Agreement on April 7, 2021 and set a Final Fairness Hearing for May 3, 2021. ECF No. 402.

As explained below, the Parties have complied with the Notice plan ordered by the Court. The settlement far exceeds the threshold for final approval of a class action. Accordingly, the parties respectfully request that this Court grant this motion for Final Approval.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed a Petition for Writ of Habeas Corpus and a Complaint for Declaratory and Injunctive Relief in this Action on March 27, 2020 ("Complaint"). ECF No. 1. The Complaint alleged that Plaintiffs were subject to imminent risk of contracting and suffering from COVID-19 as a result of their detention, in violation of their Fifth Amendment Right to Due Process and

Section 504 of the Rehabilitation Act.  On April 8, 2020, the Court granted Plaintiffs' Motion to Certify a Class.  ECF No. 64.  On May 7, 2020, and by written order on May 12, 2020, the Court granted Plaintiffs' Motion for a Preliminary Injunction.  ECF Nos. 168, 175.  The Preliminary Injunction ordered: (1) testing for all immigration detainees and for all BCHOC staff who come into contact with immigration detainees and (2) a bar on new admittees to BCHOC.  ECF No. 175 at 33-34; *see also* ECF No. 206 (modifying Preliminary Injunction to clarify BCHOC staff testing was voluntary); ECF No. 225 (denying reconsideration of Preliminary Injunction); ECF No. 244 (modifying Preliminary Injunction to allow transfer from BCHOC criminal wing to immigration wing upon court approval).

Throughout April and May 2020, the parties also engaged in a process through which the Court assessed each individual class member's application for bail.  This process led to the release of 43 individuals on bail.  ECF Nos. 44, 54, 55, 73, 76, 86, 90, 107, 135, 147.  These released individuals were subject to strict conditions of release including a 14-day quarantine, followed by house arrest, with discretion for ICE to use electronic monitoring.  *See* ECF Nos. 64 at 9 n.6, 73.  Over the last year, the Court has ordered modifications to these bail conditions on both an individual and group-wide basis.  *See* ECF Nos. 298, 302, 304, 317, 318, 354.

The conditions at BCHOC have changed since Plaintiffs brought their suit in March 2020.  Through the bail process described above and the Court's limitation on new admittees, together with releases, transfers, and removals executed by ICE in the ordinary course, the population of BCHOC has fallen from 148 at the outset of the litigation to 7 today.  BCHOC has also represented that it has offered the COVID-19 vaccine to all immigration detainees who remain detained.

In December 2020, the parties agreed to pause the litigation and enter mediation, and the case was referred to Chief Magistrate Judge Page Kelley on January 11, 2021. ECF No. 399-1 (Decl. of Mike Brown ¶ 2); ECF No. 356. Starting on January 22, 2021, the parties engaged in four formal mediation sessions with Magistrate Judge Kelley. ECF 399-1 (Decl. of Mike Brown ¶ 3). These sessions included Plaintiffs' counsel and counsel for BCHOC and ICE. (*Id.* ¶ 4). Plaintiffs, BCHOC, and ICE also communicated frequently outside of the formal mediation sessions to facilitate a resolution to the litigation. *Id.* ¶ 5.

The Settling Parties reached an agreement on the terms of a proposed settlement to resolve each of the claims alleged in the Complaint. ECF No. 398. The Court preliminarily approved the settlement on April 7, 2021 and set a Final Fairness Hearing for May 3, 2021. ECF No. 402. The Court also approved a Notice to be sent to all Class Members regarding the Settlement Agreement, the Final Fairness Hearing, and how to object to the settlement. ECF No. 404.

Pursuant to the agreement, the Notice approved by the Court has been provided to all class members. *See* ECF No. 405. As of the date of this filing, three objections to the settlement agreement have been received by counsel and others may be forthcoming. ECF Nos. 408, 409, 410.[1]

## II. THE PROPOSED SETTLEMENT[2]

---

[1] Multiple Class Members informed Plaintiffs' counsel by telephone on April 20 and 21, 2021 that they intend to file objections by the postmark deadline of April 21, 2021. As called for under the settlement, the parties will respond to objections within five (5) days of the allowed period for submitting objections. ECF No. 398-1, at 3.

[2] The description in this section, and other descriptions in this memorandum, are intended only as summaries of the Settlement Agreement provisions. The exact terms of the settlement are set forth in the Settlement Agreement itself; to the extent that there are any differences between the descriptions herein and the Settlement Agreement, the latter controls. All capitalized terms not defined herein shall have the meaning ascribed to them in the Settlement Agreement. Pursuant to Fed R. Civ. P. 23(e)(3), the Parties additionally state that there are no agreements made in connection with the proposed Settlement Agreement.

The Class Members, as that term is defined and used for the purposes of the Settlement Agreement, are specified in Section I (1) of the Settlement Agreement. The Settling Parties have agreed to the terms summarized herein and as detailed in the Settlement Agreement.

Class Members who are currently released on bail by order of this Court will remain released following Final Approval of the Settlement Agreement. Pursuant to the Settlement Agreement, the parties also jointly moved, concurrently with the filing of the Settlement Agreement, for the modification of the release conditions of the thirty-two (32) individuals currently on bail. ECF No. 400. The Court granted that motion on April 7, 2021. ECF No. 401. That modification includes the removal of any curfew or home confinement restrictions, inclusive of the restrictions imposed by the Court's December 22, 2020 Order. *See* ECF No. 354 (modifying release conditions to permit individuals to leave their homes during a prescribed time window each day for delineated purposes). In addition, the modification includes the removal of electronic monitoring for these Class Members.

Six (6) Class Members who were until recently held at BCHOC have been released pursuant to this Settlement Agreement. On March 25, 2021, Defendant released these individuals from detention, in anticipation of the Agreement being filed. Continued release of these individuals is conditioned on the Court granting Final Approval. Those individuals are, and will be, subject to the same conditions as those individuals currently on bail by order of this Court, with the modifications described above, with the exception that ICE, in its discretion, will be able to apply electronic monitoring to these individuals.

Seven (7) Class Members who are currently held at BCHOC, and who will not be released, have been provided other relief in the form of a transfer option. Defendant provided Plaintiffs' counsel with a list of alternative detention locations within fourteen (14) days of

execution of the Agreement and provided counsel with phone access to these Class Members. Class Members had five (5) days from the date of that phone access to exercise their right to transfer from BCHOC to another facility within the Boston Area of Responsibility. Each of the seven Class Members opted not to transfer.

Two (2) Class Members who received the transfer option described above additionally received individualized relief. First, ICE joined a motion by Joao Fernandes to reopen before the Board of Immigration Appeals. In return, Mr. Fernandes dismissed his currently pending petition for review in the First Circuit and agreed not to file any habeas petition alleging unlawful prolonged detention unless his reopened removal proceedings before the Board of Immigration Appeals extends beyond one year. Second, Defendant or ICE will send a letter to the Salem Probate Court regarding Janito De Carvalho's motion to reopen his case in that court, which was closed due to his failure to appear while detained at BCHOC. Defendant and ICE further agree to make Mr. De Carvalho available for hearings in that matter if it is reopened and Defendant and ICE are provided notice thereof.

Under the terms of the Settlement Agreement, ICE will not arrest or re-detain any released Class Member but for Good Cause, which is defined in the Settlement Agreement as a material violation of the terms and conditions of a Class Member's order of recognizance or supervision. Further, except as expressly delineated in the Settlement Agreement, re-arrest or detention will be subject to Field Office Director or Special Agent in Charge advance approval. The Settlement Agreement provides for limited exceptions to the above re-arrest conditions to effectuate a final order of removal.

Plaintiffs agreed, through the Settlement Agreement, to dismiss without prejudice one appellate proceeding, Case No. 20-1626. That dismissal occurred on April 12, 2021.

The Court's Preliminary Injunction, which *inter alia* limits new admissions to BCHOC, currently remains in place. Pursuant to the Settlement Agreement, that injunction shall dissolve upon Final Approval of the settlement.

Plaintiffs will release and forever discharge Defendant and ICE from the habeas and Rehabilitation Act claims expressly alleged in the Complaint. Class Members will retain their right to file individual habeas claims seeking release from detention on any grounds that were not expressly raised in the Complaint, except as set forth specifically in the Settlement Agreement for Class Member Joao Fernandes.[3]

In addition to the above, Plaintiffs and Plaintiffs' counsel have agreed to waive any and all claims to the recovery of attorneys' fees and costs in connection with this Action if Final Approval is ordered by this Court and the relief contemplated by the Settlement Agreement is effectuated.

## III.  THE COURT SHOULD GRANT FINAL APPROVAL

Final approval of a class action settlement is appropriate under Rule 23 of the Federal Rules of Civil Procedure. Rule 23 authorizes final approval of a settlement upon a finding that the settlement is "fair, reasonable, and adequate" after considering specified procedural and substantive factors, including whether (A) "the class representatives and class counsel have adequately represented the class"; (B) "the proposal was negotiated at arm's length"; (C) the relief is adequate; and (D) "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(A)-(D).

---

[3] Aside from the habeas and Rehabilitation Act claims expressly alleged in the Complaint, no Class Member will waive, dismiss, or release any claim arising out of their detention, including without limitation claims under the Massachusetts Tort Claims Act, the Federal Tort Claims Act, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983.

6

This Settlement Agreement satisfies these factors. *First*, the class in this case is adequately represented by an experienced team of attorneys and law student interns from Lawyers for Civil Rights, Wilmer Cutler Pickering Hale and Dorr LLP, and the Worker and Immigrant Rights Advocacy Clinic at Yale Law School.[4] Fed. R. Civ. P. 23(e)(2)(A). The Court recognized class counsel as adequate in certifying the class and finding that Plaintiffs met the standards of Rule 23. ECF No. 64 at 25. Class counsel have zealously represented the interests of the class, including securing a preliminary injunction for the class; filing numerous motions and bail applications for both the immigration detainees who remained detained and those who were released; and conducting written and oral discovery on Defendant's policies and practices relating to the COVID-19 pandemic to prepare for trial and advocate for those still detained during the course of the lawsuit. As a result, counsel had an "adequate information base" in negotiating the Settlement Agreement. Fed. R. Civ. P. 23(e)(2) advisory committee note.

*Second*, the Settlement Agreement is the product of serious, informed, arm's length negotiations. Fed. R. Civ. P. 23(e)(2)(B). The Settling Parties have reached agreement after almost a year of litigation and after counsel participated in four formal mediation sessions with Magistrate Judge Kelley. The Settling Parties also engaged in extensive back-and-forth negotiations about the specific provisions included in the Settlement Agreement, both over videoconference and email. All Settling Parties are represented by experienced counsel and have been adequately represented throughout the litigation and the settlement negotiations.

*Third*, the relief is adequate. Fed. R. Civ. P. 23(e)(2)(C). Each Class Member is afforded relief through the Settlement Agreement that addresses the claims in the Complaint, whether through release, through an option to transfer to another facility, or through the opportunity to

---

[4] Members of the class were also represented by the Harvard Immigration and Refugee Clinical Program in their related Appellate Proceedings.

remain on bail with relaxed bail conditions. The Settlement Agreement guarantees this relief while removing the risk inherent in going to trial. It also guarantees relief at a date certain—something of vital importance given the ongoing risk and changing nature of the coronavirus pandemic and measures to combat it. In exchange, Class Members are settling only the claims raised in the Complaint. The relief contemplated by the Settlement Agreement is meaningful, has the support of all Settling Parties, and should be endorsed by this Court.

*Fourth,* the Settlement Agreement does not have any obvious deficiencies and does not improperly grant preferential treatment to segments of the class. Fed. R. Civ. P. 23(e)(2)(D). While each Class Member is not afforded identical relief under the Settlement Agreement, any difference is based on objective differences in Class Members' individual circumstances and on different outcomes of the individualized review conducted of each individual Class Member's eligibility for the different forms of relief, and not because the process was applied more equitably to some as opposed to others. Each Class Member is being provided meaningful relief that addresses the claims in the Complaint. The forms of relief were duly considered for each Class Member, and no member was given preferential treatment. This objective approach supports the adequacy of the settlement. *See Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 75 (D. Mass. 1999) ("The Court . . . finds that any differences in the nature and value of the benefits received by Class members reflect the Settlement's fairness insofar as they are rationally based on objective differences in the positions of Class members. . . .").

The Settlement Agreement provided for a notice plan that was reasonably calculated to reach absent Class Members, advise them of the terms of the proposed settlement, and provide the opportunity to present any objections. Fed. R. Civ. P. 23(e)(1)(B). Although individual notice of a proposed class settlement is not required for classes certified under Rule 23(b)(2), the

8

Settling Parties believed that individual notice to each Class Member was appropriate in this case and asked the Court to order such Notice, which it did. The Notice accurately portrayed the Settlement Agreement, explained to Class Members how to object and the deadline for doing so, and informed them of how they could obtain more information about the Settlement Agreement. Notice was provided to Class Members as contemplated under the Settlement Agreement. *See* ECF No. 405. To date, three objections to the Settlement Agreement have been received by counsel. ECF Nos. 408, 409, 410. The undersigned will respond to timely filed objections upon receipt thereof.

## IV.   CONCLUSION

WHEREFORE, Plaintiffs and Defendant respectfully request that the Court finally approve the Settlement Agreement by entering an order substantially in the form of the Proposed Order submitted herewith.

April 21, 2021

Respectfully submitted,

MARIA ALEJANDRA CELIMEN SAVINO,
JULIO CESAR MEDEIROS NEVES

By their attorneys:

*/s/ Oren Sellstrom*
Oren Sellstrom (BBO #569045)
Lauren Sampson (BBO #704319)
Ivan Espinoza-Madrigal†
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 988-0606
osellstrom@lawyersforcivilrights.org

Emily Jo Coady, Law Student Intern✦
Grace Choi, Law Student Intern
Kayla Crowell, Law Student Intern
Juan Fernando Luna Léon, Law Student Intern✦
Siyuan Sonia Qin, Law Student Intern✦
Fernando Quiroz, Law Student Intern✦
Isir Said, Law Student Intern✦
Michael Wishnie (BBO# 568654)

9

Sara Zampierin†
Jerome N. Frank Legal Svcs. Org.
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
michael.wishnie@ylsclinics.org

Lisa Pirozzolo (BBO #561922)
John Butts (BBO #643201)
Felicia Ellsworth (BBO #665232)
Nicole M.F. Dooley (BBO #690539)
Annaleigh Curtis (BBO #696165)
Michael Brown (BBO #695276)
Andy O'Laughlin (BBO #691836)
Rama Attreya (BBO #699395)
Gary Howell-Walton (BBO #705470)
Mikayla C. Foster (BBO #705360)
Elizabeth E. Driscoll (BBO #705302)
Asma Jaber (BBO #707322) **
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street, Boston, MA 02109
Mike.Brown@wilmerhale.com

---

† Admitted *pro hac vice*

✦ Motion for law student appearance forthcoming

** *Pro hac vice* forthcoming

STEVEN SOUZA

By his attorney,

NATHANIEL B. MENDELL
Acting United States Attorney
District of Massachusetts

*/s/ Thomas E. Kanwit*
THOMAS E. KANWIT
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
Thomas.kanwit@usdoj.gov
(617) 748-3100

## CERTIFICATE OF SERVICE

I hereby certify that, on April 21, 2021 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of this court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Date: April 21, 2021

/s/ *Mike Brown*