**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MARIA ALEJANDRA CELIMEN SAVINO, JULIO CESAR MEDEIROS NEVES, and all those similarly situated,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>STEVEN J. SOUZA,<br><br>Respondent-Defendant. | Case No. 1:20-cv-10617 WGY |

**PLAINTIFFS' RESPONSE TO OBJECTIONS TO SETTLEMENT AGREEMENT**

Plaintiffs, pursuant to this Court's order preliminarily approving the proposed Settlement Agreement, ECF No. 402, hereby respond to objections to the Settlement Agreement filed by Class Members Liban Ali, Aires Da Graca, and Janito DeCarvalho (the "Objectors").[1]  *See* ECF Nos. 408, 409, 410.  As explained below, the Court should overrule the filed objections because the settlement is fair and in the best interests of the Class.  Although the Objectors wish that the Settlement Agreement provided them individually with additional relief, they raise no objection to the overall fairness or reasonableness of the settlement.  Accordingly, Plaintiffs respectfully request that the Court enter final approval as requested in the Joint Motion to Approve Final Settlement.  *See* ECF Nos. 411, 412.

---

[1]     All capitalized terms not defined herein shall have the meaning ascribed to them in the Settlement Agreement, ECF No. 398.

1

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      The Litigation

Plaintiffs filed a Petition for Writ of Habeas Corpus and a Complaint for Declaratory and Injunctive Relief in this Action on March 27, 2020 ("Complaint").  ECF No. 1.  The Complaint alleged that Plaintiffs were subject to imminent risk of contracting and suffering from COVID-19 as a result of their detention at Bristol County House of Correction ("BCHOC"), in violation of their Fifth Amendment Right to Due Process and § 504 of the Rehabilitation Act.  *Id*.  On April 8, 2020, the Court granted Plaintiffs' Motion to Certify a Class.  ECF No. 64.  On May 7, 2020, and by written order on May 12, 2020, the Court granted Plaintiffs' Motion for a Preliminary Injunction.  ECF Nos. 168, 175.  The Preliminary Injunction ordered: (1) testing for all immigration detainees and for all BCHOC staff who come into contact with immigration detainees and (2) a bar on admissions to the civil immigration detention facilities at BCHOC.  ECF No. 175 at 33-34; *see also* ECF No. 206 (modifying Preliminary Injunction to clarify BCHOC staff testing was voluntary); ECF No. 225 (denying reconsideration of Preliminary Injunction); ECF No. 244 (modifying Preliminary Injunction to allow transfer from BCHOC criminal wing to immigration wing upon court approval).

Throughout April and May 2020, the Court assessed individual Class Members' applications for bail.  This process led to the release of 43 individuals on bail.  ECF Nos. 44, 54, 55, 73, 76, 86, 90, 107, 135, 147.  Plaintiffs' counsel submitted bail applications for all three Objectors.  ECF Nos. 81-6, 89-6, 100-4.  This Court denied the bail applications of Aires Da Graca and Liban Ali.  *See* ECF Nos. 96, 107.  Janito DeCarvalho's bail application remains pending.  Aires Da Graca also appealed his bail denial to the First Circuit, *see Savino v. Souza*, Case No. 20-1626 (1st Cir. 2020), and filed a petition for mandamus before the First Circuit seeking his release,

*see In re Aires Da Graca, et al.*, Case No. 20-2117 (1st Cir. 2020).[2]  Further, in November 2020, Plaintiffs' counsel renewed their request for this Court to grant Janito DeCarvalho's bail application and to reconsider the denial of bail for Liban Ali and Aires Da Graca.  ECF No. 330. This Court denied Plaintiffs' motion.  ECF No. 352.

Through the above bail process and the Court's limitation on new admittees, together with releases, transfers, and removals executed by ICE in the ordinary course, the population of immigration detainees at BCHOC has fallen from 148 at the outset of the litigation to 7 today. Defendant has also represented that it has offered the COVID-19 vaccine to all immigration detainees who remain detained.

B.      Settlement Negotiations

In December 2020, the parties agreed to pause the litigation and enter mediation.  On January 11, 2021, the case was referred to Chief Magistrate Judge Page Kelley.  ECF No. 399-1 (Decl. of Mike Brown ¶ 2); ECF No. 356.  Starting on January 22, 2021, the parties engaged in four formal mediation sessions with Magistrate Judge Kelley.  ECF No. 399-1 (Decl. of Mike Brown ¶ 3).  These sessions included Plaintiffs' counsel and counsel for BCHOC and ICE (the "Settling Parties").  *Id*. ¶ 4.  In addition to the formal mediation sessions, the Settling Parties also communicated frequently outside of those sessions in an effort to resolve the litigation.  *Id*. ¶ 5. Throughout these efforts, Plaintiffs' counsel maintained close communications with Class Members to solicit input on their preferences and goals in resolving this suit.

---

[2]      The petition for mandamus was denied by the First Circuit on March 17, 2021.  Case No. 20-2117, Document No. 00117718863.  A petition for rehearing and rehearing en banc in that appeal is being held in abeyance.  *Id*., Document No. 00117730354.  The direct appeal of the bail denial has been dismissed without prejudice as a result of the proposed settlement in this case. Case No. 20-1626, Document No. 00117730195.

Following these extensive negotiations, the Settling Parties reached an agreement on the

terms of a proposed settlement (the "Settlement Agreement" or "Agreement").  ECF No. 398.  The

Court preliminarily approved the settlement on April 7, 2021 and set a Final Fairness Hearing for

May 3, 2021.  ECF No. 402.  The Court also approved a Notice to be sent to all Class Members

regarding the Settlement Agreement, the Final Fairness Hearing, and how to object to the

settlement.  ECF No. 404.  The Final Fairness Hearing was subsequently postponed to May 13,

2021.  ECF No. 413.

C.      Settlement Agreement Terms[3]

The Agreement obtains three forms of relief on behalf of Class Members: (1) loosened

conditions of release for Class Members previously released on bail; (2) release of Class

Members from BCHOC; and (3) the option to transfer out of BCHOC to another ICE facility.

*See* ECF No. 398 § IV.  The Settlement Agreement also provides individualized relief for two

Class Members and puts forth procedural protections against re-arrest of released Class

Members.  *Id*. §§ IV, V.  Class Members' ability to bring independent individual claims not

expressly contained in the Complaint, including tort and habeas claims, are fully preserved in the

Agreement.  *Id.* § VIII.  Further, the Settlement Agreement does not prejudice any Class

Members' existing immigration or criminal proceedings.  *Id*.

D.      Class Member Objections

Pursuant to the Settlement Agreement, the Notice approved by the Court has been provided

to all Class Members.  *See* ECF No. 405.  In addition to providing Class Members with the formal

---

[3]      The description in this section, and other descriptions in this memorandum, are intended
only as summaries of the Settlement Agreement provisions.  The exact terms of the settlement
are set forth in the Settlement Agreement itself; to the extent that there are any differences
between the descriptions herein and the Settlement Agreement, the latter controls.

Notice, Plaintiffs' counsel responded to Class Member inquiries regarding the terms of the Settlement Agreement.  The Notice set forth the procedures and deadline for filing objections to the proposed settlement and required all objections to be sent to the Clerk of the United States District Court for the District of Massachusetts and counsel for the parties no later than April 21, 2021.  *Id*.  As of the date of this filing, counsel has received three objections to the Settlement Agreement.  *See* ECF Nos. 408, 409, 410.  All three Objectors are from the group of seven Class Members who remain detained at BCHOC.

Class Member Liban Ali filed an objection to the Settlement Agreement on April 18, 2021. ECF No. 408.  Pursuant to the Settlement Agreement, Mr. Ali was given the option to transfer out of BCHOC to another ICE facility in Plymouth County, Massachusetts or Strafford County, New Hampshire.  *See* ECF No. 398 § IV.C.  Mr. Ali elected not to transfer.  *See* ECF No. 412.  Mr. Ali objects to the Agreement on the grounds that BCHOC has continually failed to protect detainees from the risk of COVID-19.  ECF No. 408.  In February 2021, Mr. Ali tested positive for COVID-19 while detained at BCHOC.  *Id.*  Through his objection, Mr. Ali states BCHOC's response to positive COVID-19 cases resulted in further spread of the virus.  *Id*.  He proposes that he be released to home confinement.  *Id*.

Class Member Janito DeCarvalho filed an objection to the Settlement Agreement on April 17, 2021.  ECF No. 409.  Pursuant to the Agreement, Mr. DeCarvalho was given the option to transfer out of BCHOC to another ICE facility in Plymouth County, Massachusetts or Strafford County, New Hampshire.[4]  *See* ECF No. 398 § IV.C.  Mr. DeCarvalho elected not to transfer.  *See* ECF No. 412.   Mr. DeCarvalho's objection states he has suffered significant physical and

---

[4]      The Settlement Agreement also provides individualized relief to Mr. DeCarvalho.  ICE has agreed to send a letter in connection with Mr. DeCarvalho's motion to reopen his family law matter in Salem Probate Court and upon reopening of this matter, ICE has agreed to make Mr. DeCarvalho available for those proceedings.  ECF No. 398 § IV.D.

emotional distress at BCHOC and contracted COVID-19 during his detention.  ECF No. 409.  He objects to the Settlement Agreement on the grounds that it is unfavorable and unfair to him for a number of reasons, including because ICE already has an obligation to bring him to his family law hearings.  ECF No. 409.  Mr. DeCarvalho requests that the Court issue an order adopting his proposed alternative relief, consisting of immigration relief and monetary compensation.  *Id*.

Class Member Aires Da Graca filed an objection to the Settlement Agreement on April 19, 2021.  ECF No. 410.  Pursuant to the Agreement, Mr. Da Graca was given the option to transfer out of BCHOC to another ICE facility in Plymouth County, Massachusetts or Strafford County, New Hampshire.  *See* ECF No. 398 § IV.C.  Mr. Da Graca elected not to transfer.  *See* ECF No. 412.  Mr. Da Graca objects to the Settlement Agreement on the grounds that he should be released from ICE custody.  ECF No. 410.  Mr. Da Graca states that he has been diagnosed with various medical conditions and believes he has contracted COVID-19 while detained at BCHOC.  *Id*.  Mr. Da Graca requests that the Court release him in order to allow him to address his medical conditions and be with his family.  *Id*.

## II.     ARGUMENT

The Settlement Agreement should be approved because it meets the requirements of Federal Rule of Civil Procedure 23.  Rule 23 authorizes final approval of a settlement upon a finding that the settlement is "fair, reasonable, and adequate" after considering specified procedural and substantive factors, including whether (A) "the class representatives and class counsel have adequately represented the class"; (B) "the proposal was negotiated at arm's length"; (C) the relief is adequate; and (D) "the proposal treats class members equitably relative to each other."  Fed. R. Civ. P. 23(e)(2)(A)-(D).  As explained in further detail in Plaintiffs' and Defendant's Joint Motion to Approve Final Settlement, ECF Nos. 411, 412, the Settlement Agreement satisfies each of the Rule 23 factors.  Experienced counsel zealously advocated on

6

behalf of Class Members; the Agreement was reached through intense negotiations, inclusive of four mediation sessions before Magistrate Judge Kelley; each Class Member is afforded relief addressing the claims in the Complaint; and the Agreement does not improperly give preferential treatment.

The Objectors do not present facts or arguments that undermine the Settlement Agreement's compliance with Rule 23.   While they wish that the Settlement Agreement afforded them greater individual relief, they do not raise any concerns that would merit disapproval of the Settlement Agreement as a whole.   The Objectors raise three categories of concerns.

*First*, the Objectors raise their existing tort claims as a basis for objecting to the Settlement Agreement.   *See, e.g.*, DeCarvalho Objection, ECF No. 409 (objecting on the basis of physical injury and emotional distress experienced throughout detention, a claim of false imprisonment, and a claim of assault and battery).   Those individualized tort claims were not included in the Complaint and are not at issue in this Action.   Accordingly, the Settlement Agreement expressly preserves them.   Specifically, § VIII of the Agreement provides:

> Aside from the habeas and Rehabilitation Act claims expressly alleged in the Complaint, no Class Member waives, dismisses, or releases any claim arising out of their detention, including without limitation claims under the Massachusetts Tort Claims Act, the Federal Tort Claims Act, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983.

ECF No. 398.   Plaintiffs' counsel are aware that many Class Members have individualized tort claims arising from the circumstances of their detention.   Those claims are separate from and unaffected by the Settlement Agreement.   Their existence is not a basis for denying final approval.

*Second*, the Objectors raise claims related to their immigration proceedings.   *See, e.g.*, Ali Objection, ECF No. 408 (requesting ICE to join in a motion to terminate immigration proceedings and provide a path to citizenship).   Like the tort claims addressed above, those immigration claims

are also highly individualized and are separate from the claims in this Action.  As is explicitly

provided in § VIII of the Agreement:

> Except as expressly stated herein, this Agreement shall not constitute an admission
> by ICE, Defendant, or any Class Member for the purpose of asserting any claim or
> defense in any other proceeding, including but not limited to Class Members'
> immigration or criminal proceedings.  All claims and defenses in proceedings other
> than this Action and in the Appellate Proceedings are expressly preserved by all
> Parties to this Agreement.

ECF No. 398.  Individualized immigration claims are not at issue in this Action.  The express terms

of the Settlement Agreement thus preserve every Class Member's ability to fight their immigration

case to the fullest extent permissible by law.  Accordingly, objections to the Agreement on the

grounds that it fails to provide certain individualized immigration-based relief are not a basis for

denying final approval.

*Third,* the Objectors argue that they should be released from custody.  Plaintiffs' counsel

are sympathetic to the concerns that the Objectors raise – and indeed have zealously pursued

release for Objectors (and all other Class Members) throughout this litigation.  Plaintiffs' counsel

specifically requested this relief for all three Objectors twice, and this Court denied such requests.

*See* ECF Nos. 81-6, 89-6, 96, 100-4, 107, 352.  However, Plaintiffs' counsel's obligation is to the

class as a whole, and overall the Settlement Agreement is fair, reasonable, and adequate.  While

each Class Member is not afforded identical relief under the Settlement Agreement, any difference

is based on objective differences in Class Members' individual circumstances and on different

outcomes of the individualized review conducted of each individual Class Member's eligibility for

the different forms of relief, and not because the process was applied more equitably to some as

opposed to others.  The forms of relief were duly considered for each Class Member, and no

member was given preferential treatment.  This objective approach supports the adequacy of the

settlement.  *See Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 75 (D. Mass. 1999) ("The Court

. . . finds that any differences in the nature and value of the benefits received by Class members reflect the Settlement's fairness insofar as they are rationally based on objective differences in the positions of Class members. . . .").

To the extent the Objectors object to the specific conditions currently in place at BCHOC, the Settlement Agreement provided each of them with the option to transfer to either the Strafford or Plymouth County facilities.  *See* ECF No. 398 § IV.C.  Moreover, the Settlement Agreement specifically preserves Objectors' ability to continue to advocate for their release by bringing habeas and other individual actions unrelated to the specific claims alleged in the Complaint.  ECF No. 398 § VIII.  Accordingly, objections to the Agreement on the grounds that it does not mandate release for Objectors or address the specific conditions at the BCHOC facility are not a basis for denying final approval.

## III.   CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request the Court grant final approval as requested by the Joint Motion to Approve Final Settlement.  *See* ECF Nos. 411, 412.

April 26, 2021

Respectfully submitted,

MARIA ALEJANDRA CELIMEN SAVINO,
JULIO CESAR MEDEIROS NEVES

By their attorneys:

/s/ Oren Sellstrom
Oren Sellstrom (BBO #569045)
Lauren Sampson (BBO #704319)
Ivan Espinoza-Madrigal†
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 988-0606
osellstrom@lawyersforcivilrights.org

Emily Jo Coady, Law Student Intern✦
Grace Choi, Law Student Intern
Kayla Crowell, Law Student Intern
Juan Fernando Luna León, Law Student Intern✦
Siyuan Sonia Qin, Law Student Intern✦
Fernando Quiroz, Law Student Intern✦
Isir Said, Law Student Intern✦

Michael Wishnie (BBO# 568654)
Sara Zampierin[†]
Jerome N. Frank Legal Svcs. Org.
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
michael.wishnie@ylsclinics.org

Lisa Pirozzolo (BBO #561922)
John Butts (BBO #643201)
Felicia Ellsworth (BBO #665232)
Nicole M.F. Dooley (BBO #690539)
Annaleigh Curtis (BBO #696165)
Michael Brown (BBO #695276)
Andy O'Laughlin (BBO #691836)
Rama Attreya (BBO #699395)
Gary Howell-Walton (BBO #705470)
Mikayla C. Foster (BBO #705360)
Elizabeth E. Driscoll (BBO #705302)
Asma Jaber (BBO #707322) **
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street, Boston, MA 02109
Mike.Brown@wilmerhale.com

---

† Admitted *pro hac vice*

✦ Motion for law student appearance forthcoming

** *Pro hac vice* forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 26, 2021 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of this court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

A copy of the foregoing document was also served by mail to Liban Ali, Aires Da Graca, and Janito DeCarvalho at the following address:

Bristol County House of Correction
400 Faunce Corner Road
North Dartmouth, MA 02747

Date: April 26, 2021                                          /s/ *Mike Brown*